Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

      Of Attorneys for Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | MOTION FOR AN ORDER AUTHORIZING |
| | ) | PAYMENT OR HONORING OF PREPETITION |
| | ) | OBLIGATIONS TO TICKET HOLDERS, TRAVEL |
| | ) | AGENTS AND INTERLINE SALES PARTNERS |
| Debtor-in-Possession. | ) | AND OBLIGATIONS FOR BANK CHARGES |

The Debtor-in-Possession, SeaPort Airlines, Inc. ("Debtor"), requests entry of an

order (i) authorizing the Debtor to pay or honor, in its discretion, in the ordinary course of its

business: (a) the Ticketholder Claims, (b) the Travel Agent Claims, (c) the Interline Sales

Claims and (d) the Bank Claims; (ii) authorizing ACS and SIS to continue to process

Ticketholder Claims, Travel Agent Claims and Interline Sales Claims in the normal course

and in accordance with its normal procedures. In support of this Motion Debtor represents

and states:

      1.      On February 5, 2016 (the "Petition Date"), the Debtor commenced a

reorganization case by the filing of a voluntary petition under Chapter 11 of the United

States Bankruptcy Code (the "Code").

      2.      Pursuant to Sections 1107 and 1108 of the Code, the Debtor is continuing in

Page 1 of 11 - MOTION FOR AN ORDER AUTHORIZING PAYMENT OR HONORING OF PREPETITION
OBLIGATIONS TO TICKET HOLDERS, TRAVEL AGENTS AND OTHER ESSENTIAL
SUPPLIERS AND OBLIGATIONS FOR BANK CHARGES
                    VANDEN BOS & CHAPMAN, LLP
                    Attorneys at Law
          319 SW Washington Street, Suite 520
       Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11   Doc 6   Filed 02/05/16

possession of its property and is operating and managing Debtor's business as a debtor-in-possession.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the standing order of reference of the District Court.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4.      Debtor seeks (i) authority to pay or honor, in its discretion, in the ordinary course of its business: (a) the Ticketholder Claims, (b) the Travel Agent Claims, (c) the Interline Sales Claims, and (d) the Bank Claims; and (ii) authority for ACS and SIS to continue to process Ticketholder Claims, Travel Agent Claims and Interline Sales Claims in the normal course and in accordance with its normal procedures.

5.      Pursuant to Code Sections 507(a)(7), and 105, and the judicially recognized "necessity of payment doctrine," Debtor requests authority to pay or honor prepetition obligations to ticketholders, travel agents and its Interline Sales Partners, up to the estimated amounts outlined in this Motion.

## BACKGROUND

6.      Debtor is an Alaska corporation with its principal place of operations in Portland, Oregon that operates a scheduled airline in the United States out of its principal hubs at the Portland International Airport ("PDX") and Memphis International Airport ("MEM").  A regional airline focused on connecting rural communities to the national transportation network, Debtor operates a fleet of five (5) leased aircraft on routes with destinations in El Dorado, Harrison and Hot Springs, Arkansas; Houston, Texas; Memphis, Tennessee; and Pendleton and Portland, Oregon.

7.      Due to a change in federal regulations on pilot qualifications, small airlines

Page 2 of 11 -   MOTION FOR AN ORDER  AUTHORIZING PAYMENT OR HONORING OF PREPETITION
OBLIGATIONS  TO TICKET HOLDERS, TRAVEL AGENTS AND OTHER ESSENTIAL
SUPPLIERS  AND OBLIGATIONS FOR BANK CHARGES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 6    Filed 02/05/16

like Debtor have experienced an extreme attrition in available pilots.  As such, Debtor has

had to implement a new recruitment and retention plan for its pilots.

8.      However, the pilot shortage problem was far greater than Debtor could

reasonably accommodate and as a result, Debtor had to cancel service to many areas for

its survival.  Within the last thirty days, Debtor has had to cease flights to Sacramento,

Visalia, Burbank, San Diego and Imperial, California, as well as North Bend, Oregon

(effective March 20, 2016); Salina and Great Bend, Kansas; Kansas City, Missouri; and

San Felipe, Baja California in Mexico.

9.      As a result of the foregoing events, Debtor has seen a drastic reduction in its

revenues and is unable to meet its current liquidity needs.  In order to implement its

planned reorganization, Debtor requires stability with its current revenue streams and

payment systems.  For that reason Debtor seeks approval of this Motion.

## RELIEF REQUESTED

### Ticketholder Claims

10.      With respect to its ticketholders, Debtor seeks the authority to honor tickets

which were purchased prepetition but have not yet been used, by providing the agreed

upon air transportation.  Customer confidence and goodwill will be severely harmed if

Debtor is prevented from honoring prepetition tickets.  Similarly, it is important that Debtor

be able to honor any and all prepetition transportation orders, electronic miscellaneous

documents, vouchers, and other similar authorizations for travel and other services.

Additionally, Debtor's honoring of prepetition tickets will be of significant benefit to Debtor's

creditors, as Debtor typically receives no revenue from tickets purchased by credit card

until the flights for which the tickets were purchased are flown due to holdbacks by credit

card processing companies.  Debtor's typical time from booking to departure is less than

Page 3 of 11 -   MOTION FOR AN ORDER  AUTHORIZING PAYMENT OR HONORING OF PREPETITION
OBLIGATIONS  TO TICKET HOLDERS, TRAVEL AGENTS AND OTHER ESSENTIAL
SUPPLIERS  AND OBLIGATIONS FOR BANK CHARGES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 6    Filed 02/05/16

30 days, so honoring the prepetition tickeholders will involve performance and the receipt of tickets in short order.

11.     In addition to the foregoing obligations, Debtor also needs to be able to issue refunds for tickets purchased prior to the commencement of these bankruptcy cases for flights which were canceled prepetition.  To remain competitive with other carriers and to retain the  goodwill and confidence of its customers, it is extremely important that Debtor continue to issue refunds with respect to those tickets purchased for cancelled flights.  In particular, the cancelled service referenced in paragraph 8 above, resulted in refund obligations that are still being processed.  Debtor estimates less than $56,000.00 in refunds to be paid on account of the cancelled routes.  Moreover, all of the ticket refunds requested may be accorded priority under Section 507(a)(7) of the Code.

12.     If Debtor's tickeholders are not allowed to obtain refunds upon request, the confidence and goodwill of Debtor will be irreparably harmed.  In 2015, approximately nine percent (9%) of Debtor's revenue from tickets was refunded to customers, which was higher than the historical average due to the earlier mentioned route cancellations.

13.     In order to maintain its competitive position and effectively reorganize, Debtor also needs to be able to make payments on or provide travel credits to passengers and cargo shippers that suffered losses because of any prepetition service deficiency (e.g., lost or damaged luggage or other property).  The aggregate amount of such prepetition claims is expected to be in the aggregate less than $10,000.  Yet, it is just this kind of service which must be continued postpetition for Debtor to maintain its customer confidence and goodwill.

14.     The prepetition obligations discussed above in the foregoing paragraphs 10 - 13 are collectively hereinafter referred to as the "Tickeholder Claims."  Debtor estimates

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

that the total value of Ticketholder Claims that will become due and, if the Court grants the relief requested herein, be honored over the thirty (30) days commencing on the Petition Date will not exceed the sum of $200,000.00 and over the course of this proceeding will not exceed in the aggregate the sum of $225,000.00, the vast majority of which will satisfied by performance of the agreed air transportation. As mentioned, honoring the Ticketholder Claims will result in payment of cash to Debtor from its credit card processing companies.

### Travel Agent Claims

15.     The continued support of travel agents (including online travel agents, i.e., Orbitz, Travelocity, Expedia, etc.) is essential to Debtor's successful reorganization. Debtor utilizes several forms of arrangement in its travel agency network. Specifically, Debtor engages travel agents through Global Distributions Systems ("GDS").

16.     In the typical Debtor travel agency arrangement and under GDS, Debtor's tickets are sold through a travel agent, who deducts a standard commission. The balance is remitted to Debtor through Airline Reporting Corporation ("ARC"), a clearinghouse. Debtor is a member of ARC, through which all standard commission transactions are processed. The fee for ARC is currently $5,500.00 per month. The service provided by ARC is crucial to Debtor's travel agency network. As such, it is imperative that Debtor be granted the authority to pay prepetition commissions and the associated fees for ARC in the ordinary course of its business.

17.     Travel agencies often possess claims against airlines for reimbursement for refunds made to various customers. Each clearinghouse system not only remits monies owing to Debtor for each travel agency but also offsets against this amount or pays the commission and/or refund claims of each travel agency owed by Debtor. Upon information

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

and belief, ARC does not implement such setoff procedures in the case of a carrier in bankruptcy. Instead, it may suspend the setoffs of prepetition travel agencies refund claims that have not been processed by the filing date.

18.    Debtor requests that the Court modify the stay pursuant to Section 362(a) of the Bankruptcy Code to the extent necessary to permit ARC to follow its normal setoff procedures. Historically, refunds processed through ARC constitute less than one-tenth of one percent (0.10%) of total ticket sales.

19.    By permitting setoffs, substantial additional travel agency remittances will be generated for Debtor because, in the absence of such setoffs, travel agents may attempt to exercise "self help" and not refund the full amount of the receipts for post-petition sales. Even those travel agents who are not owed any refunds from Debtor as of the Petition Date may  not remit the full amount of their receipts from post-petition sales.

20.    Because the travel agents generate an important component of Debtor's revenue, it is imperative that Debtor obtain Court approval for the payment of all commissions earned prepetition. Future revenue of Debtor would be dramatically affected if its travel agents are not paid their earned prepetition commissions, since they would, in the absence of payment, be likely not to write Debtor's tickets. The future revenues generated by the travel agents are an essential element of Debtor's reorganization efforts. Accordingly, Debtor respectfully requests that the Court grant it the authority to pay all prepetition commissions to travel agents in the ordinary course of its business.

21.    The prepetition claims owed by Debtor to the travel agents as described in the foregoing paragraphs 15 - 20 are collectively hereinafter referred to as "Travel Agent Claims." Debtor estimates that the total value of Travel Agent Claims that will become due and, if the Court grants the relief requested herein, be honored over the thirty (30) days

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

commencing on the Petition Date will not exceed the sum of $15,000.00 and over the course of this proceeding will not exceed in the aggregate the sum of $65,000.00, the majority of which is the expense associated with ARC.

### Interline Sales

22.    Debtor currently has interline sales arrangements with Alaska Airlines ("Alaska Air") and Hawaiian Airlines ("Hawaiian") which customers may book with connecting flights using Debtor, Alaska Air and/or Hawaiian.  Those connecting flights knit Debtor's hubs at PDX to the greater travel network.

23.    Payments for travel using interline connections are provided through Simplified Interline Systems ("SIS"), a clearinghouse.  SIS makes the payments made by customers and provides the amounts of such payments attributable to the respective airline.  On a weekly basis, Debtor is entitled to payment for its flights performed by Debtor and booked through Alaska Air or Hawaiian and must cover any liability for bookings the Debtor makes (and withheld payment for) that include flights performed by Alaska Air and Hawaiian.

24.    The service provided by SIS is crucial to Debtor's interline sales arrangements.  As such, it is imperative that Debtor be granted the authority to pay prepetition obligations to its Interline Sales Partners in the ordinary course of its business.

25.    As the other airlines (Alaska Air and Hawaiian) possess claims for their prorated share of interline sales booked by the Debtor, SIS has offsets that may be applied to interline sales payable to Debtor.  Upon information and belief, SIS does not implement such setoff procedures in the case of a carrier bankruptcy.  Instead, it may suspend the setoffs of prepetition, prorated payments that have not been processed by the Petition Date.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

26. Debtor requests that the Court modify the stay pursuant to Section 362(a) of the Bankruptcy Code to the extent necessary to permit SIS to follow its normal setoff procedures. Historically, refunds processed through SIS constitute about approximately seven percent (7%) of total interline ticket sales made by Debtor but performed by Alaska Air or Hawaiian.

27. By permitting setoffs, additional remittances will be generated for Debtor because, in the absence of such setoffs, Alaska Air and Hawaiian may attempt to exercise "self help" and not refund the full amount of the receipts for post-petition sales. Even if no prorated shares are owed from Debtor as of the Petition Date, Alaska Air and Hawaiian may not remit the full amount of their receipts from post-petition sales.

28. Because the interline sales generate an important component of Debtor's revenue, it is imperative that Debtor obtain Court approval for the payment of all prorated amounts due. Future revenue of Debtor would be dramatically affected if its interline partners are not paid their prorated shares of interline flights, since they would, in the absence of payment, be likely not to use Debtor for such flights. The future revenues generated by interline sales are an essential element of Debtor's reorganization efforts. Accordingly, Debtor respectfully requests that the Court grant it the authority to pay all prepetition interline sales shares in the ordinary course of its business.

29. The prepetition claims owed by Debtor to Alaska Air and Hawaiian as described in the foregoing paragraphs 22 - 28 are collectively hereinafter referred to as "Interline Sales Claims." Debtor estimates that the total value of Interline Sales Claims that will become due and, if the Court grants the relief requested herein, be honored over the thirty (30) days commencing on the Petition Date will not exceed the sum of $6,300.00 and over the course of this proceeding will not exceed in the aggregate the sum of $12,500.00.

Page 8 of 11 -   MOTION FOR AN ORDER  AUTHORIZING PAYMENT OR HONORING OF PREPETITION
OBLIGATIONS  TO TICKET HOLDERS, TRAVEL AGENTS AND OTHER ESSENTIAL
SUPPLIERS  AND OBLIGATIONS FOR BANK CHARGES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 6    Filed 02/05/16

## Clearinghouse Operations

30.      Because of the complexity of the ticket collection process, there are

clearinghouse issues intertwined with the Travel Agent Claims and Interline Sales Claims.

Through the services of ARC, ticket receipts are remitted, net of standard commissions, by

travel agencies to airlines.  ARC not only forwards the net ticket receipts from each travel

agency to Debtor, but also offsets, against such receipts, refund claims of any travel

agency arising from refunds made by travel agents to their  customers.  Similarly, SIS not

only forwards prorated amounts due to Debtor from Interline Sales but also offsets against

such amounts the payments due to Alaska Airlines and Hawaiian Airlines from their

balances due from Debtor.

31.      Considering Debtor's bankruptcy, it is unlikely that ARC and SIS will follow

normal procedures without Debtor providing ARC or SIS with an Order of the Court

authorizing ARC and SIS, among other things, to honor refund claims of travel agents and

prorated payments due to Alaska Airlines and Hawaiian Airlines.  Rather, upon information

and belief, ARC and SIS will suspend payments of such prepetition claims.  Therefore,

Debtor requests that the Court permit ARC and SIS to follow their normal procedures with

respect to the processing of net refunds.  The suspension of such payments would

obviously undermine Debtor's relationship with its travel agents and interline purchases.

The preservation of this relationship is of paramount importance to Debtor's reorganization

efforts.

32.      By permitting these setoffs, upon information and belief, a substantial amount

of additional remittances will be made to Debtor by travel agents and interline purchases,

and the establishment of "self-help" reserves may be avoided.  By establishing, at the

outset, that travel agents who make refunds on prepetition tickets will be reimbursed by

MOTION FOR AN ORDER  AUTHORIZING PAYMENT OR HONORING OF PREPETITION
OBLIGATIONS  TO TICKET HOLDERS, TRAVEL AGENTS AND OTHER ESSENTIAL
SUPPLIERS  AND OBLIGATIONS FOR BANK CHARGES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

ARC and that Alaska Airlines and Hawaiian Airlines will receive payments through SIS in accordance with normal prepetition procedures, the incentive to establish self-help reserves will be greatly reduced. Thus, the travel agent and interline sales receipts for Debtor should continue as expected.

## Bank Charges

33.     In the ordinary course of its business, Debtor is responsible for payment of various obligations charged by Debtor's banks. These charges generally consist of service fees or deposited items which were subsequently returned unpaid (collectively the "Bank Claims"). Prior to the Petition Date, the practice of each bank was automatically to debit Debtor's accounts for those amounts due. In order to maintain its banking relationships and help ensure minimal disruption in the ordinary affairs of Debtor, Debtor requests authority to pay those Bank Claims which may be outstanding as of the Petition Date. In the event the banks are not paid, Debtor risks possible setoff claims against Debtor's accounts. Forcing Debtor to close its current bank accounts and open new accounts would create an extreme administrative burden.

34.     Debtor estimates that the total value of prepetition Bank Claims that will become due and, if the Court grants the relief requested herein, be honored over the thirty (30) days commencing on the Petition Date will not exceed the sum of $17,000, which includes fees charged by Debtor's merchant servicer provider Gravity Payments, Inc., and expects that no additional such prepetition claims will come due thereafter.

## RESERVATION OF RIGHTS

35.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against Debtor, a waiver of Debtor's right to dispute any claim, or an approval or assumption of any agreement, contract or lease under Section 365

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order granting the Motion is not intended and should not be construed as an admission as to the validity of any claim or a waiver of Debtor's rights to subsequently dispute such claim.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) authorizing Debtor to pay and honor, in its discretion, in the ordinary course of its business, (a) the Ticketholder Claims, (b) the Travel Agent Claims, (c) the Interline Sales Claims, and (d) the Bank Claims; (ii) authorizing ARC and SIS to continue to process Ticketholder Claims, Travel Agent Claims and Interline Sales Claims in the normal course and in accordance with its normal procedures; and (iii) granting the Debtor such other and further relief as the Court may deem just and proper.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #07350
    Of Attorneys for Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

# PROPOSED FORM OF ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | ORDER RE MOTION FOR AN ORDER |
| | ) | AUTHORIZING PAYMENT OR HONORING OF |
| | ) | PREPETITION OBLIGATIONS  TO TICKET |
| | ) | HOLDERS, TRAVEL AGENTS AND INTERLINE |
| | ) | SALES PARTNERS AND OBLIGATIONS FOR |
| Debtor-in-Possession. | ) | BANK CHARGES |

     This matter came on for hearing before this Court upon the motion (the "Motion")

of SeaPort Airlines, Inc. (the "Debtor"), debtor and debtor-in-possession in the

above-captioned bankruptcy case (the "Case") for an order (i) authorizing Debtor to pay

and honor, in its discretion, in the ordinary course of its business, (a) the Ticketholder

Claims, (b) the Travel Agent Claims, (c) the Interline Sales Claims, and (d) the Bank

Claims; (ii) authorizing ARC and SIS to continue to process Ticketholder Claims, Travel

Agent Claims and Interline Sales Claims in the normal course and in accordance with

its normal procedures; and it appearing that the relief requested is necessary to

preserve the Debtor's ongoing operations, and is in the best interests of the Debtor's

Page 1 of 4 - ORDER RE MOTION FOR AN ORDER  AUTHORIZING PAYMENT OR HONORING OF
       PREPETITION OBLIGATIONS  TO TICKET HOLDERS, TRAVEL AGENTS AND INTERLINE SALES
       PARTNERS AND OBLIGATIONS FOR BANK CHARGES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

estates and their creditors and all parties in interest; and in light of the circumstances

and the emergency nature of the relief requested and it appearing that sufficient notice

has been given; and appearances having been noted as on the record; and the Court

having determined that the relief requested is necessary to avert immediate and

irreparable harm to the Debtor and a serious threat to the Debtor's efforts in this case;

and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Debtor's motion for an expedited hearing is approved; and it

is further

ORDERED, that Debtor is hereby authorized to honor unused tickets which were

purchased prepetition by providing the agreed upon air transportation service to holders

of such unused tickets; and it is further

ORDERED, that Debtors is hereby authorized to issue refunds for tickets

purchased prior to the commencement of the Case for which flights were cancelled, in

an amount not to exceed $56,000.00; and it is further

ORDERED, that Debtor is authorized to (i) make payments on or (ii) provide

travel credits to passengers and cargo shippers who have suffered losses as a result of

any prepetition service deficiency, in an amount not to exceed $10,000; and it is further

ORDERED, that Debtor is authorized to honor the Ticketholder Claims (as

defined in the Motion) in amount not to exceed $200,000.00 for the thirty (30) day

period commencing on the Petition Date (as defined in the Motion) and in an amount

not to exceed $225,000.00 over the course of this proceeding; and it is further

ORDERED, that Debtor is authorized to pay prepetition commissions to travel

agents in the ordinary course of its business; and it is further

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

ORDERED, that the stay imposed pursuant to section 362(a) of the Bankruptcy Code is modified to the extent necessary to permit Airline Reporting Corporation ("ARC") and Simplified Interline Systems ("SIS") to follow its normal setoff procedures; and it is further

ORDERED, that the total value of the Travel Agent Claims (as defined in the Motion) to be paid over the thirty (30) day period commencing on the Petition Date (as defined in the Motion) shall not exceed $15,000, and the total value of the Travel Agent Claims (as defined in the Motion) during the course of this proceeding shall not exceed $65,000; and it is further

ORDERED, that ARC is authorized to follow its normal procedures with respect to the processing of net refunds; and it is further

ORDERED, that the Debtor is hereby authorized to pay the Interline Sales Claims in amount not to exceed $6,300.00 for the thirty (30) day period commencing on the Petition Date (as defined in the Motion) and in an amount not to exceed $12,500.00 over the course of this proceeding; and it is further

ORDERED, that the Debtor is hereby authorized to pay the Bank Claims (as defined in the Motion) in an amount not to exceed $17,000.00 over the thirty (30) day period commencing on the Petition Date (as defined in the Motion); and it is further

/ / /

/ / /

/ / /

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

    Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869