Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 SW. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | APPLICATION OF DEBTOR-IN-POSSESSION |
| | ) | FOR AUTHORITY TO EMPLOY ATTORNEY |
| Debtor-in-Possession. | ) | (Vanden Bos & Chapman, LLP) |

The applicant Debtor-in-Possession, SeaPort Airlines, Inc. ("Debtor"), respectfully

represents:

1.      Debtor has filed a petition under Chapter 11 of the Bankruptcy Code.

2.      Debtor wishes to employ the firm of Vanden Bos & Chapman, LLP ("VBC"),

attorneys duly admitted to practice in this Court, as Debtor's attorney in this proceeding.

3.      Debtor has selected VBC for the reason that VBC has experience in matters

of this character, having worked on many other Chapter 11 cases as attorneys.

4.      The professional services that VBC is to render include:  (a) to give Debtor

legal advice with respect to Debtor's powers and duties as debtor-in-possession in the

operation of Debtor's business; (b) to institute such adversary proceedings as are

necessary in the case; (c) to represent Debtor generally in the proceedings and to propose

on behalf of Debtor as debtor-in-possession necessary applications, answers, orders,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

reports and other legal papers; and (d) to perform all other legal services for the debtor-in-possession or to employ an attorney for such professional services.

5.     To the best of Debtor's knowledge, VBC has no connection with the creditors or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified Statement on file herein.

6.     VBC represents no interest adverse to the Debtor as debtor-in-possession or to the estate in the matters upon which VBC is to be engaged, except as disclosed in the Rule 2014 Verified Statement on file herein.  VBC's employment would be in the best interests of the estate.  As shown in the Rule 2014 Verified Statement of Professional, Applicant's $50,000 retainer was paid by John Beardsley / John Beardsley Building Development.  Mr. Beardsley reserves the right to, and intends to, claim payment of the retainer as a "new value" contribution in Debtor's bankruptcy case.

7.     The proposed rate of compensation, subject to final court approval, is the customary, hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtor.  The proposed terms of employment are as set forth in the Attorney/Client Fee Agreement, a copy of which is attached as **Exhibit A** which has been executed by the Debtor and VBC.  The current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $475 |
| Ann K. Chapman, Partner | $425 |
| Douglas Ricks, Associate | $360 |
| Christopher Coyle, Associate | $325 |
| Spencer C. Wilson, Contract Attorney | $200 |
| Certified Bankruptcy Assistants | $185 |
| Legal Assistants | $130 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of the law.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

WHEREFORE, Debtor prays that Debtor shall be authorized to employ and appoint the firm of Vanden Bos & Chapman, LLP to represent Debtor as Debtor-in-Possession in this proceeding under Chapter 11 of the Bankruptcy Code.

Debtor further prays for an Order approving the terms and conditions of VBC's employment as set forth in the Attorney/Client Fee Agreement attached hereto as **Exhibit A**.

DATED:    2-5-2016

Respectfully submitted,

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

SEAPORT AIRLINES, INC.

By:/s/Timothy F. Sieber
    Timothy F. Sieber, President
    Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

## DISCLOSURE TO CLIENT OF TERMS OF "EARNED ON RECEIPT RETAINER" PROVISION WITHIN ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT ("DISCLOSURE")

**Attorney:** **VANDEN BOS AND CHAPMAN , LLP**

**Client:** **SeaPort Airlines, LLC**

**Dated:** **February 1, 2016**

**NOTICE:** The Attorney/Client Chapter 11 Fee Agreement ("Fee Agreement") executed between Attorney and Client on the date shown above provides for payment by Client to Attorney of an "EARNED ON RECEIPT RETAINER." The terms and conditions of the "EARNED ON RECEIPT RETAINER" are fully explained in the Fee Agreement.

The Oregon Rules of Professional Conduct (Rule 1.5) require that the following disclosures be made to Client in connection with an agreement to pay a lawyer an "EARNED ON RECEIPT RETAINER":

1. Your "EARNED ON RECEIPT RETAINER" funds will not be deposited into the Attorney's trust account. Alternatively, if the funds to be used as the "EARNED ON RECEIPT RETAINER" are currently on deposit in the Attorney's trust account, all the funds will be withdrawn from the Attorney's trust account and disbursed to the Attorney when the fee is deemed "EARNED ON RECEIPT" in accordance with the terms of the Fee Agreement, which will be the date of this Disclosure shown above, unless Attorney agrees in writing to a different date.

2. Client may discharge the Attorney at any time and in that event, Client may be entitled to a refund of all or part of the fee if the services for which the fee was paid are not completed.

By signing below, Client acknowledges receipt of these disclosures and the Client's consent to the terms and conditions of the "EARNED ON RECEIPT RETAINER" as provided for in the Fee Agreement. To the extent that the terms and conditions of the Fee Agreement are inconsistent with this document, the terms and conditions of this document will control.

ATTORNEY:

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
   Robert J Vanden Bos
Dated: 2 -1 -2016

CLIENT:

SEAPORT AIRLINES, INC.

By:/s/Timothy Sieber
   Timothy Sieber, President
Dated: 2/2/16

SEAPORT AIRLINES, INC.

By:/s/John Beardsley
   John Beardsley, CEO & Shareholder
Dated: 2/2/16

## ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT
### (Earned on Receipt Retainer)

**CLIENT:**        **SEAPORT AIRLINES, INC.**

**ATTORNEY:**    **VANDEN BOS AND CHAPMAN, LLP**

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| NAME | RATE |
|------|------|
| Robert J Vanden Bos, Managing Partner | $475 |
| Ann K. Chapman, Partner | $425 |
| Douglas Ricks, Associate | $360 |
| Christopher Coyle, Associate | $325 |
| Spencer C. Wilson, Contract Attorney | $200 |
| Certified Bankruptcy Assistants | $185 |
| Legal Assistants | $130 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum .10 hour increments

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.

**Earned on Receipt Retainer - Minimum Fee.** Client agrees to a Minimum Fee of **One Hundred Thousand Dollars ($100,000)** for Attorney's engagement, which shall be paid in advance and deemed earned on receipt or in the exercise of Attorney's discretion, deemed earned on the calendar day before Client's Chapter 11 case is filed.

Form Revised 07/14/09

The minimum fee shall be applied as indicated in this Agreement. Based on a variety of factors and confidential discussions between Attorney and Client subject to an Attorney/Client privilege, Attorney and Client agree that the earned on receipt retainer is a reasonable estimate of the minimum amount of fees Attorney will expend in the case. Some of the factors which Attorney and Client considered in projecting the Minimum Fee included the following:

a)   The size of the case in terms of assets, liabilities; number of creditors;

b)   The type of the debt: secured, priority and unsecured;

c)   The existence of disputes or litigation, both pre or postpetition;

d)   The sophistication or lack thereof of the Client;

e)   The condition of the Client's books and records;

f)   The possibility of postpetition litigation in which Attorney will have the obligation to defend Client;

g)   The inability of Attorney to resign without Court approval;

h)   The complexity of the Client's affairs;

i)   The amount of Attorney fees typically incurred by a Chapter 11 Debtor for a comparable Chapter 11 cases within the District of Oregon

j)   The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

k)   Because Attorney has a small office in terms of the number of partners and associate attorneys, and a finite amount of time available to perform work for Clients, Client acknowledges the likelihood that acceptance of Client's chapter 11 case will necessarily preclude the Attorney from accepting other significant employment or cases;

l)   The time limitations dictated by the Client circumstances, which will require a prompt filing and potentially significant time incurred in connection with contested matters at the outset of the case;

m)   The nature and length of the professional relationship between the Attorney and the Client;

n)   The experience, reputation and ability of the Attorney; and

o)   The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

Attorney and Client agree that the actual fees will likely be more because of a variety of factors, many of which are not within the control of Attorney or Client. Attorney is not limited to the Minimum Fee. Client shall not be entitled to a refund or

Form Revised 07/14/09

return of any amounts paid to Attorney as the Minimum Fee except as provided in this Agreement. Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees, including the earned on receipt retainer, for reasonableness. The Bankruptcy Court may reduce the amount of the earned on receipt retainer in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fee based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded. If the Bankruptcy Court requires a reduction in the amount of the Minimum Fee, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply. Attorney shall not seek additional compensation from Client unless Attorney's charges for services, when calculated at Attorney's hourly rates provided for in this Agreement, plus costs incurred, exceed the Minimum Fee.

To the extent permitted by law, the Minimum Fee due under this Agreement shall be nonrefundable. However, if Attorney fails to perform the services specified in this Agreement, Client shall be entitled to a refund of unearned fees, after Attorney is compensated for services under the terms and conditions of this Agreement, including reimbursement of expenses incurred and payment for services actually provided at Attorney's hourly rates set forth in this Agreement. If permitted under applicable law, if Attorney's failure to provide services as obligated under this Agreement is caused by Client's refusal to cooperate, Client's dishonesty in testimony or in documents filed in the bankruptcy court or Client's bad faith termination of Attorney's employment without reasonable cause, then Client shall not be entitled to any refund of any portion of the earned on receipt retainer.

In recognition of the risk that exists in any Chapter 11 case that the Chapter 11 case may not be successful and, if not successful, that the case will be converted to Chapter 7, and in further recognition that Attorney will have the obligation to provide services to the Client during the course of a Chapter 7 case in the event of conversion to Chapter 7, Client desires to provide payment for such risk in advance. Client and Attorney acknowledge that current bankruptcy law prohibits payment of the Attorney for Chapter 7 services from the funds of a Chapter 7 bankruptcy estate. Client and Attorney reasonably agree and project that the fees likely to be incurred by Attorney in a converted Chapter 7 case will likely be not less than **$7,500**. In recognition of such potential future liability, Client and Attorney agree that a sum of **$7,500** is reasonable advance compensation to Attorney for the risk assumed by Attorney of services to be performed in a possible future Chapter 7 case. Attorney and Client further agree that the sum of **$7,500** shall be allocated from the retainer paid to compensate Attorney for the risk of providing services in a future Chapter 7 case, and that such **$7,500** shall be deemed earned on receipt by Attorney as payment for the risk of having to perform services in a potential future Chapter 7 case.

Attorney and Client have discussed the Minimum Fee in the case. Client acknowledges that it has been informed that the total fees in the case will likely exceed the Minimum Fee. Client acknowledges that it has had the opportunity to confer with other counsel before the signing of this Agreement and is satisfied that the Minimum Fee as projected by Attorney is within the reasonable range of fees likely to be incurred in the case.

Page 3 - ATTORNEY/Client FEE AGREEMENT (Earned on Receipt Retainer)

Form Revised 07/14/09

Client acknowledges that the Minimum Fee will be earned and applied prior to the filing of Client's chapter 11 case. Notwithstanding, Client agrees, and hereby grants to Attorney, a lien upon and a security interest in, all of Client's funds in Attorney's possession on the petition date, if such funds have not been applied in payment of the Minimum Fee due under this Agreement.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.

Client acknowledges that the application of the retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client. The retainer amount shall be in addition to the filing fee of $1,039.00 for Chapter 11, which shall be paid from the separate funds of the Client. As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a retainer check to clear, Attorney recommends that retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "A." A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors. A copy of the US Trustee's fee schedule is attached. Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 15th day of each succeeding month. The form of such report has been provided to the Client with this Fee Agreement. The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 10th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major

Page 4 - ATTORNEY/Client FEE AGREEMENT (Earned on Receipt Retainer)

Form Revised 07/14/09

Case 16-30406-rld11    Doc 10    Filed 02/05/16

mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Unless the Court allows more frequent applications, the Court typically considers professional compensation applications quarterly. Such petitions for fees, when approved, will be paid from the Client's post-petition income. Client agrees that Attorney can seek Court approval for monthly payment of services provided if the Retainer is insufficient to compensate Attorney for services rendered.

Minimum Billing Increments. Attorney charges in minimum billing increments for certain services, which Client agrees to pay, which are shown below:

| SERVICE | MINIMUM BILLING INCREMENT |
|---|---|
| Prepare letter or correspondence | .1 |
| Telephone Call | .1 |
| Listen to Voice-Mail | .1 |
| Leave Voice-Mail | .1 |
| Review Email | .1 |
| Reply to Email | .1 |
| Review Correspondence or Notices Relating to Client's Case | .1 |
| Documentation Preparation | .1 |

Form Revised 07/14/09

Case 16-30406-rld11    Doc 10    Filed 02/05/16

| SERVICE | MINIMUM BILLING INCREMENT |
|---------|---------------------------|
| Court Appearance | .1 |
| 341(a) Hearing Appearance | .1 |
| Review ECF (Electronic Court Filings) Notices | .1 |

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

Form Revised 07/14/09

If permitted by applicable law, upon approval of Attorney's fees by the Bankruptcy Court, if Client does not pay Attorney's fees in full when due, Client agrees to pay interest on the unpaid balance at the rate of 5% per annum.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: _2 -1 - 2016_

ATTORNEY:

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos

CLIENT:

SEAPORT AIRLINES, INC.

By:/s/Timothy Sieber
    Timothy Sieber, President

SEAPORT AIRLINES, INC.

By:/s/John Beardsley
    John Beardsley, CEO & Shareholder

Attachments:

    Initial if
    Received:

A.  Expense Policy Statement     TS   JB

B.  U.S. Trustee's Quarterly Fee Schedule   TS   JB

Form Revised 07/14/09

Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | .15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and airfare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently 57.5¢ per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost (10¢ per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

Form Revised 07/14/09

Case 16-30406-rld11    Doc 10    Filed 02/05/16

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                  )
                       )   Case No. _____
                       )
                       )   RULE 2014 VERIFIED STATEMENT
Debtor(s)          )   FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

Continuation of Rule 2014 Verified Statement
For Proposed Professional
(Vanden Bos and Chapman, LLP)

**Continuation Statement No. 13**:

Applicant served as counsel for the Debtor-in-Possession in the case of In re Historic U.S. National Bank Block LLC, filed in the U.S. Bankruptcy Court for the District of Oregon, Case No. 09-38304-rld11.  That case is now closed and the Debtor's Plan has been fully performed.  John Beardsley was the person designated to perform the duties of the Debtor in the *Historic US National Bank Block, LLC* case.  John Beardsley is an affiliate of Seaport Airlines, Inc., the Debtor in this case.  It is expected that John Beardsley will provide postpetition financing to the Debtor.

Lane Powell PC is a creditor and a shareholder.  A partner at Vanden Bos & Chapman, LLP (Robert Vanden Bos) worked as an associate at Lane Powell PC from 1978 through 1981.  Additionally, Applicant retained Lane Powell PC in approximately 1992 on business matters and again in 2015.  These matters are unrelated to the Debtor's case or to any issues in Debtor's case.  The current matter for which Lane Powell PC has been engaged is still open but Applicant could terminate the relationship if required to qualify for appointment as counsel for the Debtor-in-Possession.

Tonkon Torp LLP currently represents John Beardsley individually.  Mr. Beardsley is an affiliate of the Debtor and will likely be a provider of postpetition financing to the Debtor.  Applicant has been hired by Tonkon Torp LLP to serve as an expert witness in an unrelated bankruptcy case.  The matter is still open.

In 2012, Applicant jointly represented SeaPort Airlines, Inc. (then known as Alaska Juneau Aeronautics, Inc.) and John Beardsley as co-defendants in a collection action brought by Epic Aviation.   Beardsley was named as a defendant because he had personally guaranteed the debt of the Debtor.  The matter was resolved in 2012 by settlement payment without the necessity of an appearance by the defendants. Applicant's file was closed in June of 2012.

The spouse of one of the partners of Applicant is a Tier One PERS retiree. PERS is a major investor in the Oregon Angels' Fund which holds 39.6% stake of the preferred voting shares of the Debtor.

Applicant has represented the following creditors on certain unrelated matters (on a one-time basis),  and in each instance, the representation has concluded:

1.  Alaska Communication Systems.  The representation concluded in 2003;

2.  Atlantic Aviation Oregon FBO, Inc.; Atlantic Aviation PDX.  Applicant
    represented these creditors on a one-time basis for defense of
    preference claims brought by the Plan Agent in the bankruptcy case
    of In re Beall Corporation, filed in the U.S. Bankruptcy Court for the
    District of Oregon, Case No. 12-37291-elp11; in the adversary
    proceeding *Beall Corporation v. Atlantic Aviation Oregon FBO Inc.,
    dba Flightcraft*, Adversary Proceeding No. 14-03222-elp.  The claims
    were settled and paid.  The representation concluded in 2015.

3.  Cessna Aircraft Company.  Applicant represented Cessna Aircraft
    Company with respect to its purchase of the assets of the Debtor in
    the case of In re Columbia Aircraft Manufacturing Corporation; filed in
    the U.S. Bankruptcy Court for the District of Oregon, Case No. 07-
    33850-elp11.  The representation concluded in 2009.

Continuation of Rule 2014 Verified Statement
For Proposed Professional
(Vanden Bos and Chapman, LLP)

**Continuation Statement No. 15**:

On behalf of Debtor, on February 4, 2016. John Beardsley/John Beardsley Building Development ("Beardsleys") paid Applicant a retainer amount of $50,000. The Beardsleys understand this payment is deemed "earned on receipt."  The Beardsleys reserve the right, and intend to assert credit for this payment, and any additional retainer payments, as a "new value" contribution in Debtor's bankruptcy case.  Post-petition, the Beardsleys intend to pay Applicant an additional retainer of $50,000.00 on a purely voluntary basis.  Applicant does not assert any right to such additional retainer payment, nor does Applicant rely upon the Beardsleys' stated intention to make an additional retainer payment. If and when such additional retainer payment is made, Applicant will amend this Rule 2014 Statement to disclose payment of any additional retainer amount.

**CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL
(Vanden Bos Chapman, LLP)**

| No. | Affiliate | Creditor | Description | Date | Amount Guaranteed (Current Balance) | Collateral Yes/No/Describe |
|---|---|---|---|---|---|---|
| 1 | John Beardsley Janet Beardsley | Aircraft Lease Finance III, Inc/Residual Based Finance Corp. aka RESIDCO | Aircraft Lessee Airplane Descriptions: | 11/19/2014 | | No |
| | | | Pratt & Whitney of Canada model PT6A-140 S/N 20885165 | | Arrears: $88,500 | |
| | | | Pratt & Whitney of Canada model PT6A-140 S/N 20885132 | | Arrears: $88,500 | |
| | | | Pratt & Whitney of Canada Model PT6A-140 S/N 20885177 | | Arrears: $88,500 | |
| 2 | John Beardsley Janet Beardsley | Wings Airline Services, Inc. | Wings Airline Services, Inc. asserts the existence of a guarantee which Beardsleys deny. | Disputed | Disputed | |
| 3 | Fountain Village Development Company | Wells Fargo | 1st Trust Deed on Juneau Hangar | 1/26/2011 | $ 2,106,507.57 | Yes - Airplane Hangar in Juneau Alaska |
| 4 | John Beardsley | Axis Capital | Guarantee on Lease for Flight Simulator | 12/4/2014 | $ 154,685.92 | Yes - Cessna Caravan Flight Simulator |
| 5 | John Beardsley Janet Beardsley | Robert N. Jacobsen and Darlene F. Jacobsen Living Trust and Wings Airline Services, Inc. | Guarantee on 2nd Trust deed on Juneau Hangar. Debtor will be investigating the potential avoidability of the security interest. | 6/1/2010 | $ 1,393,194.35 | Yes - Airplane Hangar in Juneau Alaska |
| 6 | John Beardsley | Fountain Village Development/Beardsley Building Development/US National Bank Block (subject to verification) | Note Payable | | $ 4,154,500.00 | No |

2/4/2016
4:14 PM

Case 16-30406-rld11   Doc 10   Filed 02/05/16

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL
(Vanden Bos Chapman, LLP)

**Wings Airline Services**,

| Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| **2200-00 · Notes Payable - Short Term** | | | | | | | 108,896.47 |
| **Security: Juneau Airline Hangar** | | | | | | | 108,896.47 |
| Bill | 7/1/2014 | | Wings Airline Services, Inc. | July2014 JNU Hangar Mtg Note to WAS | 8,846.31 | | 100,050.16 |
| Bill | 7/1/2014 | | Wings Airline Services, Inc. | July2015 JNU Hangar Mortgage reclass to ST from LT | | 9,322.08 | 109,372.24 |
| Bill | 8/1/2014 | | Wings Airline Services, Inc. | Aug2014 JNU Hangar Mtg Note to WAS | 8,885.02 | | 100,487.22 |
| Bill | 8/1/2014 | | Wings Airline Services, Inc. | Aug2015 JNU Hangar Mortgage reclass to ST from LT | | 9,362.87 | 109,850.09 |
| Bill | 9/1/2014 | | Wings Airline Services, Inc. | Sept2014 JNU Hangar Mtg Note to WAS | 8,923.89 | | 100,926.20 |
| Bill | 9/1/2014 | | Wings Airline Services, Inc. | Sept2015 JNU Hangar Mortgage reclass to ST from LT | | 9,403.83 | 110,330.03 |
| General Jou | 9/30/2014 | * | | Adjust NP to actual @ 09/30/2014 | 148.72 | | 110,181.31 |
| Bill | 10/1/2014 | | Wings Airline Services, Inc. | Oct2014 JNU Hangar Mtg Note to WAS | 8,962.93 | | 101,218.38 |
| Bill | 10/1/2014 | | Wings Airline Services, Inc. | Oct2015 JNU Hangar Mortgage reclass to ST from LT | | 9,444.97 | 110,663.35 |
| Bill | 11/1/2014 | | Wings Airline Services, Inc. | Nov2014 JNU Hangar Mtg Note to WAS | 9,002.14 | | 101,661.21 |
| Bill | 11/1/2014 | | Wings Airline Services, Inc. | Nov2015 JNU Hangar Mortgage reclass to ST from LT | | 9,486.29 | 111,147.50 |
| Bill | 12/1/2014 | | Wings Airline Services, Inc. | Dec2014 JNU Hangar Mtg Note to WAS | 9,041.53 | | 102,105.97 |
| Bill | 12/1/2014 | | Wings Airline Services, Inc. | Dec2015 JNU Hangar Mortgage reclass to ST from LT | | 9,527.80 | 111,633.77 |
| Bill | 1/1/2015 | | Wings Airline Services, Inc. | Jan2015 JNU Hangar Mtg Note to WAS | 9,081.08 | | 102,552.69 |
| Bill | 1/1/2015 | | Wings Airline Services, Inc. | Jan2016 JNU Hangar Mortgage reclass to ST from LT | | 9,569.48 | 112,122.17 |
| Bill | 2/1/2015 | | Wings Airline Services, Inc. | Feb2015 JNU Hangar Mtg Note to WAS | 9,120.81 | | 103,001.36 |
| Bill | 2/1/2015 | | Wings Airline Services, Inc. | Feb2016 JNU Hangar Mortgage reclass to ST from LT | | 9,611.35 | 112,612.71 |
| Bill | 3/1/2015 | | Wings Airline Services, Inc. | Mar2015 JNU Hangar Mtg Note to WAS | 9,160.72 | | 103,451.99 |
| Bill | 3/1/2015 | | Wings Airline Services, Inc. | Mar2016 JNU Hangar Mortgage reclass to ST from LT | | 9,653.40 | 113,105.39 |
| Bill | 4/15/2015 | | Wings Airline Services, Inc. | Apr2015 JNU Hangar Mtg Note to WAS | 9,200.79 | | 103,904.60 |
| Bill | 4/15/2015 | | Wings Airline Services, Inc. | Apr2016 JNU Hangar Mortgage reclass to ST from LT | | 9,695.63 | 113,600.23 |
| Bill | 5/1/2015 | | Wings Airline Services, Inc. | May2015 JNU Hangar Mtg Note to WAS | 9,241.05 | | 104,359.18 |
| Bill | 5/1/2015 | | Wings Airline Services, Inc. | May2016 JNU Hangar Mortgage reclass to ST from LT | | 9,738.05 | 114,097.23 |
| Bill | 6/1/2015 | | Wings Airline Services, Inc. | June2015 JNU Hangar Mtg Note to WAS | 9,281.48 | | 104,815.75 |
| Bill | 6/1/2015 | | Wings Airline Services, Inc. | June2016 JNU Hangar Mortgage reclass to ST from LT | | 9,780.65 | 114,596.40 |
| Bill | 7/1/2015 | | Wings Airline Services, Inc. | July2015 JNU Hangar Mtg Note to WAS | 9,322.08 | | 105,274.32 |
| Bill | 7/1/2015 | | Wings Airline Services, Inc. | July2016 JNU Hangar Mortgage reclass to ST from LT | | 9,823.44 | 115,097.76 |
| Bill | 8/1/2015 | | Wings Airline Services, Inc. | Aug2015 JNU Hangar Mtg Note to WAS | 9,362.87 | | 105,734.89 |
| Bill | 8/1/2015 | | Wings Airline Services, Inc. | Aug2016 JNU Hangar Mortgage reclass to ST from LT | | 9,866.42 | 115,601.31 |
| Bill | 9/1/2015 | | Wings Airline Services, Inc. | Sept2015 JNU Hangar Mtg Note to WAS | 9,403.83 | | 116,107.07 |
| Bill | 9/1/2015 | | Wings Airline Services, Inc. | Sept2016 JNU Hangar Mortgage reclass to ST from LT | | 9,909.59 | 146,107.07 |
| Bill | 10/1/2015 | | Wings Airline Services, Inc. | Oct 2015 JNU Hangar Mtg Note to WAS | 9,444.97 | | 106,662.10 |
| Bill | 10/1/2015 | | Wings Airline Services, Inc. | Oct 2016 JNU Hangar Mortgage reclass to ST from LT | | 9,952.94 | 116,615.04 |
| Bill | 11/1/2015 | | Wings Airline Services, Inc. | Nov 2015 JNU Hangar Mtg Note to WAS | 9,444.97 | | 107,170.07 |
| Bill | 11/1/2015 | | Wings Airline Services, Inc. | Nov 2016 JNU Hangar Mortgage reclass to ST from LT | | 9,996.48 | 117,166.55 |
| Bill | 12/1/2015 | | Wings Airline Services, Inc. | Dec 2015 JNU Hangar Mtg Note to WAS | 9,486.29 | | 107,680.26 |
| Bill | 12/1/2015 | | Wings Airline Services, Inc. | Dec 2016 JNU Hangar Mortgage reclass to ST from LT | | 10,040.22 | 117,720.48 |
| Bill | 1/1/2016 | | Wings Airline Services, Inc. | Jan 2016 JNU Hangar Mtg Note to WAS | 9,569.48 | | 108,151.00 |
| Bill | 1/1/2016 | | Wings Airline Services, Inc. | Jan 2017 JNU Hangar Mortgage reclass to ST from LT | | 10,084.15 | 118,235.15 |
| **Total 2200-09 · Note Pay ST - Wings Air Svcs** | | | | | 174,930.96 | 184,269.64 | 118,235.15 |

2/4/2016 3:47 PM

Case 16-30406-rld11    Doc 10    Filed 02/05/16

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL
(Vanden Bos Chapman, LLP)

## Wings Airline Services,

**2800-00 · Notes Payable - Long Term**

**Security: Juneau Airline Hangar**

| Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | | | 1,467,968.79 |
| Bill | 7/1/2014 | | Wings Airline Services, Inc. | July2015 JNU Hangar Mortgage reclass to ST from LT | 9,322.08 | | 1,467,968.79 |
| Bill | 8/1/2014 | | Wings Airline Services, Inc. | Aug2015 JNU Hangar Mortgage reclass to ST from LT | 9,362.87 | | 1,458,646.71 |
| Bill | 9/1/2014 | | Wings Airline Services, Inc. | Sept2015 JNU Hangar Mortgage reclass to ST from LT | 9,403.83 | | 1,449,283.84 |
| General Jou | 9/30/2014 * | | | Reclass Wings Air Service Payment | 8,769.41 | | 1,439,880.01 |
| General Jou | 9/30/2014 * | | | Adjust NP to actual @ 09/30/2014 | | 29.46 | 1,431,110.60 |
| Bill | 10/1/2014 | | Wings Airline Services, Inc. | Oct2015 JNU Hangar Mortgage reclass to ST from LT | 9,444.97 | | 1,431,140.06 |
| Bill | 11/1/2014 | | Wings Airline Services, Inc. | Nov2015 JNU Hangar Mortgage reclass to ST from LT | 9,486.29 | | 1,421,695.09 |
| Bill | 12/1/2014 | | Wings Airline Services, Inc. | Dec2015 JNU Hangar Mortgage reclass to ST from LT | 9,527.80 | | 1,412,208.80 |
| Bill | 1/1/2015 | | Wings Airline Services, Inc. | Jan2016 JNU Hangar Mortgage reclass to ST from LT | 9,569.48 | | 1,402,681.00 |
| Bill | 2/1/2015 | | Wings Airline Services, Inc. | Feb2016 JNU Hangar Mortgage reclass to ST from LT | 9,611.35 | | 1,393,111.52 |
| Bill | 3/1/2015 | | Wings Airline Services, Inc. | Mar2016 JNU Hangar Mortgage reclass to ST from LT | 9,653.40 | | 1,383,500.17 |
| Bill | 4/15/2015 | | Wings Airline Services, Inc. | Apr2016 JNU Hangar Mortgage reclass to ST from LT | 9,695.63 | | 1,373,846.77 |
| Bill | 5/1/2015 | | Wings Airline Services, Inc. | May2016 JNU Hangar Mortgage reclass to ST from LT | 9,738.05 | | 1,364,151.14 |
| Bill | 6/1/2015 | | Wings Airline Services, Inc. | June2016 JNU Hangar Mortgage reclass to ST from LT | 9,780.65 | | 1,354,413.09 |
| Bill | 7/1/2015 | | Wings Airline Services, Inc. | July2016 JNU Hangar Mortgage reclass to ST from LT | 9,823.44 | | 1,344,632.44 |
| Bill | 8/1/2015 | | Wings Airline Services, Inc. | Aug2016 JNU Hangar Mortgage reclass to ST from LT | 9,866.42 | | 1,334,809.00 |
| Bill | 9/1/2015 | | Wings Airline Services, Inc. | Sept2016 JNU Hangar Mortgage reclass to ST from LT | 9,909.59 | | 1,324,942.58 |
| Bill | 10/1/2015 | | Wings Airline Services, Inc. | Oct 2016 JNU Hangar Mortgage reclass to ST from LT | 9,952.94 | | 1,315,032.99 |
| Bill | 11/1/2015 | | Wings Airline Services, Inc. | Nov 2016 JNU Hangar Mortgage reclass to ST from LT | 9,996.48 | | 1,305,080.05 |
| Bill | 12/1/2015 | | Wings Airline Services, Inc. | Dec 2016 JNU Hangar Mortgage reclass to ST from LT | 10,040.22 | | 1,295,083.57 |
| Bill | 1/1/2016 | | Wings Airline Services, Inc. | Jan 2017 JNU Hangar Mortgage reclass to ST from LT | 10,084.15 | | 1,285,043.35 |
| Total 2800-00 · Note Pay LT - Wings Air Svcs | | | | | 193,039.05 | 29.46 | 1,274,959.20 |
| **TOTAL** | | | | | 193,039.05 | 29.46 | 1,274,959.20 |
| | | | | | | | 1,393,194.35 |

2/4/2016 3:47 PM

Case 16-30406-rld11   Doc 10   Filed 02/05/16

In re SeaPort Airlines, Inc.
Ch 11 Case No. 16-30406-rld11
CONTINUATION STATEMENT No. 22

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL
(Vanden Bos Chapman, LLP)

**WELLS FARGO**

2800-00 · Notes Payable - Long Term

Security: Juneau Airline Hangar

| Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | | | 2,240,231.66 |
| | | | | | | | 2,240,231.66 |
| Bill | 7/1/2014 | | Wells Fargo | July 2014 Hangar Payment | 10,935.26 | | 2,229,295.40 |
| Bill | 8/1/2014 | | Wells Fargo | August 2014 Hangar Payment | 10,556.65 | | 2,218,738.75 |
| Bill | 9/1/2014 | | Wells Fargo | September 2014 Hangar Payment | 10,994.46 | | 2,207,744.29 |
| General Jou | 9/30/2014 * | | | Reclass Wings Air Service Payment | | 8,769.41 | 2,216,513.70 |
| Bill | 10/1/2014 | | Wells Fargo | October 2014 Hangar Payment | 11,024.24 | | 2,205,489.46 |
| Bill | 11/1/2014 | | Wells Fargo | November 2014 Hangar Payment | 10,852.43 | | 2,194,637.03 |
| Bill | 12/1/2014 | | Wells Fargo | December 2014 Hangar Payment | 11,083.49 | | 2,183,553.54 |
| Bill | 1/1/2015 | | Wells Fargo | January 2015 Hangar Payment | 10,514.44 | | 2,173,039.10 |
| Bill | 2/1/2015 | | Wells Fargo | February 2015 Hangar Payment | 11,340.72 | | 2,161,698.38 |
| Bill | 3/1/2015 | | Wells Fargo | March 2015 Hangar Payment | 11,568.13 | | 2,150,130.25 |
| General Jou | 3/31/2015 * | | | | 106,922.28 | | 2,043,207.97 |
| General Jou | 3/31/2015 * | | | To adjust to consolidate current portion of LT Debt | | 135,302.28 | 2,178,510.25 |
| Bill | 4/1/2015 | | Wells Fargo | April 2015 Hangar Payment | 11,007.38 | | 2,167,502.87 |
| Bill | 5/1/2015 | | Wells Fargo | May 2015 Hangar Payment | 11,233.86 | | 2,156,269.01 |
| Bill | 6/1/2015 | | Wells Fargo | June 2015 Hangar Payment | 11,069.62 | | 2,145,199.39 |
| Bill | 7/1/2015 | | Wells Fargo | July 2015 Hangar Payment | 11,294.25 | | 2,133,905.14 |
| Bill | 8/1/2015 | | Wells Fargo | Aug 2015 Hangar Payment | 11,132.18 | | 2,122,772.96 |
| Bill | 9/1/2015 | | Wells Fargo | Sept 2015 Hangar Payment | 11,163.34 | | 2,111,609.62 |
| Bill | 10/1/2015 | | Wells Fargo | Oct 2015 Hangar Payment | 11,163.34 | | 2,100,446.28 |
| Bill | 11/1/2015 | | Wells Fargo | Nov 2015 Hangar Payment | 11,793.80 | | 2,088,652.48 |
| Bill | 12/1/2015 | | Wells Fargo | Dec 2015 Hangar Payment | 11,446.43 | | 2,077,206.05 |
| General Jou | 12/31/2015 * | | | Wells Fargo Loan ADJ to Interest | | 355.66 | 2,077,561.71 |
| Bill | 1/1/2016 | | Wells Fargo | January 2016 Hangar Payment | 10,871.47 | | 2,066,690.24 |
| **TOTAL** | | | | | 317,968.77 | 144,427.35 | 2,066,690.24 |

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL
(Vanden Bos Chapman, LLP)

**Axis Capital, Inc.**

| Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| 2800-00 - Notes Payable - Long Term | | | | | | | 0.00 |
| Security - Cessna Caravan Flight Simulator | | | | | | | 0.00 |
| Bill | 12/4/2014 | | Axis Capital, Inc. | Down Payment | 35,224.60 | | -35,224.60 |
| General Jou | 12/8/2014 | * | | Record Axis Capital Loan for Flight Simulator | | 192,974.69 | 157,750.09 |
| General Jou | 3/31/2015 | * | | To adjust balances to actual. | 10,214.20 | | 147,535.89 |
| General Jou | 3/31/2015 | * | | To adjust balances to actual. | | 40,360.99 | 187,896.88 |
| Check | 4/15/2015 | | Axis Capital, Inc. | 4th Installment of Flight Simulator | 3,139.13 | | 184,757.75 |
| Check | 5/15/2015 | | Axis Capital, Inc. | 5th Installment of Flight Simulator | 3,178.24 | | 181,579.51 |
| Check | 6/15/2015 | | Axis Capital, Inc. | 6th Installment of Flight Simulator | 3,217.84 | | 178,361.67 |
| Check | 7/15/2015 | | Axis Capital, Inc. | 7th Installment of Flight Simulator | 3,257.92 | | 175,103.75 |
| Check | 8/15/2015 | | Axis Capital, Inc. | 8th Installment of Flight Simulator | 3,298.51 | | 171,805.24 |
| Check | 9/15/2015 | | Axis Capital, Inc. | 9th Installment of Flight Simulator | 3,339.61 | | 168,465.63 |
| Check | 10/16/2015 | | Axis Capital, Inc. | 10th Installment of Flight Simulator | 3,381.21 | | 165,084.42 |
| Check | 11/17/2015 | | Axis Capital, Inc. | 11th Installment of Flight Simulator | 3,423.34 | | 161,661.08 |
| Check | 12/16/2015 | | Axis Capital, Inc. | 12th Installment of Flight Simulator | 3,465.99 | | 158,195.09 |
| Check | 1/15/2016 | | Axis Capital, Inc. | 13th Installment of Flight Simulator | 3,509.17 | | 154,685.92 |
| **TOTAL** | | | | | **78,649.76** | **233,335.68** | **154,685.92** |

2/4/2016 3:47 PM

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL
(Vanden Bos Chapman, LLP)

Fountain Village Development/Beardsley Building Development/
US National Bank Block (subject to verification)

2200-00 Notes Payable - Current
Security: None

| Type | Date | Name | Memo | Amount | Balance |
|------|------|------|------|--------|---------|
| | | | | | 183,000 |
| | | | | | 183,000 |
| Deposit | 6/3/2014 | Beardsley Building Development | Repayment of Note | 30,000 | 213,000 |
| Deposit | 10/31/2014 | Beardsley Building Development | Advance on Note | 75,000 | 288,000 |
| Deposit | 11/6/2014 | Beardsley Building Development | Advance on Note | 65,000 | 353,000 |
| Deposit | 12/5/2014 | Beardsley Building Development | Advance for Sim Financing | 35,000 | 388,000 |
| Deposit | 12/18/2014 | Beardsley Building Development | Payroll Advance Note | 200,000 | 588,000 |
| Deposit | 12/23/2014 | Beardsley Building Development | Advance of Funds | 125,000 | 713,000 |
| Deposit | 12/31/2014 | Beardsley Building Development | Loan for 12/31/14 | 50,000 | 763,000 |
| Deposit | 1/2/2015 | Beardsley Building Development | Advance | 50,000 | 813,000 |
| Deposit | 1/2/2015 | Beardsley Building Development | Advance | 300,000 | 1,113,000 |
| Deposit | 1/28/2015 | Beardsley Building Development | Loan Advancement | 125,000 | 1,238,000 |
| Deposit | 2/2/2015 | Beardsley Building Development | Note Advance | 50,000 | 1,288,000 |
| Deposit | 2/4/2015 | Beardsley Building Development | Note Advance | 500,000 | 1,788,000 |
| Deposit | 2/11/2015 | Beardsley Building Development | Note Advance | 50,000 | 1,838,000 |
| Deposit | 2/27/2015 | Beardsley Building Development | Note Advance | 250,000 | 2,088,000 |
| Deposit | 3/2/2015 | Beardsley Building Development | Note Advance | 114,000 | 2,202,000 |
| Deposit | 3/5/2015 | Beardsley Building Development | Note Advance | 175,000 | 2,377,000 |
| Deposit | 3/13/2015 | Beardsley Building Development | Note Advance | 200,000 | 2,577,000 |
| Deposit | 3/26/2015 | Beardsley Building Development | Advance | 20,000 | 2,597,000 |
| Deposit | 3/26/2015 | Beardsley Building Development | Advance | 10,030 | 2,607,000 |
| Deposit | 5/4/2015 | Beardsley Building Development | Note Advance | 300,000 | 2,907,000 |
| Bill | 5/7/2015 | Beardsley Building Development | Repayment of Note 5/4/15 | -300,000 | 2,607,000 |
| Check | 6/30/2015 | Aerodynamics, Inc. | Deposit on Aircraft | -57,000 | 2,550,000 |
| Deposit | 7/6/2015 | Beardsley Building Development | Advance for Payroll | 130,000 | 2,680,000 |
| Deposit | 7/30/2015 | Beardsley Building Development | Attorney's Fees for Klevansky Piper LLP | 45,000 | 2,725,000 |
| Deposit | 9/2/2015 | Beardsley Building Development | Advance on Note | 350,000 | 3,075,000 |
| Deposit | 9/23/2015 | Beardsley Building Development | Note Advance | 200,000 | 3,275,000 |
| Deposit | 10/2/2015 | Beardsley Building Development | Note Advance for Payroll | 310,000 | 3,585,000 |
| Deposit | 11/4/2015 | Beardsley Building Development | Payroll Deposit from Beardsley | 210,000 | 3,795,000 |
| Deposit | 11/20/2015 | Beardsley Building Development | Payroll Advance 11/20/15 | 107,500 | 3,902,500 |
| Deposit | 12/3/2015 | Beardsley Building Development | Beardsley Deposit 6248 | 10,000 | 3,912,500 |
| Deposit | 12/21/2015 | Beardsley Building Development | Beardsley Deposit | 89,000 | 4,001,500 |
| Deposit | 12/31/2015 | Beardsley Building Development | Deposit | 22,000 | 4,023,500 |
| Deposit | 1/5/2016 | Beardsley Building Development | Payroll Deposit | 250,000 | 4,273,500 |
| Bill | 1/13/2016 | Fountain Village Development | Note Payment | -250,000 | 4,023,500 |
| Deposit | 1/28/2016 | Beardsley Building Development | Deposit | 10,000 | 4,033,500 |
| Deposit | 1/28/2016 | Beardsley Building Development | Deposit | 10,000 | 4,043,500 |
| Deposit | 1/29/2016 | Beardsley Building Development | Deposit | 15,000 | 4,058,500 |
| Deposit | 2/4/2016 | Beardsley Building Development | Payroll Deposit | 96,000 | 4,154,500 |
| Total 2200-12 - Note Pay ST - HLSNBB | | | | 3,971,500 | 4,154,500 |

2/4/2016 3:47 PM

In re SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11

CERTIFICATE - TRUE COPY

DATE:            February 5, 2016

DOCUMENT:        APPLICATION OF DEBTOR(S)-IN-POSSESSION FOR
                 AUTHORITY TO EMPLOY ATTORNEY (Vanden Bos &
                 Chapman, LLP) and RULE 2014 VERIFIED STATEMENT FOR
                 PROPOSED PROFESSIONAL (Vanden Bos & Chapman, LLP)

        I hereby certify that I prepared the foregoing copy of the foregoing named
document and have carefully compared the same with the original thereof and it is a
correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

        I hereby certify that I served a copy of the foregoing on:

SeaPort Airlines, Inc.
Attn: Timothy Sieber
7505 NE Airport Way
Portland, OR 97218

by mailing a copy of the above-named document to the above party(ies) in a sealed
envelope, addressed to the above at his, her or their last known address. Said
envelope(s) were deposited in the Post Office at Portland, Oregon, on the above date,
postage prepaid.

        I hereby certify that the foregoing was served on all CM/ECF participants
through the Court's Case Management/Electronic Case File system on the date set
forth below.

        Dated: February 5, 2016

                        VANDEN BOS & CHAPMAN, LLP


                        By:/s/Robert J Vanden Bos
                           Robert J Vanden Bos, OSB #78100
                           Of Attorneys for Debtor-in-Possession