Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

     Of Attorneys for Debtor-in-Possession


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | MOTION TO SUPPLEMENT *NUNC PRO TUNC* |
| | ) | THE INTERIM ORDER RE MOTION FOR AN |
| | ) | ORDER  AUTHORIZING PAYMENT OR |
| | ) | HONORING OF PREPETITION OBLIGATIONS TO |
| | ) | TICKET HOLDERS, TRAVEL AGENTS AND |
| | ) | INTERLINE SALES PARTNERS AND |
| | ) | OBLIGATIONS FOR BANK CHARGES ENTERED |
| | ) | ON FEBRUARY 5, 2015 (Docket No. 25) |
| Debtor-in-Possession. | ) | **Expedited Hearing Requested** |

Debtor-in-Possession, SeaPort Airlines, Inc. ("Debtor") moves the Court for a

Supplemental Interim Order *nunc pro tunc* on the grounds and for the reasons stated as

follows:

1. Debtor filed a Motion for an Order Authorizing Payment or Honoring of

Prepetition Obligations to Ticket Holders, Travel Agents and Interline Sales Partners and

Obligations for Bank Charges (Dkt. No. 6) (the "Ticket Holder Motion") seeking authority,

along with other requested relief, to allow certain clearinghouses to continue to process

setoffs, refunds, and other related charges to continue to allow payment of certain

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

prepetition obligations to travel agents and interline sales partners. Allowing such payments would ensure no interruptions in the Debtor's business operations and allow continued cooperation with travel agents and other airlines in future customer bookings.

2.      The Ticket Holder Motion referenced two such clearinghouses, Airline Reporting Corporation ("ARC") and Simplified Interline Systems ("SIS"), and a third clearinghouse, Airlines Clearing House Inc. ("ACH") was discussed at the hearing on the Motion held on February 5, 2016. The Ticket Holder Motion was granted, and an Interim Order re Motion for an Order Authorizing Payment or Honoring Prepetition Obligations to Ticket Holders, Travel Agents and Interline Sales Partners and Obligations for Bank Charges (the "Interim Order") (Doc No 25) was entered the same day (February 5, 2016).

3.      Debtor is a party to certain agreements with ACH, which provide for the processing of the Travel Agent Claims and Interline Sales Claims (defined in the Ticket Holder Motion). Those agreements are known as the Interline Agreements, Clearinghouse Agreement, ARC Agreement, Alliance Agreements, Codeshare Agreements, and the ATPCO Agreement (collectively, the "Industry Agreements"). Continued processing of the prepetition obligations, as is allowed to ARC and SIS, is integral to the clearing house function that ACH performs for Debtor.

4.      The Interline Agreements are bilateral agreements where two carriers contract for interline passenger and baggage transfer and other services and provide for regular periodic settlement of their accounts, either directly or through a clearinghouse. As outlined in the Ticket Holder Motion, the Debtor has interline agreements with Alaska Airlines and Hawaiian Airlines. These agreements are common in the airline industry as they create operating efficiencies for the carriers. These agreements also facilitate the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

purchase of tickets through travel agents.  Honoring the obligations to interline sales partners and travel agents, as described in the Ticket Holder Motion, is critical to the Debtor's business going forward.  Allowing the Supplement to the Interim Order would permit ACH to process such obligations under the Interline Agreements.

5.      Generally, the Debtor settles matters on the Industry Agreements through a clearinghouse, such as ARC, SIS, and ACH.  The Debtor is a member of ACH and a party to a Clearinghouse Agreement with ACH.  On a weekly basis, ACH aggregates invoices to the Debtors for ARC, SIS, and from the Debtor and calculates a net balance.  ACH then notifies the Debtor of the result.  As outlined in the Ticket Holder Motion, the Debtor may have amounts payable to third parties (travel agents and interline sales partners) that are processed by the clearinghouse on behalf of those third parties.  The Interim Order authorized the processing of these third party claims, but did not authorize ACH to make the appropriate processing under the Clearinghouse Agreement.  Allowing the Supplement to the Interim Order would permit ACH to process such obligations under the Clearinghouse Agreement.

6.      As outlined in the Ticket Holder Motion, Debtor uses ARC for the processing of amounts to be paid on account of bookings with travel agents.  Processing under the ARC Agreement was authorized under the Interim Order, and the requested supplement merely clarifies this.

7.      Similar to the Interline Agreements, the Debtor also has Alliance Agreements with Alaska Airlines and Hawaiian Airlines.  The Alliance Agreements provide for cooperative marketing efforts with the Debtor's interline sales partners.  Debtor does not believe that there are any amounts due, prepetition, under the Alliance Agreements, but

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

request a supplement to the Interim Order to provide that such agreements will be honored under the same restrictions as any other Interline Sales Claim provided under the Interim Order.

8.      Again, in keeping with the interline sales relationships with Alaska Airlines and Hawaiian Airlines, the Debtor has Codesharing Agreements with each of its partners. The Codesharing Agreements allow the Debtor to provide air transportation services to Alaska and Hawaiian customers on various flight routes, using Alaska and Hawaiian flight destinator codes.  The Debtor received compensation from Alaska and Hawaiian under such agreements and Debtor's customers receive customer service and other service functions from Alaska and Hawaiian under the same agreements.  Any amounts owed to Debtor would not exceed the amount allocated under the Interline Sales Claims in the Interim Order, and the supplement would ensure that ACH continues to process any amounts that arise under the Codesharing Agreements.

9.      Airline Tariff Publishing Company ("ATPCO") facilitates the publication of airline tariff filings that are communicated by ATPCO to ticket vendors by agreement with the Debtor.  The APTCO Agreement ensures that the Debtor is able to comply with government requirements and maintain competitive pricing.  Debtor believes that no amount is owed under the APTCO Agreement, but, if so, it would not exceed the amounts provided for in the Interim Order for honoring prepetition obligations.  Debtor requests a supplement to the Interim Order to ensure that any amounts that are due will be processed by ACH.

10.     The Interim Order granting the Ticket Holder Motion allowed the continued processing of prepetition obligations by ARC and SIS, within certain restrictions, but did not

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

include relief for ACH.  Debtor brings this Motion to supplement the Interim Order and allow such relief for ACH under the Industry Agreements.

11.     A copy of the proposed Supplemental Interim Order is attached hereto as **Exhibit A** and incorporated into this Motion by reference.  The attached Supplemental Interim Order has been approved as to form by counsel for ACH.

12.     Debtor has pending settlements (for payment of setoffs, refunds, and other related charges) with ACH and entry of the Supplemental Interim Order is critical to allowing such settlements to proceed without interruption.  For that reason, Debtor requests that the Supplemental Interim Order be granted *nunc pro tunc* to February 5, 2016.

13.     Nothing in the Supplemental Interim Order expands or otherwise changes the dollar limitations or other restrictions imposed for payment of any of the prepetition obligations under the Interim Order.

WHEREFORE, the Debtor requests that the Court grant this Motion and supplement the Interim Order by entering the Supplemental Interim Order attached hereto.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks_____
　　　Robert J Vanden Bos, OSB #78100
　　　Douglas R. Ricks, OSB #044026
　　　Christopher N. Coyle, OSB #07350
　　　Of Attorneys for Debtor-in-Possession

/ / /

/ / /

/ / /

MOTION TO SUPPLEMENT NUNC PRO TUNC THE INTERIM ORDER RE MOTION FOR AN ORDER  AUTHORIZING PAYMENT OR HONORING OF PREPETITION OBLIGATIONS TO TICKET HOLDERS, TRAVEL AGENTS AND INTERLINE SALES PARTNERS AND OBLIGATIONS FOR BANK CHARGE ENTERED ON FEBRUARY 5, 2015 (Docket No. 25)
**Expedited Hearing Requested**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**VERIFICATION**

I, Timothy F. Sieber, the President of SeaPort Airlines, Inc., declare under penalty of perjury that the facts set forth in the foregoing Motion to Supplement Nunc Pro Tunc the "Interim Order re Motion for an Order Authorizing Payment or Honoring of Prepetition Obligations to Ticket Holders, Travel Agents and Interline Sales Partners and Obligations for Bank Charge Entered on February 5, 2015 (Docket No. 25)" are true and correct according to the best of my knowledge, information and belief.

Executed on: February 9th, 2016.

SEAPORT AIRLINES, INC.

By:/s/Timothy F. Sieber _____
        Timothy F. Sieber, President

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | SUPPLEMENTAL INTERIM ORDER *NUNC* |
| | ) | *PRO TUNC* TO INTERIM ORDER RE MOTION |
| | ) | AUTHORIZING PAYMENT OR HONORING OF |
| | ) | PREPETITION OBLIGATIONS TO TICKET |
| | ) | HOLDERS, TRAVEL AGENTS AND INTERLINE |
| | ) | SALES PARTNERS AND OBLIGATIONS FOR |
| | ) | BANK CHARGES ENTERED ON FEBRUARY 5, |
| Debtor-in-Possession. | ) | 2015 (DOCKET NO. 25) |

Based on Debtor-in-Possession, SeaPort Airlines, Inc.'s ("Debtor") Motion to

Supplement *Nunc Pro Tunc* the Interim Order Re Motion for an Order  Authorizing

Payment or Honoring of Prepetition Obligations to Ticket Holders, Travel Agents and

Interline Sales Partners and Obligations for Bank Charges Entered on February 5, 2015

(Docket No. 25) and the Court being otherwise fully advised, it is hereby

ORDERED as follows:

1.      The Debtor's Motion is granted and the Interim Order Re Motion for an

Order  Authorizing Payment or Honoring of Prepetition Obligations to Ticket Holders,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**Exhibit A - Page 1 of 3**

Travel Agents and Interline Sales Partners and Obligations for Bank Charges Entered on February 5, 2015 (Docket No. 25) (the "Interim Order") is supplemented with the provisions of this Order;

2.      Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not directed, to honor and/or pay the valid, accrued, and unpaid prepetition obligations under the Interline Agreements, Clearinghouse Agreements, ARC Agreement, Alliance Agreements, Codeshare Agreements, and the ATPCO Agreement (collectively, the "Industry Agreements") in the ordinary course of the Debtor's business, to the extent necessary to avoid immediate and irreparable harm;

3.      Airlines Clearing House Inc. ("ACH") and any other party authorized to administer the Debtor's bank accounts under the Order Granting Debtor's Motion for Order Authorizing Maintenance of Cash Management Systems and for Continued Use of Certain Existing Bank Accounts (Dkt. No. 31) (as defined in the Motion (Dkt. 9)) shall be, and hereby are authorized, when the Debtor requests and within the restrictions under the Interim Order (Docket No. 25), to receive, process, honor, and pay and any other transfers that are related to the prepetition obligations under the Industry Agreements and the costs and expenses incidental thereto, whether those checks or transfers were presented prior to or after the commencement of this Chapter 11 case, provided that sufficient funds are available in the accounts to make such payments;

4.      The automatic stay extant under section 362(a) of the Bankruptcy Code is modified for the limited purpose and to the extent necessary to permit ACH and any other clearinghouses to follow its normal procedures for settling accounts relating to the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**Exhibit A - Page 2 of 3**

Case 16-30406-rld11    Doc 45    Filed 02/09/16

Industry Agreements, and the foregoing relief shall not otherwise affect the Debtor's rights to enforce the automatic stay provisions of section 362(a) of the Bankruptcy Code with respect to any creditor who demands payment of their prepetition debts as a condition to doing business with the Debtor postpetition, which such rights are preserved;

5.     That notwithstanding any applicability of Bankruptcy Rule 6004, the terms of this Supplemental Interim Order shall be immediately effective *nunc pro tunc* to February 5, 2016 and enforceable upon its entry.

### ###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

/s/Douglas R. Ricks
Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

        Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

Page 3 of 3 - SUPPLEMENTAL INTERIM ORDER NUNC PRO TUNC TO INTERIM ORDER RE MOTION AUTHORIZING PAYMENT OR HONORING OF PREPETITION OBLIGATIONS TO TICKET HOLDERS, TRAVEL AGENTS AND INTERLINE SALES PARTNERS AND OBLIGATIONS FOR BANK CHARGES ENTERED ON FEBRUARY 5, 2015 (DOCKET NO. 25)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**Exhibit A - Page 3 of 3**

Case 16-30406-rld11    Doc 45    Filed 02/09/16

In re  SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11

CERTIFICATE - TRUE COPY

DATE:            February 9, 2016

DOCUMENT:     MOTION TO SUPPLEMENT NUNC PRO TUNC THE "INTERIM
                ORDER RE MOTION FOR AN ORDER AUTHORIZING
                PAYMENT OR HONORING OF PREPETITION OBLIGATIONS
                TO TICKET HOLDERS, TRAVEL AGENTS AND INTERLINE
                SALES PARTNERS AND OBLIGATIONS FOR BANK CHARGES
                ENTERED ON FEBRUARY 5, 2015 (Docket No. 25)" **Expedited
                Hearing Requested**

        I hereby certify that I prepared the foregoing copy of the foregoing named
document and have carefully compared the same with the original thereof and it is a
correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

        I hereby certify that I served a copy of the foregoing on:

        **See Attached List**.


by mailing a copy of the above-named document to each of them in a sealed
envelope, addressed to each of them at his or her last known address.  Said
envelopes were deposited in the Post Office at Portland, Oregon, on the below date,
postage prepaid.

        I hereby certify that the foregoing was served on all CM/ECF participants
through the Court's Case Management/Electronic Case File system on the date set
forth below.

        Dated:  February 9, 2016

                        VANDEN BOS & CHAPMAN, LLP


                        By:/s/Douglas R. Ricks_____
                            Robert J Vanden Bos, OSB #78100
                            Douglas R. Ricks, OSB #044026
                            Christopher N. Coyle, OSB #07350
                            Of Attorneys for Debtor-in-Possession

In re SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11
Service List

**First Class Mail:**

SeaPort Airlines, Inc.
Attn: Timothy Sieber
7505 NE Airport Way
Portland, OR 97218

**Largest 20 Unsecured Creditors:**

154 West Aviation Enterprises, Inc.
c/o Kirk A. Hoopingarner Attorney
Partner Quarles & Brady LLP
300 N LaSalle St, # 4000
Chicago, IL 60654
**VIA EMAIL:**
**Kirk.Hoopingarner@quarles.com**

Accounting Principals
Attn: Jonathon Schussler
10151 Deerwood Park Blvd
Bldg 200 Suite 400
Jacksonville, FL 32256
**VIA EMAIL:**
**Jonathan.Schussler@Adeccona.com**

Aero Services
Attn: Brooke Walker
1890 Renshaw Way
Juneau, AK 99801
**VIA EMAIL:**
**Brooke.Walker@atlanticaviation.com**

Airline Maintenance Service Inc.
Attn: Erick Larson
1 Terminal Way Suite 302
Nashville, TN 37214
**VIA EMAIL:**
**erick.larson@airlinems.com**

American Express
Attn: Carley Lehr
PO Box 53852
Phoenix, AZ 85072
**VIA EMAIL: Carley.Lehr@aexp.com**

Atlantic Burbank
Attn: LaVonne Sears
PO Box 79648
City of Industry, CA 91716
**VIA EMAIL:**
**lavonne.sears@atlanticaviation.com**

Aviall Services, Inc.
Attn: Allison McCullough
P.O. BOX 842267
Dallas, TX 75284
**VIA EMAIL:**
**amccullough@aviall.com**

City of Memphis, Treasurer
Attn: Angela Washington
Box 185
Memphis, TN 38101
**VIA EMAIL:**
**angelaw@mscaa.com**

DASH CA, Inc.
Attn: Pat Kerrigan
250 St Andrews Way
Lompock, CA 93436
**VIA EMAIL:**
**patkdashca@aol.com**

Executive Express Aviation, LLC
Attn: Keith Sisson
43W700 US Highway 30
Sugar Grove, IL 60554
**VIA EMAIL:**
**k.sisson@iflysouthern.com**

Hill Fuel LLC
Attn: Aldwin Harder
Box 808
Hoonah, AK 99829
**VIA EMAIL:**
**hillfuel12@gmail.com**

Kenyon International
  Emergency Svcs Inc.
Attn: Aldwin Harder
5180 Grand Point Drive
Houston, TX 77090
**VIA EMAIL:**
**wbody@pattersonboyd.com**

Lane Powell
Attn: David Hosenpud
1420 Fifth Avenue Suite 4200
Seattle, WA 98111
**VIA EMAIL:**
**HosenpudD@LanePowell.com**

Memphis Propeller Service, Inc.
Attn: Leslie Davis
11098 Willow Ridge Drive
Olive Branch, MS 38654
**VIA EMAIL:**
**Leslie@memphispropeller.com**

Olson Brooksby PC
Attn: Scott Brooksby
200 Pacific Building
520 SW Yamhill Street
Portland, OR 97204
**VIA EMAIL:**
**sbrooksby@olsonbrooksby.com**

Petro Marine Services/Alaska
  Oil Sales
Attn: Aaron Sperbeck, Esq.
Box 396
Skagway, AK 99840
**VIA EMAIL: asperbeck@bhb.com**

Prime Turbines
Attn: Robert W. Coleman
PO Box 956
Hyannis, MA 02601
**VIA EMAIL:**
**rcoleman@primeturbines.com**

Sabre Group, Inc.
Attn: Russ Perkins
7285 Collection Center Dr.
Chicago, IL 60693
**VIA EMAIL: russ.perkins@sabre.com**

Tom's Aircraft Maintenance
Attn: Tom Jacobson
2641 E. Spring Street
Long Beach, CA 90806
**VIA EMAIL: tom@tomsaircraft.com**

Travelport, LP
BV c/o Bank of America Lockbox
Attn: Rhonda Shultes
PO Box 402395
Atlanta, GA 30384
**VIA EMAIL:**
**Rhonda.Shultes@travelport.com**

**U.S. Trustee's Office:**

Carla McClurg
US Trustee's Office
620 SW Main Street, Rm 213
Portland, OR 97205
**VIA EMAIL:**
**Carla.McClurg@usdoj.gov**

**Electronic Mail:**

The foregoing was served on all
CM/ECF participants through the
Court's Case Management/ Electronic
Case File system.