Below is an Order of the Court.

_Randall L. Dunn_
RANDALL L. DUNN
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | INTERIM ORDER AUTHORIZING DEBTOR TO |
| | ) | OBTAIN UNSECURED CREDIT AND SETTING |
| | ) | FINAL HEARING PURSUANT TO |
| Debtor-in-Possession. | ) | BANKRUPTCY RULE 4001 |

THIS MATTER having come before the Court on February 10, 2016 upon

Debtor's Motion for Interim and Final Orders Authorizing Debtor to Obtain Unsecured

Credit (the "Motion"); notice of the Motion having been given pursuant to Bankruptcy

Rule 4001(c) and LBR 4001 1.D; the Court having heard and considered the arguments

of counsel and all relevant pleadings, exhibits, and documents of record in this case,

and the representation of counsel at the time of hearing; now, therefore,

### FINDINGS

The Court finds as follows:

A.    On February 5, 2016 (the "Petition Date"), Debtor filed a Voluntary Petition

for relief under Chapter 11 of Title 11 of the United States Code.

Page 1 of 5 - INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN UNSECURED CREDIT AND SETTING
FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 58    Filed 02/11/16

B.    Debtor continues in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

C.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

D.    Fountain Village Development, LLC ("FVD") has agreed to extend postpetition loans to Debtor on an unsecured basis pursuant to 11 U.S.C. § 364(b) on the terms set forth in the Loan Agreement attached hereto as **Exhibit A** (the "Loan Agreement").

E.    Debtor requires financing in order to enable Debtor to maintain business operations and otherwise meet immediate financial demands.  Without such financing, Debtor will be unable to pay wages, salaries, employee benefits, and operating expenses, and the enterprise value of Debtor's business will be diminished.  Debtor's ability to maintain and preserve its assets and effect an orderly and efficient reorganization will be seriously jeopardized, to the substantial detriment of creditors, employees and other parties in interest.

F.    Debtor has concluded it will not be able to adequately finance its business operations by using only cash flow from operations, and Debtor has concluded it needs to obtain additional capital in order to finance its operations.

G.    Debtor is unable to obtain adequate financing on equal or more favorable terms than those offered by FVD.

H.    Debtor believes the proposed terms and conditions of the financial accommodations provided in the Loan Agreement are fair and equitable, and in the best interest of Debtor's estate.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

I.     An immediate need exists for Debtor to obtain credit in order to enable

Debtor to operate its business pending a final hearing on the Motion and to avoid

immediate and irreparable harm to Debtor, its estate and its creditors.

Based on the foregoing, good causes exist to grant the Motion on an interim basis and

to enter this Interim Order.  Now, therefore,

IT IS HEREBY ORDERED as follows:

1.     The Loan Agreement is approved in its entirety for the interim period

pending further hearing, except that the following language included in the final

paragraph of the Optional Advance Note (incorporated into the Loan Agreement) is not

approved:  "Borrower hereby waives presentment, demand, notice of nonpayment, and

all other notices and acts to which Borrower might otherwise be entitled under

applicable law."

2.     Debtor is authorized to execute, if not previously executed, and deliver to

FVD the Loan Agreement and the Optional Advance Note.

3.     Debtor is authorized and directed to incur indebtedness under the terms of

the Loan Agreement and otherwise make such payments and perform such obligations

as required or permitted under the terms of the Loan Agreement.

4.     FVD is granted, pursuant to Section 364(b) of the Bankruptcy Code,

administrative expense priority allowable under Section 503(b)(1) of the Bankruptcy

Code with respect to all loans and advances made pursuant to the Loan Agreement;

provided that Debtor shall not borrow more than $500,000 during the term of this

Interim Order.

5.     FVD's unsecured administrative expense claim under Sections 364(b) and

503(b)(1) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

the U.S. Trustee pursuant to 11 U.S.C. § 1930(a) and (b) unpaid administrative expense claims in an amount not to exceed $100,000 for professional fees and expenses incurred prior to entry of any order converting this case to a case under Chapter 7 of the Bankruptcy Code and allowed pursuant to 11 U.S.C. § 330.

6.     If any or all provisions of this Order are hereafter reversed, modified, vacated or stayed by any subsequent order of this Court, such reversal, modification, vacation or stay shall not affect the validity of any obligation to FVD that is or was incurred by Debtor pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation or stay.  Such reversal, modification, vacation or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

7.     By 12:00 p.m. on February 23, 2016, the Debtor shall:

(a)    File a report summarizing all amounts borrowed on an interim basis as authorized by this Order from FVD; and

(b)    Provide to the U.S. Trustee, any Official Committee of Unsecured Creditors (if one has been organized), counsel for the Official Committee of Unsecured Creditors (if appointed), secured creditors, and any creditors or parties in interest who request a copy of the budget before February 23, 2016 by contacting counsel for the Debtor: an updated budget, similar in format to Debtor's **Exhibit 1**, which was admitted at the February 10, 2016 hearing, to provide projected income and expenses for the 120 days following the Petition Date.

8.     The final hearing on the Motion shall be held by the Court in Courtroom #3 of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Avenue, Portland, Oregon 97204, on February 26, 2016 at 9:00 a.m., or as soon

thereafter as counsel may be heard. Within three business days after the entry hereof,

Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the

final hearing, pursuant to LBR 4001-1.D and LBF 541.50.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
Telephone: (503) 241-4869
Fax: (503) 241-3731

　　　　Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting Debtor's attorney.)

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

Page 5 of 5 - INTERIM ORDER AUTHORIZING DEBTOR TO OBTAIN UNSECURED CREDIT AND SETTING
FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 58    Filed 02/11/16

In re  SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11

# EXHIBIT A

# LOAN AGREEMENT

# LOAN AGREEMENT

This Loan Agreement ("Agreement") is made and entered into as of February _____, 2016 by and between Fountain Village Development, LLC ("FVD") and SeaPort Airlines, Inc.("Borrower").

## R E C I T A L S:

A.      Borrower is a Debtor and Debtor-in-Possession in a bankruptcy case pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 16-30406-rld11 (the "Bankruptcy Case").

B.      Borrower has filed Debtor's Motion for Interim and Final Orders Authorizing Debtor to Obtain Unsecured Credit (the "Motion").  The Motion seeks interim and final authorization for Borrower to execute this Agreement and obtain financing pursuant to 11 USC § 364(b).

C.      FVD is an affiliate of Borrower as that term is defined in 11 U.S.C. § 101(2)(B).

D.      FVD is committed to support the recapitalization of Borrower and the development and confirmation of a plan of reorganization in the Bankruptcy Case.  FVD wishes to make postpetition loans and advances to Borrower and to otherwise support the reorganization of Borrower.

## A G R E E M E N T:

NOW, THEREFORE, the parties hereto agree as follows:

1.      This Agreement will be effective upon the entry by the Bankruptcy Court in the Bankruptcy Case of an order authorizing the execution, delivery and performance of this Agreement and granting to FVD an administrative expense priority under 11 U.S.C. §§ 503(b)(1) and 364(b) for all advances made pursuant to this Agreement (the "Effective Date").

2.      On the Effective Date, Borrower shall execute and deliver to FVD the Optional Advance Note attached hereto as **Exhibit A-1** (the "Optional Advance Note"). FVD may make advances to Borrower in a principal amount totaling up to $1,000,000 hereinafter provided.

3.      All loans and advances made by FVD to Borrower shall be deemed advances under the Optional Advance Note and shall be endorsed on Annex A to the Optional Advance Note.

4.      The entire balance of all indebtedness, including all principal and interest, owed on the Optional Advance Note shall be due and payable in full on the earlier of (a)

the Effective Date of any plan of reorganization confirmed in the Bankruptcy Case; (b) the date of the entry of an order by the Bankruptcy Court converting either of the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code; (c) the date of entry of an order of the Bankruptcy Court appointing a trustee under Chapter 11 of the Bankruptcy Code; or (d) August 31, 2016 (the "Termination Date").

     5.    FVD's unsecured administration claim under Section 364(b) of the Bankruptcy Code shall be subject and subordinate to (a) unpaid fees of the U.S. Trustee pursuant to 11 U.S.C. § 1930(a) and (b) unpaid administrative expense claims in a total amount not to exceed $100,000 for professional fees and expenses allowed pursuant to 11 U.S.C. § 330 and incurred prior to the entry of any order converting this case to a case under Chapter 7 of the Bankruptcy Code.

FOUNTAIN VILLAGE DEVELOPMENT LLC


By:_____
Its:_____

SEAPORT AIRLINES, INC.


By:_____
Its:_____

In re  SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11

# EXHIBIT A-1

# OPTIONAL ADVANCE NOTE

# OPTIONAL ADVANCE NOTE

February _____, 2016                                    Portland, Oregon

     FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, SeaPort Airlines, Inc. ("Borrower"), promises to pay to the order of Fountain Village Development, LLC ("Lender") at 115 SW Ash Street, Suite 500, Portland, Oregon 97204, or such other address as Lender may designate, the amount of all loans, advances or other extensions of credit made by Lender to Borrower from time to time, together with all interest accrued thereon.

     Borrower is a debtor and debtor-in-possession in a bankruptcy case pending in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") as Case No. 16-30406-rld11 (the "Bankruptcy Case"). The execution, delivery and performance of this Optional Advance Note have been authorized pursuant to an Order of the Bankruptcy Court entered in the Bankruptcy Case.
Borrower may obtain loans or advances under this Optional Advance Note for general operating purposes.

     Borrower promises to pay interest on the unpaid principal outstanding under this Optional Advance Note from the date each sum is loaned or advanced to Borrower through the date of payment to Lender at the rate of 9% per annum. Interest shall be calculated on the basis of a year deemed to consist of 365 days.

     A schedule for recording advances by Lender, and payments of principal and interest by Borrower, is attached as Annex A. Lender is authorized to endorse the date and amount of each advance and each payment of the indebtedness reflected by this Note on Annex A, or on any continuation of Annex A, or on any ledger or other record customarily maintained by Lender. That endorsement, in the absence of manifest error, shall constitute prima facie evidence of the accuracy of the information so endorsed. This Note and all indebtedness owing on this Note shall be due and payable in full on the earlier of (a) the date on which any Plan of Reorganization confirmed in the Bankruptcy Case becomes effective; (b) the date of entry of an Order by the Bankruptcy Court converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code; (c) the date of entry of an order of the Bankruptcy Court in the Bankruptcy Case appointing a trustee under Chapter 11 of the Bankruptcy Code; or (c) August 31, 2016.

     Borrower may prepay all or any portion of this Optional Advance Note at any time without premium or penalty.

     No delay or omission on the part of Lender in the exercise of any right or remedy, whether before or after any event of default, shall operate as a waiver or impair Lender's right to fully and strictly enforce such right or remedy and every other provision of this Optional Advance Note.

SEAPORT AIRLINES, INC.

By:_____
Its:_____

**ANNEX A**

**SCHEDULE OF ADVANCES AND PAYMENTS**
**All Amounts in U.S. Dollars**

| DATE | PRINCIPAL ADVANCE | INTEREST | PAYMENT | CUMULATIVE BALANCE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| TOTAL | | | | |

IF " DOCVARIABLE "SWDocIDLocation" 5" = "5" "080000/02013/7000420v1 " "" 080000/02013/7000420v1

In re  SeaPort Airlines, Inc.;
Chapter 11 Bankruptcy Case No. 16-30406-rld11
Service List

**First Class Mail:**

SeaPort Airlines, Inc.
Attn:  Timothy Sieber
7505 NE Airport Way
Portland, OR  97218

**20 Largest Unsecured Creditors:**

Kenyon International
   Emergency Svcs Inc.
5180 Grand Point Drive
Houston, TX  77090
**VIA EMAIL:
wbody@pattersonboyd.com**

Executive Express Aviation, LLC

43W700 US Highway 30
Sugar Grove,  IL  60554
**VIA EMAIL:
k.sisson@iflysouthern.com**

Petro Marine Services/Alaska Oil
Sales
Box 396
Skagway, AK  99840
**VIA EMAIL: asperbeck@bhb.com**

American Express
PO Box 53852
Phoenix, AZ  85072
**VIA EMAIL:  Carley.Lehr@aexp.com**

154 West Aviation Enterprises, Inc.
c/o Kirk A. Hoopingarner Attorney
Partner Quarles & Brady LLP
300 N LaSalle St, # 4000
Chicago, IL  60654
**VIA EMAIL:
Kirk.Hoopingarner@quarles.com**

Prime Turbines
PO Box 956
Hyannis, MA  02601
**VIA EMAIL:
rcoleman@primeturbines.com**

Tom's Aircraft Maintenance
2641 E. Spring Street
Long Beach, CA  90806
**VIA EMAIL: tom@tomsaircraft.com**

City of Memphis, Treasurer
Box 185
Memphis, TN  38101
**VIA EMAIL: angelaw@mscaa.com**

Sabre Group, Inc.
7285 Collection Center Dr.
Chicago, IL  60693
**VIA EMAIL:
russ.perkins@sabre.com**

Olson Brooskby PC
200 Pacific Building
520 SW Yamhill Street
Portland, OR  97204
**VIA EMAIL:
sbrooksby@olsonbrooksby.com**

Lane Powell
1420 Fifth Avenue Suite 4200
Seattle, WA  98111
**VIA EMAIL:
HosenpudD@LanePowell.com**

Aviall Services, Inc.
P.O. BOX 842267
Dallas, TX  75284
**VIA EMAIL:
amccullough@aviall.com**

DASH CA, Inc.
250 St Andrews Way
Lompock, CA  93436
**VIA EMAIL: patkdashca@aol.com**

Travelport, LP
BV c/o Bank of America Lockbox
Attn: William Evans. Sr. Comm Mgr.
   Air Commerce
PO Box 402395
Atlanta, GA  30384
**VIA EMAIL:
william.evans@travelport.com**

Hill Fuel LLC
Box 808
Hoonah, AK  99829
**VIA EMAIL: hillfuel12@gmail.com**

Memphis Propeller Service, Inc.
11098 Willow Ridge Drive
Olive Branch, MS  38654
**VIA EMAIL:
Leslie@memphispropeller.com**

Aero Services
1890 Renshaw Way
Juneau, AK  99801
**VIA EMAIL:
Brooke.Walker@atlanticaviation.com**

Airline Maintenance Service Inc.
1 Terminal Way Suite 302
Nashville, TN  37214
**VIA EMAIL:
erick.larson@airlinems.com**

Accounting Principals
10151 Deerwood Park Blvd
Bldg 200 Suite 400
Jacksonville, FL  32256
**VIA EMAIL:
Jonathan.Schussler@Adeccona.com**

Atlantic Burbank
PO Box 79648
City of Industry, CA  91716
**VIA EMAIL:
lavonne.sears@atlanticaviation.com**

R2 Tech Systems
25 West Middle Lane
Rockville, MD  20850
**VIA EMAIL: ronie@r2tec.com**

Duncan Aviation
PO Box 956153 S
St. Louis, MO  63195
**VIA EMAIL:
Leslie.Bliss@duncanaviation.com**

Earthlink Business
1058 PO Box 2252
Birmingham, AL  35246
**VIA EMAIL:  jpoverud@elnk.com**

**U.S. Trustee's Office:**
Carla McClurg
US Trustee's Office
851 SW Sixth Ave., Suite 1300
Portland, Oregon  97204
**VIA EMAIL:
Carla.McClurg@usdoj.gov**

**Electronic Mail:**

The foregoing was served on all
CM/ECF participants through the Court's
Case Management/ Electronic Case File
system.