Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

     Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | APPLICATION FOR AUTHORITY TO |
| | ) | EMPLOY PROFESSIONAL *NUNC PRO TUNC* |
| | ) | TO PETITION DATE - Special Counsel - Hogan |
| Debtor-in-Possession. | ) | Lovells US LLP (Robert E. Cohn) |

Pursuant to 11 U.S.C. §327 and Bankruptcy Rule 2014, SeaPort Airlines, Inc.,

("Debtor") makes application to the court for authority to employ the law firm of Hogan

Lovells US LLP (Robert E. Cohn), 555 Thirteenth Street, NW, Washington DC 20004;

telephone: (202) 637-4999 (the "Professional") as the estate's special counsel to provide

aviation regulatory legal services to Debtor. This work would entail counseling client

regarding federal aviation regulatory issues, discussions/meetings and preparation of

regulatory filings and documents with, the federal agencies, including the U.S. Department

of Transportation (DOT), Federal Aviation Administration (FAA) and the Transportation

Security Administration, including the following matters: operations and "fitness" issues,

Essential Air Services matters, airport access issues, security issues, and federal

compliance matters. In support of this application, Debtor represents:

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

1.     On February 5, 2016 (the "Petition Date"), Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code.

2.     Debtor wishes to employ the Professional as its special counsel in this proceeding.

3.     Debtor has selected Professional for the reason that Professional has experience in the areas of regulatory matters and representation of clients in proceedings with the DOT, FAA and the Transportation Security Administration, including the following matters: operations and "fitness" issues, Essential Air Services matters, airport access issues, security issues, and federal compliance matters.

4.     To the best of Debtor's knowledge, the Professional has no connection with the creditors or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified Statement on file herein.

5.     To the best of Debtor's knowledge the Professional represents no interest adverse to Debtor or the estate, except as disclosed in the Rule 2014 Verified Statement on file herein.

6.     The proposed rate of compensation, subject to final court approval, is the customary, hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Debtor-in-Possession. The current hourly rates are as follows:

| | |
|---|---|
| Robert E. Cohn, Partner | $850.00 |
| Patrick R. Rizzi, Counsel | $715.00 |
| Jonathan Echmalian, Transportation Specialist | $390.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

increased experience and expertise.   Professional's fees are estimated at $75,000.

Compensation shall not exceed $75,000 without further application to the Court.

7.     Attached as **Exhibit A** is a copy of the Professional's curricula vitae which

shows the qualifications of the Professional to perform the services required to be

performed on behalf of the Debtor.

8.     Prior to the Petition Date, the Professional provided legal services to the

Debtor.  As of the Petition Date, Professional's unpaid billings to the Debtor are

approximately $2,332, as stated in the accompanying Rule 2014 Verified Statement of

Proposed Professional.

9.     Due to the Debtor's need for counsel for representation and advice in

regulatory matters with the DOT, FAA and the Transportation Security Administration

associated with Debtor's business, Professional began performing post-petition work for

Debtor on the Petition Date.  Debtor therefore requests that the application in this case be

granted *nunc pro tunc* to the Petition Date.

WHEREFORE, Debtor prays that Debtor be authorized to employ and appoint

Professional as special counsel to Debtor-in-Possession in this proceeding under Chapter

11 of the Bankruptcy Code and that such authority be granted *nunc pro tunc* to the Petition

Date.

DATED:  March 11, 2016

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos_____
     Robert J Vanden Bos, OSB #78100
     Douglas R. Ricks, OSB #044026
     Christopher N. Coyle, OSB #07350
     Of Attorneys for Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# Our Team

## Robert E. Cohn

Partner, Washington, D.C.

Robert Cohn is the head of Hogan Lovells' Aviation practice group. He has focused on aviation law for decades. Robert has a broad array of clients spanning every facet of aerospace and aviation including major U.S. scheduled airlines, foreign airlines, regional airlines, municipalities, airport owners and operators, charter airlines, helicopter operators, new entrant airlines, low cost carriers, aircraft manufacturers, maintenance/repair/overhaul companies, industry trade associations, tour operators/travel agencies, aviation technology companies, and airline venture capital investor groups.

He practices extensively before various agencies of the federal government on transportation and aviation issues, including the U.S. Department of Transportation (DOT), Federal Aviation Administration (FAA), Department of Homeland Security (DHS), Transportation Security Administration (TSA), Department of State (DOS), and Department of Justice (DOJ) and before Congress.

Robert's varied practice includes counseling and representation of airports and airlines in connection DOT and FAA regulatory and compliance issues, international airline alliances, including antitrust immunity and joint ventures, DOT route proceedings, airport slots, and domestic and international air service development. He advises clients on Airport Improvement Program (AIP) grants and Passenger Facility Charge (PFC) authorizations, environmental issues, airport rates and charges and revenue use issues, airport and airline security, bankruptcy, antitrust, and aircraft certification. Robert also advises clients in appellate and trial litigation in the federal courts, and on legislative matters in Congress.

Robert's practice also includes complex commercial transactions, including airline alliances and joint ventures, airport use and lease agreements, aircraft acquisitions and financing, mergers and acquisitions, U.S. Export Import Bank financings, and public private partnerships. He is outside aviation counsel to major airports. He served as aviation counsel to consortia considering bids to privatize two U.S. airports. He also served as regulatory and transactional counsel to an airport commission established to develop a new third airport in the south suburbs of Chicago.

Before entering private practice, Robert held a number of senior policy



**T** +1 202 637 4999
robert.cohn@hoganlovells.com

**Practices**
Aviation
Antitrust, Competition and Economic Regulation
Administrative and Public Law
Asset Finance
Leveraged and Acquisition Finance
Appellate
Legislation and Political Law Compliance
Government Regulatory
Environment

**Industry sectors**
Infrastructure
Aviation
Transportation
Aerospace, Defense, and Government Services

**Area of Focus**
Aviation - Regulatory
Aviation - Commercial Transactions (Aircraft and Equipment Leases, Acquisition, and Financing)

**Exhibit A - Page 1 of 8**

positions at the Civil Aeronautics Board (CAB), including executive assistant to three CAB Members, including the Chairman of the CAB. He was also general counsel to People Express Airlines, one of the largest post-deregulation new entrant airlines.

Aviation - Legislative

Aviation - Litigation

**Education**
J.D., Georgetown University Law Center, 1969

B.A., Syracuse University, 1966

**Awards/Rankings**
*Chambers USA,* Transportation: Aviation: Regulatory and Litigation, 2005-2006; Regulatory, 2007-2015

Martindale-Hubbell Top Rated Lawyer, D.C./Baltimore Area: For Ethical Standards and Legal Ability, 2014

**Memberships**
Member, American Bar Association

Member, Federal Bar Association

Member, International Aviation Club

Member, Aero Club

**Bar Admissions / Qualifications**
District of Columbia

**Court Admissions**
U.S. District Court, District of Columbia

U.S. Court of Appeals, District of Columbia Circuit

U.S. Court of Appeals, Fifth Circuit

U.S. Court of Appeals, Eleventh Circuit

U.S. Supreme Court

# Patrick R. Rizzi

Counsel, Washington, D.C.



Pat Rizzi's practice focuses on aviation regulatory law, aviation litigation, aviation transactions, and complex litigation. He has extensive transportation regulatory experience, advising passenger and cargo airlines, airports, infrastructure and development companies, on-demand air taxi operators, aerospace manufacturers, unmanned aircraft system operators, banks, investment firms, and government agencies on international and domestic aviation regulatory issues. He advises clients in areas such as operations, compliance, customer service, licensing, advertising, airport access, comparative selection proceedings, international route rights, alliances, marketing arrangements, aviation-related transactions, government investigations, airport privatization, and airline/aviation financing transactions, among others.

He also has a substantial amount of federal court and administrative litigation experience on behalf of aviation clients, as well as complex litigation experience primarily defending corporate clients in class action and complex lawsuits in federal and state courts throughout the United States.

Prior to joining Hogan & Hartson (now Hogan Lovells), Pat spent over 13 years in the Washington, D.C. office of another major international law firm.

**T** +1 202 637 5659
patrick.rizzi@hoganlovells.com

**Practices**
Aviation
Litigation and Arbitration
Class Actions
Government Regulatory
Administrative and Public Law

**Industry sectors**
Aviation
Transportation
Automotive
Infrastructure
Road and Rail

**Area of Focus**
Aviation - Regulatory
Aviation - Litigation
Aviation - Financing Transactions
Aviation - Unmanned Aircraft Systems
Litigation - Class Actions
Litigation - Products Liability
Litigation - Transportation

**Representative Experience**

- Represented clients before the U.S. Department of Transportation (DOT) on various matters, including international route authority proceedings, domestic airport access, consumer-related rulemakings, transactions, and investigations.

- Regularly counseled aviation clients on operational and compliance issues under U.S. aviation regulations and laws, including safety, competition, licensing, advertising, customer service, and airline alliances, and on proposed aviation-related rulemakings by U.S. government agencies.

- Formulated advocacy strategies and drafted filings about aviation issues for submission to various government agencies, including the DOT, Federal Aviation Administration (FAA), Customs and Border Protection, Transportation Security Administration, Canadian

Transportation Agency, and Transport Canada.

- Defended clients in enforcement investigations and related proceedings instituted by the DOT and FAA.

- Counseled air carriers, aerospace/aviation companies, banks, and investment firms regarding financing transactions and restructuring issues for airlines and repair stations.

- Counseled airports on AIP and PFC issues, land usage, minimum standards, federal grant assurances, operational and other compliance issues, and FAA audits.

- Advised financial and infrastructure companies on airport privatizations.

- Advised companies on regulations, rulemakings, acquisitions, and compliance involving unmanned aircraft systems (UAS).

- Counseled governments on civil aviation policy.

- Represented new entrant carriers seeking initial certificate authority from the DOT.

- Represented airlines in federal court litigation involving regulatory issues.

- *Republic Airline Inc. v. U.S. Dep't of Transportation*, 669 F.3d 296 (D.C. Cir. 2012) (granting airline's petition for review and vacating DOT Order withdrawing slot exemptions from airline)

- *Northern Air Cargo v. U.S. Postal Service and Peninsula Airways*, 674 F.3d 852 (D.C. Cir. 2012)

- *Northern Air Cargo v. U.S. Postal Service and Peninsula Airways*, 789 F. Supp.2d 120 (D.D.C. 2011)

- *Northern Air Cargo v. U.S. Postal Service and Peninsula Airways*, 741 F. Supp.2d 41 (D.D.C. 2010)

- Defended companies in the automobile industry in class action and complex commercial litigation.*

- *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444 (Tex. 2000) (de-certifying class)*; *Ford Motor Co. v. Sheldon*, 113 S.W.3d 839 (Tex. App. 2003) (reversing class certification)*; *Ford Motor Co. v. Ocanas*, 138

**Education**
J.D., *Morton Geller Award*, New York University School of Law, 1993

B.S.B.A., *magna cum laude*, Georgetown University, 1990

**Awards/Rankings**
*Martindale - Hubbell Av Preeminent Rating*, 2009 - 2014

**Memberships**
Member, Air and Space Law Forum, ABA

Member, Committee on Aviation Litigation, ABA

Member, Committee on Class and Derivative Actions, ABA

Member, Aircraft Owners and Pilots Association

**Bar Admissions / Qualifications**
District of Columbia

Pennsylvania

**Court Admissions**
U.S. District Court, District of Columbia

U.S. Court of Appeals, District of Columbia Circuit

U.S. Court of Appeals, Fourth Circuit

U.S. Court of Appeals, Eighth Circuit

U.S. Supreme Court

S.W.3d 447 (Tex. App. 2004) (reversing certifications of statewide and nationwide classes)*; *Gordon v. Ford Motor Co.*, 687 N.Y.S.2d 369 (App. Div. 1999) (affirming trial court's denial of class certification)*; *In re Ford Motor Co. Vehicle Paint Litigation*, 182 F.R.D. 214 (E.D. La. 1998) (denying certification of a nationwide class)*; *In re Ford Motor Co. Ignition Switch Prods. Liab. Litigation*, 174 F.R.D. 332 (D.N.J. 1997) (denying class certification)*; *Portwood v. Ford Motor Co.*, 685 N.E.2d 941 (Ill. App. 1997) (dismissing complaint on time-bar grounds), *aff'd*, 701 N.E.2d 1102 (Ill. 1998)*; *Roland v. Ford Motor Co.* (Ga. Super. 2006) (denying certification of statewide class).*

*Matters handled prior to joining our legal practice.*

**Recent Presentations**

**September 2014**
Speaker, "Practical Aspects of Public Private Partnerships," ABA Project Finance and Development Committee Meeting, ABA Business Law Section Annual Meeting.

**August 2013**
Speaker, "Air Cargo Transfer Rights and the New Air Cargo Business Environment," 2013 Alaska International Air Cargo Summit.

**February 2011**
Co-Chair, 2011 Update Conference: Are the Clouds Lifting, ABA Forum on Air and Space Law.

**2005**
Member, Program Planning Committee, 2005 Annual Meeting, ABA Forum on Air and Space Law.

**HOGAN LOVELLS Publications**

"FAA Releases Rule on UAS Registration Requirements." *Unmanned Aircraft Systems Alert*, Hogan Lovells (12.15.2015)

"Moving UAS Policy Boundaries Forward: Flights Near People." *Unmanned Aircraft Systems Alert*, Hogan Lovells (12.03.2015)

"FAA Task Force Recommends Sweeping UAS Registration Requirements." *Unmanned Aircraft Systems Alert*, Hogan Lovells (11.23.2015)

"BREAKING: DOT Accepting Public Comments on UAS Registration

Requirements." *Unmanned Aircraft Systems Alert*, Hogan Lovells (10.22.2015)

"The Mexican Civil Aviation Authority Has Issued a New Mandatory Circular for all Remotely Piloted Aircraft Systems (RPAS) Operations." *International Trade Alert*, Hogan Lovells (05.20.2015)

"The Federal Aviation Administration (FAA) Issues Proposed Rule for Small Unmanned Aircraft Systems (UAS) Operations in the United States." *Unmanned Aircraft Systems Alert*, Hogan Lovells (02.18.2015)

"The FAA Has Issued Five More Exemptions for Commercial Use of Unmanned Aircraft Systems (UAS)." *Unmanned Aircraft Systems Alert*, Hogan Lovells (02.12.2015)

"The FAA Has Issued Five More Exemptions for Commercial Use of Unmanned Aircraft Systems." *Unmanned Aircraft Systems Alert*, Hogan Lovells (02.06.2015)

"New FAA Exemptions for Commercial Use of Unmanned Aircraft Systems." *Unmanned Aircraft Systems Alert*, Hogan Lovells (01.27.2015)

"Federal Aviation Administration grants exemptions for commercial use of unmanned aircraft systems." *Aviation Alert*, Hogan Lovells (10.14.2014)

"Obama Administration Announces Comprehensive Reforms for Permitting Large Infrastructure Projects." *Energy and Environment Alert*, Hogan Lovells (05.14.2014)

**Published Works**

"FAA Regulation of Airports." *Aviation Regulation in the United States*, American Bar Association, co-author (08.01.2014)

# Jonathan Echmalian

Transportation Specialist, Washington, D.C.

Jonathan Echmalian is an aviation regulatory specialist with comprehensive knowledge and experience pertaining to the rules, requirements, and procedures of the U.S. Department of Transportation (DOT), Federal Aviation Administration (FAA), Transportation Security Administration (TSA), U.S. Customs and Border Protection (CBP), and other Federal agencies that oversee aviation-related businesses. Jonathan focuses on a wide range of aviation matters, including DOT traffic rights, airline code-sharing, U.S. air carrier fitness issues, CBP landing rights, Visa Waiver Program (VWP) carrier approvals, FAA/TSA airspace authorizations, Part 129 operations specifications, cabotage concerns, fare advertising compliance, and bilateral agreement negotiations.



**T** +1 202 637 5439
jonathan.echmalian@hoganlovells.com

**Practices**
Aviation
Government Regulatory

**Area of Focus**
Aviation

**Education**
B.A., summa cum laude, The State University of New York, University at Buffalo, 1991

Jonathan is an adept analyst of aviation laws, regulations, policies, and treaties, and a skilled writer on aviation topics. He prepares DOT applications for economic authority, DOT pleadings, FAA certification applications, FAA petitions for exemption, regulatory instructions for aircraft operators, research memoranda, letters to government agencies requesting or objecting to the release of records under the Freedom of Information Act, and a variety of other legal documents advocating the interests of aviation clients.

In recent years, Jonathan has provided specialized assistance to foreign air carriers seeking to launch and expand service to the United States. Jonathan performs ongoing, timely services for numerous foreign airlines, including on-demand business jet operators, scheduled passenger airlines, and scheduled and charter all-cargo carriers. These carriers frequently rely on Jonathan to achieve compliance with evolving U.S. regulatory requirements.

Prior to joining Hogan & Hartson in 2005, Jonathan spent over a decade working for a prominent Washington, D.C. law firm, where he focused on regulatory and legislative matters on behalf of U.S. and foreign airlines, airports, aircraft manufacturers, repair stations, and a variety of other aviation interests.

**Representative Experience**

- Obtained VWP carrier approvals for foreign airlines of India, Russia, and the United Kingdom, and for multiple European business jet

operators.

- Prepared DOT applications for EU-U.S. open-skies authority for more than a dozen air carriers from EU Member States.

- Assisted a Russian airline in timely receipt of U.S. traffic rights and landing rights for its first scheduled service to the United States.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re                       )
                           ) Case No. _____
                           )
                           ) RULE 2014 VERIFIED STATEMENT
Debtor(s)           ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10.  The applicant is not a relative of a director, officer or person in control of the debtor.

11.  The applicant is not the managing agent of the debtor.

12.  The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13.  The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

Continuation of Rule 2014 Verified Statement
For Proposed Professional
(Hogan Lovells US LLP)

**Continuation Statement No. 13**:

To the best of my knowledge, information and belief, Hogan Lovells US LLP ("Hogan Lovells") represents no interest adverse to the Debtor or its estate in the matters upon which Hogan Lovells is to be engaged.

In preparing this disclosure, we used a set of procedures established by Hogan Lovells to determine its connections, if any, to parties that may have interests with respect to a debtor-client or its bankruptcy case.  In that regard, Hogan Lovells requested and obtained from the Debtor and from its bankruptcy counsel a list of the names of certain parties in interest in this chapter 11 case (the "Identified Parties").

Hogan Lovells maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Hogan Lovells to make and maintain these records. The conflict check system maintained by Hogan Lovells is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorneys in Hogan Lovells who are knowledgeable about the matter. It is the policy of Hogan Lovells that no new matter may be accepted or opened within Hogan Lovells without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties.  Accordingly, Hogan Lovells' conflict check system is intended to assure that the database is updated for every new matter undertaken by Hogan Lovells.  However, the scope and effectiveness of the system depend on the timeliness, completeness and accuracy of the information submitted by the attorneys opening new matters.

Hogan Lovells and Hogan Lovells International LLP have performed services in the past and may perform services in the future, in matters related and unrelated to this chapter 11 case, for persons that are creditors or other parties in interest in the Debtor's chapter 11 case including those among the Identified Parties.  As part of its customary practice, each of Hogan Lovells and Hogan Lovells International LLP is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtor, or other parties in interest in this chapter 11 case.  Neither Hogan Lovells nor Hogan Lovells International LLP holds, represents or has any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtor or its estate except as set forth below:

(a)    Set forth on **Schedule 13** attached hereto are those clients of Hogan Lovells and those of Hogan Lovells International LLP listed among the Identified Parties which are currently represented or whose affiliates are currently represented by Hogan Lovells or by Hogan Lovells International LLP, or which have been represented by Hogan Lovells or by Hogan Lovells International LLP in the past two years.  The fees received by Hogan Lovells from any client identified on Schedule 5 do not represent 1% or more of the annual revenue of Hogan Lovells.

(b)    Individual attorneys with Hogan Lovells may own equity and debt securities issued by the Debtor, its affiliates or other parties in interest.

To the best of my knowledge, formed after due inquiry, neither I, Hogan Lovells, nor any employee thereof has any connection with the Debtor or currently represents any of their creditors, other parties-in-interest, the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which Hogan Lovells is to be engaged, and Hogan Lovells, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, does not hold or represent any interest adverse to the Debtor, its estate or any class of creditors or equity interest holders, except: Hogan Lovells has represented Airlines Clearing House Inc. ("ACH") in assisting the Debtor, as an ACH participant, in preparing appropriate motions and orders for consideration by this Court to enable the Debtor to continue uninterrupted participation in ACH settlements of interline and other charges.

**Hogan Lovells currently represents, or has in the last 2 years represented, the following Conflict Search Parties in matters unrelated to the Debtor's case:**

ADP Commercial Leasing LLC
Airlines Clearing House, Inc.
Airlines for America
AIX Inc
Alaska Seaplanes
Alere eScreen (frm. Pembrooke Ocup.)
Amadeus [Need More Information]
American Express CC – JB
API [Need More Information]
ARINC
ASIG Portland
ASIG San Diego
AT & T Mobility
AT&T - BUR5519 - PHONE
AT&T - ELD8135
AT&T - ELD8509
AT&T - HOT0559-PHONE
AT&T - HOT5269-PHONE
AT&T - IPL- INTERNET
AT&T - IPL 1792
AT&T - IPL6674
AT&T - SLN 0930
AT&T - SLN9929
AT&T -VIS1038
AT&T
Atlantic Aviation
Atlantic Aviation – PDX
Aviall Services, Inc.
Bank of America VISA
Cascade Natural Gas Corp.
CenturyLink
CenturyLink-MCI
Centurylink - PDT
CenturyLink – PDX
Charter Communications
City of Kansas City
Comcast-7043436 BNA
COMCAST-DAVIS ST
Comcast – 9296
Courtyard by Marriott
Cox Communications-SLN (APT 4W)
Cox Communications - SLN ( Arnold ave)
Dash Group Inc
Dell
Earthlink Business
FedEx Freight
Flight Line Maintenance, LLC

Grainger, Inc.
Lufthansa German Airlines
Mutual of Omaha Insurance
Pitney Bowes Inc
Purchase Power - Pitney Bowes
Sabre Group, Inc.
Safety Kleen Systems
San Diego County Treasurer-Tax Collector
Signature Flight Support - MCI
Signature Flight Support – MEM
State of Arkansas (DWS)
Suddenlink – ELD
T-MOBILE
Tonkon Torp LLP Attorneys
Travelport, LP
U.S. Bank Equipment Finance
United Rentals:
Verizon- Internet ELD
Wichita Airport Authority
WSI Corp
XO Communications

**CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
FOR PROPOSED PROFESSIONAL**

| No. | Affiliate | Creditor | Description | Date | Amount Guaranteed (Current Balance) | Collateral Yes/No/Describe |
|---|---|---|---|---|---|---|
| 1 | John Beardsley Janet Beardsley | Aircraft Lease Finance III, Inc./Residual Based Finance Corp. aka RESIDCO | Aircraft Lessee Airplane Descriptions: | 11/19/2014 | | No |
| | | | Pratt & Whitney of Canada model PT6A-140 S/N 208B5165 | | Arrears: $88,500 | |
| | | | Pratt & Whitney of Canada model PT6A-140 S/N 208B5132 | | Arrears: $88,500 | |
| | | | Pratt & Whitney of Canada Model PT6A-140 S/N 208B5177 | | Arrears: $88,500 | |
| 2 | John Beardsley Janet Beardsley | Wings Airline Services, Inc. | Wings Airline Services, Inc. asserts the existence of a guarantee which Beardsleys deny. | Disputed | Disputed | No |
| 3 | Fountain Village Development Company | Wells Fargo | 1st Trust Deed on Juneau Hangar | 1/26/2011 | $ 2,106,507.57 | Yes - Airplane Hangar in Juneau Alaska |
| 4 | John Beardsley | Axis Capital | Guarantee on Lease for Flight Simulator | 12/4/2014 | $ 154,685.92 | Yes - Cessna Caravan Flight Simulator |
| 5 | John Beardsley Janet Beardsley | Robert N. Jacobsen and Darlene F. Jacobsen Living Trust and Wings Airline Services, Inc. | Guarantee on 2nd Trust deed on Juneau Hangar. Debtor will be investigating the potential avoidability of the security interest. | 6/1/2010 | $ 1,393,194.35 | Yes - Airplane Hangar in Juneau Alaska |
| 6 | John Beardsley | Fountain Village Development/Beardsley Building Development/US National Bank Block (subject to verification) | Note Payable | | $ 4,154,500.00 | No |

2/13/2016
10:18 AM

In re SeaPort Airlines, Inc.
Ch 11 Case No. 16-30406-rld11
CONTINUATION STATEMENT No. 22

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
**FOR PROPOSED PROFESSIONAL**

**Wings Airline Services,**

| Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|------|------|-----|------|------|-------|--------|---------|
| 2200-00 · Notes Payable - Short Term | | | | | | | 108,896.47 |
| Security: Juneau Airline Hangar | | | | | | | 108,896.47 |
| Bill | 7/1/2014 | | Wings Airline Services, Inc. | July2014 JNU Hangar Mtg Note to WAS | 8,846.31 | | 100,050.16 |
| Bill | 7/1/2014 | | Wings Airline Services, Inc. | July2015 JNU Hangar Mortgage reclass to ST from LT | | 9,322.08 | 109,372.24 |
| Bill | 8/1/2014 | | Wings Airline Services, Inc. | Aug2014 JNU Hangar Mtg Note to WAS | 8,885.02 | | 100,487.22 |
| Bill | 8/1/2014 | | Wings Airline Services, Inc. | Aug2015 JNU Hangar Mortgage reclass to ST from LT | | 9,362.87 | 109,850.09 |
| Bill | 9/1/2014 | | Wings Airline Services, Inc. | Sept2014 JNU Hangar Mtg Note to WAS | 8,923.89 | | 100,926.20 |
| Bill | 9/1/2014 | | Wings Airline Services, Inc. | Sept2015 JNU Hangar Mortgage reclass to ST from LT | | 9,403.83 | 110,330.03 |
| General Jou | 9/30/2014 * | | | Adjust NP to actual @ 09/30/2014 | 148.72 | | 110,181.31 |
| Bill | 10/1/2014 | | Wings Airline Services, Inc. | Oct2014 JNU Hangar Mtg Note to WAS | 8,962.93 | | 101,218.38 |
| Bill | 10/1/2014 | | Wings Airline Services, Inc. | Oct2015 JNU Hangar Mortgage reclass to ST from LT | | 9,444.97 | 110,663.35 |
| Bill | 11/1/2014 | | Wings Airline Services, Inc. | Nov2014 JNU Hangar Mtg Note to WAS | 9,002.14 | | 101,661.21 |
| Bill | 11/1/2014 | | Wings Airline Services, Inc. | Nov2015 JNU Hangar Mortgage reclass to ST from LT | | 9,486.29 | 111,147.50 |
| Bill | 12/1/2014 | | Wings Airline Services, Inc. | Dec2014 JNU Hangar Mtg Note to WAS | 9,041.53 | | 102,105.97 |
| Bill | 12/1/2014 | | Wings Airline Services, Inc. | Dec2015 JNU Hangar Mortgage reclass to ST from LT | | 9,527.80 | 111,633.77 |
| Bill | 1/1/2015 | | Wings Airline Services, Inc. | Jan2015 JNU Hangar Mtg Note to WAS | 9,081.08 | | 102,552.69 |
| Bill | 1/1/2015 | | Wings Airline Services, Inc. | Jan2016 JNU Hangar Mortgage reclass to ST from LT | | 9,569.48 | 112,122.17 |
| Bill | 2/1/2015 | | Wings Airline Services, Inc. | Feb2015 JNU Hangar Mtg Note to WAS | 9,120.81 | | 103,001.36 |
| Bill | 2/1/2015 | | Wings Airline Services, Inc. | Feb2016 JNU Hangar Mortgage reclass to ST from LT | | 9,611.35 | 112,612.71 |
| Bill | 3/1/2015 | | Wings Airline Services, Inc. | Mar2015 JNU Hangar Mtg Note to WAS | 9,160.72 | | 103,451.99 |
| Bill | 3/1/2015 | | Wings Airline Services, Inc. | Mar2016 JNU Hangar Mortgage reclass to ST from LT | | 9,653.40 | 113,105.39 |
| Bill | 4/15/2015 | | Wings Airline Services, Inc. | Apr2015 JNU Hangar Mtg Note to WAS | 9,200.79 | | 103,904.60 |
| Bill | 4/15/2015 | | Wings Airline Services, Inc. | Apr2016 JNU Hangar Mortgage reclass to ST from LT | | 9,695.63 | 113,600.23 |
| Bill | 5/1/2015 | | Wings Airline Services, Inc. | May2015 JNU Hangar Mtg Note to WAS | 9,241.05 | | 104,359.18 |
| Bill | 5/1/2015 | | Wings Airline Services, Inc. | May2016 JNU Hangar Mortgage reclass to ST from LT | | 9,738.05 | 114,097.23 |
| Bill | 6/1/2015 | | Wings Airline Services, Inc. | June2015 JNU Hangar Mtg Note to WAS | 9,281.48 | | 104,815.75 |
| Bill | 6/1/2015 | | Wings Airline Services, Inc. | June2016 JNU Hangar Mortgage reclass to ST from LT | | 9,780.65 | 114,596.40 |
| Bill | 7/1/2015 | | Wings Airline Services, Inc. | July2015 JNU Hangar Mtg Note to WAS | 9,322.08 | | 105,274.32 |
| Bill | 7/1/2015 | | Wings Airline Services, Inc. | July2016 JNU Hangar Mortgage reclass to ST from LT | | 9,823.44 | 115,097.76 |
| Bill | 8/1/2015 | | Wings Airline Services, Inc. | Aug2015 JNU Hangar Mtg Note to WAS | 9,362.87 | | 105,734.89 |
| Bill | 8/1/2015 | | Wings Airline Services, Inc. | Aug2016 JNU Hangar Mortgage reclass to ST from LT | | 9,866.42 | 115,601.31 |
| Bill | 9/1/2015 | | Wings Airline Services, Inc. | Sept2015 JNU Hangar Mtg Note to WAS | 9,403.83 | | 106,197.48 |
| Bill | 9/1/2015 | | Wings Airline Services, Inc. | Sept2016 JNU Hangar Mortgage reclass to ST from LT | | 9,909.59 | 116,107.07 |
| Bill | 10/1/2015 | | Wings Airline Services, Inc. | Oct 2015 JNU Hangar Mtg Note to WAS | 9,444.97 | | 106,662.10 |
| Bill | 10/1/2015 | | Wings Airline Services, Inc. | Oct 2016 JNU Hangar Mortgage reclass to ST from LT | | 9,952.94 | 116,615.04 |
| Bill | 11/1/2015 | | Wings Airline Services, Inc. | Nov 2015 JNU Hangar Mtg Note to WAS | 9,444.97 | | 107,170.07 |
| Bill | 11/1/2015 | | Wings Airline Services, Inc. | Nov 2016 JNU Hangar Mortgage reclass to ST from LT | | 9,996.48 | 117,166.55 |
| Bill | 12/1/2015 | | Wings Airline Services, Inc. | Dec 2015 JNU Hangar Mtg Note to WAS | 9,486.29 | | 107,680.26 |
| Bill | 12/1/2015 | | Wings Airline Services, Inc. | Dec 2016 JNU Hangar Mortgage reclass to ST from LT | | 10,040.22 | 117,720.48 |
| Bill | 1/1/2016 | | Wings Airline Services, Inc. | Jan 2016 JNU Hangar Mtg Note to WAS | 9,569.48 | | 108,151.00 |
| Bill | 1/1/2016 | | Wings Airline Services, Inc. | Jan 2017  JNU Hangar Mortgage reclass to ST from LT | | 10,084.15 | 118,235.15 |
| Total 2200-09 · Note Pay ST - Wings Air Svcs | | | | | 174,930.96 | 184,269.64 | 118,235.15 |

In re SeaPort Airlines, Inc.
Ch 11 Case No. 16-30406-rld11
CONTINUATION STATEMENT No. 22

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
**FOR PROPOSED PROFESSIONAL**

**Wings Airline Services,**

| Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| 2800-00 · Notes Payable - Long Term | | | | | | | 1,467,968.79 |
| Security: Juneau Airline Hangar | | | | | | | 1,467,968.79 |
| Bill | 7/1/2014 | | Wings Airline Services, Inc. | July2015 JNU Hangar Mortgage reclass to ST from LT | 9,322.08 | | 1,458,646.71 |
| Bill | 8/1/2014 | | Wings Airline Services, Inc. | Aug2015 JNU Hangar Mortgage reclass to ST from LT | 9,362.87 | | 1,449,283.84 |
| Bill | 9/1/2014 | | Wings Airline Services, Inc. | Sept2015 JNU Hangar Mortgage reclass to ST from LT | 9,403.83 | | 1,439,880.01 |
| General Jou | 9/30/2014 * | | | Reclass Wings Air Service Payment | 8,769.41 | | 1,431,110.60 |
| General Jou | 9/30/2014 * | | | Adjust NP to actual @ 09/30/2014 | | 29.46 | 1,431,140.06 |
| Bill | 10/1/2014 | | Wings Airline Services, Inc. | Oct2015 JNU Hangar Mortgage reclass to ST from LT | 9,444.97 | | 1,421,695.09 |
| Bill | 11/1/2014 | | Wings Airline Services, Inc. | Nov2015 JNU Hangar Mortgage reclass to ST from LT | 9,486.29 | | 1,412,208.80 |
| Bill | 12/1/2014 | | Wings Airline Services, Inc. | Dec2015 JNU Hangar Mortgage reclass to ST from LT | 9,527.80 | | 1,402,681.00 |
| Bill | 1/1/2015 | | Wings Airline Services, Inc. | Jan2016 JNU Hangar Mortgage reclass to ST from LT | 9,569.48 | | 1,393,111.52 |
| Bill | 2/1/2015 | | Wings Airline Services, Inc. | Feb2016 JNU Hangar Mortgage reclass to ST from LT | 9,611.35 | | 1,383,500.17 |
| Bill | 3/1/2015 | | Wings Airline Services, Inc. | Mar2016 JNU Hangar Mortgage reclass to ST from LT | 9,653.40 | | 1,373,846.77 |
| Bill | 4/15/2015 | | Wings Airline Services, Inc. | Apr2016 JNU Hangar Mortgage reclass to ST from LT | 9,695.63 | | 1,364,151.14 |
| Bill | 5/1/2015 | | Wings Airline Services, Inc. | May2016 JNU Hangar Mortgage reclass to ST from LT | 9,738.05 | | 1,354,413.09 |
| Bill | 6/1/2015 | | Wings Airline Services, Inc. | June2016 JNU Hangar Mortgage reclass to ST from LT | 9,780.65 | | 1,344,632.44 |
| Bill | 7/1/2015 | | Wings Airline Services, Inc. | July2016 JNU Hangar Mortgage reclass to ST from LT | 9,823.44 | | 1,334,809.00 |
| Bill | 8/1/2015 | | Wings Airline Services, Inc. | Aug2016 JNU Hangar Mortgage reclass to ST from LT | 9,866.42 | | 1,324,942.58 |
| Bill | 9/1/2015 | | Wings Airline Services, Inc. | Sept2016 JNU Hangar Mortgage reclass to ST from LT | 9,909.59 | | 1,315,032.99 |
| Bill | 10/1/2015 | | Wings Airline Services, Inc. | Oct 2016 JNU Hangar Mortgage reclass to ST from LT | 9,952.94 | | 1,305,080.05 |
| Bill | 11/1/2015 | | Wings Airline Services, Inc. | Nov 2016 JNU Hangar Mortgage reclass to ST from LT | 9,996.48 | | 1,295,083.57 |
| Bill | 12/1/2015 | | Wings Airline Services, Inc. | Dec  2016 JNU Hangar Mortgage reclass to ST from LT | 10,040.22 | | 1,285,043.35 |
| Bill | 1/1/2016 | | Wings Airline Services, Inc. | Jan 2017 JNU Hangar Mortgage reclass to ST from LT | 10,084.15 | | 1,274,959.20 |
| Total 2800-09 · Note Pay LT - Wings Air Svcs | | | | | 193,039.05 | 29.46 | 1,274,959.20 |
| | | | | | | | |
| TOTAL | | | | | | | 1,393,194.35 |

In re SeaPort Airlines, Inc.
Ch 11 Case No. 16-30406-rld11
CONTINUATION STATEMENT No. 22

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
**FOR PROPOSED PROFESSIONAL**

## WELLS FARGO

| | Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| 2800-00 · Notes Payable - Long Term | | | | | | | | 2,240,231.66 |
| Security: Juneau Airline Hangar | | | | | | | | 2,240,231.66 |
| | Bill | 7/1/2014 | | Wells Fargo | July 2014 Hangar Payment | 10,936.26 | | 2,229,295.40 |
| | Bill | 8/1/2014 | | Wells Fargo | August 2014 Hangar Payment | 10,556.65 | | 2,218,738.75 |
| | Bill | 9/1/2014 | | Wells Fargo | September 2014 Hangar Payment | 10,994.46 | | 2,207,744.29 |
| | General Jou | 9/30/2014 | * | | Reclass Wings Air Service Payment | | 8,769.41 | 2,216,513.70 |
| | Bill | 10/1/2014 | | Wells Fargo | October 2014 Hangar Payment | 11,024.24 | | 2,205,489.46 |
| | Bill | 11/1/2014 | | Wells Fargo | November 2014 Hangar Payment | 10,852.43 | | 2,194,637.03 |
| | Bill | 12/1/2014 | | Wells Fargo | December 2014 Hangar Payment | 11,083.49 | | 2,183,553.54 |
| | Bill | 1/1/2015 | | Wells Fargo | January 2015 Hangar Payment | 10,514.44 | | 2,173,039.10 |
| | Bill | 2/1/2015 | | Wells Fargo | February 2015 Hangar Payment | 11,340.72 | | 2,161,698.38 |
| | Bill | 3/1/2015 | | Wells Fargo | March 2015 Hangar Payment | 11,568.13 | | 2,150,130.25 |
| | General Jou | 3/31/2015 | * | | | 106,922.28 | | 2,043,207.97 |
| | General Jou | 3/31/2015 | * | | To adjust to consolidate current portion of LT Debt | | 135,302.28 | 2,178,510.25 |
| | Bill | 4/1/2015 | | Wells Fargo | April 2015 Hangar Payment | 11,007.38 | | 2,167,502.87 |
| | Bill | 5/1/2015 | | Wells Fargo | May 2015 Hangar Payment | 11,233.86 | | 2,156,269.01 |
| | Bill | 6/1/2015 | | Wells Fargo | June 2015 Hangar Payment | 11,069.62 | | 2,145,199.39 |
| | Bill | 7/1/2015 | | Wells Fargo | July 2015 Hangar Payment | 11,294.25 | | 2,133,905.14 |
| | Bill | 8/1/2015 | | Wells Fargo | Aug 2015 Hangar Payment | 11,132.18 | | 2,122,772.96 |
| | Bill | 9/1/2015 | | Wells Fargo | Sept 2015 Hangar Payment | 11,163.34 | | 2,111,609.62 |
| | Bill | 10/1/2015 | | Wells Fargo | Oct 2015 Hangar Payment | 11,163.34 | | 2,100,446.28 |
| | Bill | 11/1/2015 | | Wells Fargo | Nov 2015 Hangar Payment | 11,793.80 | | 2,088,652.48 |
| | Bill | 12/1/2015 | | Wells Fargo | Dec 2015 Hangar Payment | 11,446.43 | | 2,077,206.05 |
| | General Jou | 12/31/2015 | * | | Wells Fargo Loan ADJ to Interest | | 355.66 | 2,077,561.71 |
| | Bill | 1/1/2016 | | Wells Fargo | January 2016 Hangar Payment | 10,871.47 | | 2,066,690.24 |
| TOTAL | | | | | | 317,968.77 | 144,427.35 | 2,066,690.24 |

In re SeaPort Airlines, Inc.
Ch 11 Case No. 16-30406-rld11
CONTINUATION STATEMENT No. 22

CONTINUATION OF
RULE 2014 VERIFIED STATEMENT
**FOR PROPOSED PROFESSIONAL**

**Axis Capital, Inc.**

| | Type | Date | Adj | Name | Memo | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| 2800-00 · Notes Payable - Long Term | | | | | | | | 0.00 |
| Security - Cessna Caravan Flight Simulator | | | | | | | | 0.00 |
| | Bill | 12/4/2014 | | Axis Capital, Inc. | Down Payment | 35,224.60 | | -35,224.60 |
| | General Jou | 12/8/2014 | * | | Record Axis Capital Loan for Flight Simulator | | 192,974.69 | 157,750.09 |
| | General Jou | 3/31/2015 | * | | To adjust balances to actual. | 10,214.20 | | 147,535.89 |
| | General Jou | 3/31/2015 | * | | To adjust balances to actual. | | 40,360.99 | 187,896.88 |
| | Check | 4/15/2015 | | Axis Capital, Inc. | 4th Installment of Flight Simulator | 3,139.13 | | 184,757.75 |
| | Check | 5/15/2015 | | Axis Capital, Inc. | 5th Installment of Flight Simulator | 3,178.24 | | 181,579.51 |
| | Check | 6/15/2015 | | Axis Capital, Inc. | 6th Installment of Flight Simulator | 3,217.84 | | 178,361.67 |
| | Check | 7/15/2015 | | Axis Capital, Inc. | 7th Installment of Flight Simulator | 3,257.92 | | 175,103.75 |
| | Check | 8/15/2015 | | Axis Capital, Inc. | 8th Installment of Flight Simulator | 3,298.51 | | 171,805.24 |
| | Check | 9/15/2015 | | Axis Capital, Inc. | 9th Installment of Flight Simulator | 3,339.61 | | 168,465.63 |
| | Check | 10/16/2015 | | Axis Capital, Inc. | 10th Installment of Flight Simulator | 3,381.21 | | 165,084.42 |
| | Check | 11/17/2015 | | Axis Capital, Inc. | 11th Installment of Flight Simulator | 3,423.34 | | 161,661.08 |
| | Check | 12/16/2015 | | Axis Capital, Inc. | 12th Installment of Flight Simulator | 3,465.99 | | 158,195.09 |
| | Check | 1/15/2016 | | Axis Capital, Inc. | 13th Installment of Flight Simulator | 3,509.17 | | 154,685.92 |
| TOTAL | | | | | | 78,649.76 | 233,335.68 | 154,685.92 |

In re SeaPort Airlines, Inc.  
Ch 11 Case No. 16-30406-rld11  
CONTINUATION STATEMENT No. 22

CONTINUATION OF  
RULE 2014 VERIFIED STATEMENT  
**FOR PROPOSED PROFESSIONAL**

**Fountain Village Development/Beardsley Building Development/**
**US National Bank Block (subject to verification)**

| Type | Date | Nam Memo | | Amount | Balance |
|------|------|----------|--|-------:|--------:|
| 2200-00 · Notes Payable - Current | | | | | 183,000 |
| Security: None | | | | | 183,000 |
| Deposit | 6/3/2014 | Beardsley Building Development | Repayment of Note | 30,000 | 213,000 |
| Deposit | 10/31/2014 | Beardsley Building Development | Advance on Note | 75,000 | 288,000 |
| Deposit | 11/6/2014 | Beardsley Building Development | Advance on Note | 65,000 | 353,000 |
| Deposit | 12/5/2014 | Beardsley Building Development | Advance for Sim Financing | 35,000 | 388,000 |
| Deposit | 12/18/2014 | Beardsley Building Development | Payroll Advance Note | 200,000 | 588,000 |
| Deposit | 12/23/2014 | Beardsley Building Development | Advance of Funds | 125,000 | 713,000 |
| Deposit | 12/31/2014 | Beardsley Building Development | Loan for 12/31/14 | 50,000 | 763,000 |
| Deposit | 1/2/2015 | Beardsley Building Development | Advance | 50,000 | 813,000 |
| Deposit | 1/2/2015 | Beardsley Building Development | Advance | 300,000 | 1,113,000 |
| Deposit | 1/28/2015 | Beardsley Building Development | Loan Advancement | 125,000 | 1,238,000 |
| Deposit | 2/2/2015 | Beardsley Building Development | Note Advance | 50,000 | 1,288,000 |
| Deposit | 2/4/2015 | Beardsley Building Development | Note Advance | 500,000 | 1,788,000 |
| Deposit | 2/11/2015 | Beardsley Building Development | Note Advance | 50,000 | 1,838,000 |
| Deposit | 2/27/2015 | Beardsley Building Development | Note Advance | 250,000 | 2,088,000 |
| Deposit | 3/2/2015 | Beardsley Building Development | Note Advance | 114,000 | 2,202,000 |
| Deposit | 3/5/2015 | Beardsley Building Development | Note Advance | 175,000 | 2,377,000 |
| Deposit | 3/13/2015 | Beardsley Building Development | Note Advance | 200,000 | 2,577,000 |
| Deposit | 3/26/2015 | Beardsley Building Development | Advance | 20,000 | 2,597,000 |
| Deposit | 3/26/2015 | Beardsley Building Development | Advance | 10,000 | 2,607,000 |
| Deposit | 5/4/2015 | Beardsley Building Development | Note Advance | 300,000 | 2,907,000 |
| Bill | 5/7/2015 | Beardsley Building Development | Repayment of Note 5/4/15 | -300,000 | 2,607,000 |
| Check | 6/30/2015 | Aerodynamics, Inc. | Deposit on Aircraft | -57,000 | 2,550,000 |
| Deposit | 7/6/2015 | Beardsley Building Development | Advance for Payroll | 130,000 | 2,680,000 |
| Deposit | 7/30/2015 | Beardsley Building Development | Attorney's Fees for Klevansky Piper LLP | 45,000 | 2,725,000 |
| Deposit | 9/2/2015 | Beardsley Building Development | Advance on Note | 350,000 | 3,075,000 |
| Deposit | 9/23/2015 | Beardsley Building Development | Note Advance | 200,000 | 3,275,000 |
| Deposit | 10/2/2015 | Beardsley Building Development | Note Advance for Payroll | 310,000 | 3,585,000 |
| Deposit | 11/4/2015 | Beardsley Building Development | Payroll Deposit from Beardsley | 210,000 | 3,795,000 |
| Deposit | 11/20/2015 | Beardsley Building Development | Payroll Advance 11/20/15 | 107,500 | 3,902,500 |
| Deposit | 12/3/2015 | Beardsley Building Development | Beardsley Deposit 6248 | 10,000 | 3,912,500 |
| Deposit | 12/21/2015 | Beardsley Building Development | Beardsley Deposit | 89,000 | 4,001,500 |
| Deposit | 12/31/2015 | Beardsley Building Development | Deposit | 22,000 | 4,023,500 |
| Deposit | 1/5/2016 | Beardsley Building Development | Payroll Deposit | 250,000 | 4,273,500 |
| Bill | 1/13/2016 | Fountain Village Development | Note Payment | -250,000 | 4,023,500 |
| Deposit | 1/28/2016 | Beardsley Building Development | Deposit | 10,000 | 4,033,500 |
| Deposit | 1/28/2016 | Beardsley Building Development | Deposit | 10,000 | 4,043,500 |
| Deposit | 1/29/2016 | Beardsley Building Development | Deposit | 15,000 | 4,058,500 |
| Deposit | 2/4/2016 | Beardsley Building Development | Payroll Deposit | 96,000 | 4,154,500 |
| Total 2200-12 · Note Pay ST - HUSNBB | | | | 3,971,500 | 4,154,500 |

CERTIFICATE - TRUE COPY

DATE:            March 11, 2016

DOCUMENT:        APPLICATION FOR AUTHORITY TO EMPLOY PROFESSIONAL
                 NUNC PRO TUNC TO PETITION DATE - Special Counsel -
                 Hogan Lovells US LLP (Robert E. Cohn) and RULE 2014
                 VERIFIED STATEMENT FOR PROPOSED PROFESSIONAL -
                 Special Counsel - Hogan Lovells US LLP (Robert E. Cohn)

        I hereby certify that I prepared the foregoing copy of the foregoing named
document and have carefully compared the same with the original thereof and it is a
correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

        I hereby certify that I served a copy of the foregoing on:

| | | |
|---|---|---|
| SeaPort Airlines, Inc. | Robert E. Cohn | Michael J. Edelman |
| Attn: Timothy Sieber | HOGAN LOVELLS, LLP | VEDDER PRICE |
| 7505 NE Airport Way | 555 Thirteenth Street, NW | 1633 Broadway |
| Portland, OR 97218 | Washington, DC 20004 | 47th Floor |
| | | New York, New York 10019 |
| Franklin C. Adams | Mark J. Wolfson | |
| POB 1025 | 100 N Tampa St #2700 | |
| Riverside, CA 92502-1028 | Tampa, FL 33602 | |

by mailing a copy of the above-named document to each of them in a sealed envelope,
addressed to each of them at his or her last known address.  Said envelopes were
deposited in the Post Office at Portland, Oregon, on the below date, postage prepaid.

        I hereby certify that the foregoing was served on all CM/ECF participants through
the Court's Case Management/Electronic Case File system on the date set forth below.

        Dated:  March 11, 2016

                 VANDEN BOS & CHAPMAN, LLP


                 By:/s/Robert J Vanden Bos
                       Robert J Vanden Bos, OSB #78100
                       Douglas R. Ricks, OSB #044026
                       Christopher N. Coyle, OSB #07350
                       Of Attorneys for Debtor-in-Possession