Below is an Order of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 16-30406-rld11 |
|---|---|
| SeaPort Airlines, Inc., | ORDER AUTHORIZING DEBTOR TO ASSUME A CERTAIN CARRIER SERVICES AGREEMENT WITH AIRLINE REPORTING CORPORATION |
| Debtor-in-Possession. | |

Based on Debtor's Motion for an Order Authorizing Debtor to Assume the Carrier Services Agreement with Airline Reporting Corporation effective as of the Petition Date (Dkt. No. 126) ("Motion") and the Court being otherwise fully advised, it is

ORDERED as follows:

1. The Motion is granted, and the Debtor is deemed to have assumed the Carrier Services Agreement dated June 15, 2015 (the "CSA"), including the authority granted to Airline Reporting Corporation ("ARC") to act on Debtor's behalf under the Reporting Agreements, as defined in Paragraph 14 of Part I of the CSA. The CSA and the Reporting Agreement are collectively herein the "Agreement".

2. Debtor shall comply with its Obligation under the Agreement and is entitled to

Page 1 of 4 - ORDER AUTHORIZING DEBTOR TO ASSUME A CERTAIN CARRIER SERVICES AGREEMENT WITH AIRLINE REPORTING CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the benefits thereunder. ARC is authorized, in accordance with the Agreement to continue to perform its duties and receive the benefits under the agreement, including the authority granted to ARC including processing and settling transactions (as described in the Agreement) and to transact and continue business with third-party sales agencies on Debtor's behalf, regardless of whether such action pertains to pre-petition or post-petition transactions. ARC is expressly authorized, in accordance with the Agreement, to withhold remittances and disbursements otherwise payable to Debtor allowing ARC to cause the amount of the financial instrument or cash deposit held by ARC ensuring performance to equal the amount specified in the Agreement. Any claims of third parties to amounts due the Debtor under the Agreement are subject and subordinate to such rights.

3. The security interest granted to ARC pursuant to the Agreement, including in funds held in trust by ARC, and any increases thereto (to the extent of the Debtor's interest, if any, in any of the foregoing), is hereby approved to secure all obligations of the Debtor to ARC under and in connection with the Agreement arising before or after the Petition Date, regardless of whether amounts held as the Deposit and any other property subject to ARC's interests pertain to pre-petition or post-petition transactions.

4. The automatic stay of 11 U.S.C. Section 362 is hereby modified to enable ARC to perform under the Agreement and to exercise any and all contractual rights thereunder, including, without limitation, to (i) hold amounts paid to ARC by third-party sales agencies on account of credit and debit memos submitted by third-parties, (ii) collect fees due, (iii) exercise the rights of recoupment, setoff and any other rights that may be exercised in the ordinary course of performance under the Agreement, in

Page 2 of 4 -  ORDER AUTHORIZING DEBTOR TO ASSUME A CERTAIN CARRIER SERVICES AGREEMENT WITH AIRLINE REPORTING CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11    Doc 153    Filed 03/14/16

each case whether such actions, charges or credits relate to pre-petition or postpetition transactions.

5. There shall be no surcharge of any collateral that secures the claims of ARC under 11 U.S.C. Sections 506 and 552 or under other applicable law.

6. ARC is hereby granted an allowed administrative expense claim to the extent of ARC's claims under the Agreement that arise after the Petition Date (i.e. February 5, 2016), including but not limited to any cure costs payable under 11 U.S.C. § 365(b)(1).

7. Through the entry of this Order and by consenting thereto, neither U.S. Bank nor the Debtor or the estate shall be deemed to have waived or relinquished any rights or claims whatsoever arising out of or related to the Agreement or other applicable law other than as provided herein, with respect to events or actions that occur after entry of this Order.

8. The effect of this Order shall survive the dismissal and/or closing of this case, appointment of a Chapter 11 trustee herein, confirmation of a plan, and/or the substantive consolidation of this case with any other case or cases.

9. To the extent the provisions of this Order or the Agreement conflict with the provisions of any other order(s) issued by this Court in the above-referenced case, the provisions of this Order and the Agreement shall control over such other order(s).

10. Notwithstanding the possible applicability of Bankruptcy Rules 6007, 7062, 9014, any other provision of the Bankruptcy Rules, Bankruptcy Code or otherwise, this Order shall take effect immediately upon signature by this Court.

Page 3 of 4 - ORDER AUTHORIZING DEBTOR TO ASSUME A CERTAIN CARRIER SERVICES AGREEMENT
            WITH AIRLINE REPORTING CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11    Doc 153    Filed 03/14/16

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #07350

    Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting Debtor's attorney.)

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

Page 4 of 4 - ORDER AUTHORIZING DEBTOR TO ASSUME A CERTAIN CARRIER SERVICES AGREEMENT WITH AIRLINE REPORTING CORPORATION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11   Doc 153   Filed 03/14/16

<u>In re SeaPort Airlines, Inc.</u>;
Chapter 11 Bankruptcy Case No. 16-30406-rld11
Service List

| **First Class Mail:** | **Electronic Mail:** |
|---|---|
| SeaPort Airlines, Inc.<br>Attn: Timothy Sieber<br>7505 NE Airport Way<br>Portland, OR 97218 | The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system. |

**COMMITTEE OF UNSECURED CREDITORS:**

JA Flight Services, LLC
c/o Bruce A. Jacobs, President
Creditors Committee Chairperson
43W700 US Route 30
Sugar Grove, IL 60554

Olson Brooksby PC
c/o Scott Brooksby, Esq.
200 Pacific Building
520 SW Yamhill Street
Portland, OR 97204

Memphis Propeller Service, Inc.
c/o Mark Matthews, President
11098 Willow Ridge Drive
Olive Branch, MS 38654

**SPECIAL NOTICE:**

Michael J. Edelman
VEDDER PRICE
1633 Broadway
47th Floor
New York, New York 10019

Franklin C. Adams
POB 1025
Riverside, CA 92502-1028

Mark J. Wolfson
100 N Tampa St #2700
Tampa, FL 33602

Tulare County Tax Collector
Attn Jorge Garcia Deputy
Tax Collector
221 S Mooney Blvd Rm 104-E
Visalia, CA 93291-4593