Below is an Order of the Court.

*[signature]*

RANDALL L. DUNN
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 16-30406-rld11 |
| | ) |
| SeaPort Airlines, Inc., | ) ORDER RE MOTION FOR ORDER |
| | ) ESTABLISHING PROCEDURES |
| | ) AUTHORIZING DEBTOR TO CURE DEFAULTS |
| | ) AND TO ENTER INTO AGREEMENTS |
| | ) EXTENDING THE PERIOD SPECIFIED IN |
| Debtor-in-Possession. | ) SECTION 1110(A) |

THIS MATTER came on for hearing on March 9, 2016, on Debtor's Motion For

Order (A) Establishing Procedures Authorizing Debtor To Cure Defaults And To Enter

Into Agreements Extending The Period Specified In Section 1110(a) And (B) Authorizing

The Filing Of Agreements Under Seal ("Motion").  Appearances were as noted on the

record.  The Limited Objection of Aircraft Lease Finance III, Inc. was resolved by

agreement of the parties, there being no objection to the motion by the United States

Trustee or any other party in interest, and the Court having determined that relief sought

in the Motion is in the best interests of the Debtor, it is hereby:

**VANDEN BOS & CHAPMAN, LLP**
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**ORDERED**:

1.       The Motion is granted and approved.

2.       The Debtor is hereby authorized to agree to perform obligations pursuant to Section 1110(a) of the Bankruptcy Code, and to enter into agreements pursuant to Section 1110(b) of the Bankruptcy Code to extend the 60-day period under Section 1110(a)(2).  All such agreements pursuant to Section 1110(a) or Section 1110(b) shall be immediately effective, but shall be subject to final approval of the Court, as provided in the Motion.  An agreement to perform obligations pursuant to Section 1110(a) shall be in the form of a "Notice of Election Pursuant to Section 1110(a) of the Bankruptcy Code" (an "1110(a) Notice") in substantially the same form as the attached **Exhibit A**.  If the Debtor enters into an agreement to extend the automatic stay as provided in Section 1110(b) (an "1110(b) Agreement"), then the Debtor shall file a copy of such agreement with the Court, except as otherwise provided in this Order.

3.       Upon execution and filing of an 1110(a) Notice on or before April 5, 2016, the Debtor shall have complied with Section 1110(a)(2) of the Code, and, provided that the Debtor performs the obligations required by Section 1110(a)(2) in a timely manner, the automatic stay of section 362 of the Bankruptcy Code shall remain in effect with respect to the applicable equipment, pending final approval by the Court.

4.       The Debtor is authorized to make such payments, and to take such other actions, as are required under Section 1110(a)(2)(B) of the Bankruptcy Code in connection with a Section 1110(a) agreement and an 1110(a) Notice pending final approval of the agreement by the Court.

/ / /

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

5.      All agreements pursuant to 1110(a) or 1110(b) and any objections to any 1110(a) Notice or 1110(b) Agreement shall be served and filed in accordance with the procedures specified in the Motion.

6.      Notwithstanding anything herein to the contrary, if the Debtor fails to cure fully any defaults required to be cured to retain the benefits of the automatic stay within the time periods required under Section 1110, any creditors eligible for the protections provided under Section 1110 shall be entitled to the full protections and rights conferred upon such creditors under Section 1110 of the Bankruptcy Code.

7.      Notwithstanding the possible applicability, any provision of the Bankruptcy Rules, Bankruptcy Code or otherwise, this Order shall take effect immediately upon signature by this Court.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

        Of Attorneys for Debtor-in-Possession

**First Class Mail:**

See Attached List.  (The original Service List is attached to the original copy filed with the Court only.  Creditors may request a copy of the Service List by contacting Debtor's attorney.)

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

<u>In re SeaPort Airlines, Inc.;</u>
Chapter 11 Bankruptcy Case No. 16-30406-rld11
Service List

| | |
|---|---|
| **First Class Mail:** | **Electronic Mail:** |

SeaPort Airlines, Inc.
Attn: Timothy Sieber
7505 NE Airport Way
Portland, OR 97218

**Electronic Mail:**

The foregoing was served on all
CM/ECF participants through the
Court's Case Management/
Electronic Case File system.

**COMMITTEE OF
UNSECURED CREDITORS:**

JA Flight Services, LLC
c/o Bruce A. Jacobs, President
Creditors Committee Chairperson
43W700 US Route 30
Sugar Grove, IL 60554

Olson Brooksby PC
c/o Scott Brooksby, Esq.
200 Pacific Building
520 SW Yamhill Street
Portland, OR 97204

Memphis Propeller Service, Inc.
c/o Mark Matthews, President
11098 Willow Ridge Drive
Olive Branch, MS 38654

**SPECIAL NOTICE:**

Tulare County Tax Collector
Attn Jorge Garcia Deputy
Tax Collector
221 S Mooney Blvd Rm 104-E
Visalia, CA 93291-4593

Michael J. Edelman
VEDDER PRICE
1633 Broadway
47th Floor
New York, New York 10019

Franklin C. Adams
POB 1025
Riverside, CA 92502-1028

Mark J. Wolfson
100 N Tampa St #2700
Tampa, FL 33602

Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

     Of Attorneys for Debtor-in-Possession


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | NOTICE OF ELECTION PURSUANT TO |
| | ) | SECTION 1110(a) OF THE BANKRUPTCY |
| Debtor-in-Possession. | ) | CODE |

TO:    Parties Set Forth on Schedule A:

The Debtor-in-Possession, SeaPort Airlines, Inc. ("Debtor"), hereby gives Notice of

Election Pursuant to Section 1110(a) of the Bankruptcy Code ("1110(a) Election") the

following:

A.    The Court has entered the Order Establishing Procedures Authorizing

Debtors, Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults

Pursuant to Section 1110(a) of the Bankruptcy Code and to Enter Into Agreements to

Extend the 60-Day Period Specified in Section 1110(a) (Dkt. No ___) (the "Order").  All

capitalized terms not defined herein have the meaning ascribed to them in the Order.

B.    In accordance with and subject to the terms of the Order and with respect to

the Aircraft Equipment identified by U.S. Federal Aviation Administration Number or serial

Page 1 of 4 - NOTICE OF ELECTION PURSUANT TO SECTION 1110(a) OF THE BANKRUPTCY CODE

**Exhibit A - Page 1 of 5**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

number, as the case may be, on Schedule A attached hereto that is the subject of certain

leases and secured financings (those certain agreements, associated with the 1110(a)

Notice Parties identified on Schedule A, the "Aircraft Agreements"), the Debtor agrees:

    (a)    To perform all obligations of the Debtor under the Aircraft Agreements with

    respect to the Aircraft Equipment; and

    (b)    That for a default, other than a default of a kind specified in section 365(b)(2)

    of the Bankruptcy Code, under the Aircraft Agreements with respect to the

    Aircraft Equipment:

        (1)    that occurred before the filing of the Debtor's chapter 11 case (the

        "Petition Date"), such default shall be cured before the expiration of

        the period ending on Tuesday, April 5, 2016 at 11:59 p.m. (the

        "1110(a) Deadline");

        (2)    that occurred or occurs after the Petition Date and before the 1110(a)

        Deadline, such default shall be cured before the later of:

            (x)    the date that is 30 days after the date of the default; or

            (y)    the 1110(a) Deadline; and

        (3)    that occurs on or after the 1110(a) Deadline, such default shall be

        cured in compliance with section 1110(a)(2)(B)(iii) of the Bankruptcy

        Code and the terms of the Aircraft Agreements with respect to the

        Aircraft Equipment, if a cure is permitted under such Aircraft

        Agreements.

    C.    Schedule A attached hereto sets forth the amounts, if any (the "Cure

Amounts"), that the Debtors believe they must pay under the Aircraft Agreements in order

to cure all defaults, if any, required to be cured pursuant to section 1110(a)(2) of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**Exhibit A - Page 2 of 5**

Bankruptcy Code with respect to the Aircraft Equipment.  IF NO OBJECTION IS TIMELY FILED AND SERVED AS SET FORTH IN THE NEXT PARAGRAPH, THE 1110(a) NOTICE PARTIES SHALL BE FOREVER BARRED FROM OBJECTING TO THE CURE AMOUNTS TO THE EXTENT PROVIDED IN THE ORDER.

D.     In accordance with the terms of the Order, any party in interest may object to this 1110(a) Election or any Cure Amount (or, for non-monetary cures, other type of cure) stated herein by filing a written objection on or before March __, 2016 (the "Objection Deadline").  An objection shall be considered timely only if, on or before the Objection Deadline, it is (i) filed with the Court and (ii) served upon each of the following parties: (a) the Debtor; (b) Debtor's counsel; (c) counsel for the Committee of Unsecured Creditors (the "Committee"), and (d) the Office of the United States Trustee.

E.     If no objection is timely filed, the Debtor's agreement to perform under section 1110(a)(2)(A) shall be deemed approved, the Debtor's compliance with section 1110(a)(2)(B) shall be deemed authorized, and the automatic stay of section 362 shall remain in place as long as the Debtor complies with their section 1110(a) obligations.

F.     If an objection has been timely filed with respect to a specific item of Aircraft Equipment listed on Schedule A hereto (an "1110(a) Objection") and any dispute relating to such 1110(a) Objection (each an "1110(a) Dispute") is not resolved consensually among the parties the Court may schedule a hearing to resolve the 1110(a) Dispute.  However, the Debtor's agreement as any item(s) of Aircraft Equipment that are not identified in a 1110(a) Dispute shall be approved and authorized as outlined in paragraph E, above.  To the extent that an 1110(a) Dispute is not resolved at such hearing, the applicable 1110(a) Notice Party may request that the Court order the Debtor to hold in escrow the amounts subject to the applicable 1110(a) Dispute, and the Debtor, the Committee and all other

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**Exhibit A - Page 3 of 5**

parties reserve their rights to object to any such request. Within five days following entry of a final unstayed order resolving an 1110(a) Dispute with respect to particular Aircraft Equipment, the Debtor shall cure all defaults, if any, required to be cured pursuant to section 1110(a)(2) of the Bankruptcy Code in respect of such Aircraft Equipment (in which case the applicable 1110(a) Election shall be deemed effective as of April 5, 2016).

       G.     The Debtor reserves the right to withdraw and revoke this 1110(a) Election at any time in its sole discretion; provided, however, that any obligations arising prior to such revocation shall be entitled to administrative priority status to the full extent that the applicable agreement under Section 1110 (whether an agreement under Section 1110(a) of the Bankruptcy Code (i.e. obligations under the underlying transaction agreement) or an agreement under Section 1110(b) of the Bankruptcy Code (i.e. to the extent provided under such 1110(b) Agreement) required the Debtor to keep current on such obligations as a condition to the maintenance of the automatic stay of Section 362 of the Bankruptcy Code.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP


By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #07350
    Of Attorneys for Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

**SEAPORT AIRLINES, INC.**

**SCHEDULE A**

| 1110(a) NOTICE PARTIES | AIRCRAFT TYPE | AIRCRAFT U.S. FEDERAL AVIATION ADMINISTRATION NUMBER | AIRCRAFT MANUFACTURER, MODEL AND SERIAL NUMBER | FINANCING TYPE | CURE AMOUNTS |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Exhibit A - Page 5 of 5**