Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | NOTICE OF ELECTION PURSUANT TO |
| | ) | SECTION 1110(a) OF THE BANKRUPTCY CODE |
| Debtor-in-Possession. | ) | (Aircraft Lease Finance III, Inc.) |

TO:    Parties Set Forth on Schedule A:

The Debtor-in-Possession, SeaPort Airlines, Inc. ("Debtor"), hereby gives Notice of

Election Pursuant to Section 1110(a) of the Bankruptcy Code ("1110(a) Election") the

following:

A.    The Court has entered the Order Establishing Procedures Authorizing

Debtors, Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults

Pursuant to Section 1110(a) of the Bankruptcy Code and to Enter Into Agreements to

Extend the 60-Day Period Specified in Section 1110(a) (Dkt. No 154) (the "Order"). All

capitalized terms not defined herein have the meaning ascribed to them in the Order.

B.    In accordance with and subject to the terms of the Order and with respect to

the Aircraft Equipment identified by U.S. Federal Aviation Administration Number or serial

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

number, as the case may be, on Schedule A attached hereto that is the subject of certain

leases and secured financings (those certain agreements, associated with the 1110(a)

Notice Parties identified on Schedule A, the "Aircraft Agreements"), the Debtor agrees:

    (a)    To perform all obligations of the Debtor under the Aircraft Agreements with respect to the Aircraft Equipment; and

    (b)    That for a default, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code, under the Aircraft Agreements with respect to the Aircraft Equipment:

        (1)    that occurred before the filing of the Debtor's chapter 11 case (the "Petition Date"), such default shall be cured before the expiration of the period ending on Tuesday, April 5, 2016 at 11:59 p.m. (the "1110(a) Deadline");

        (2)    that occurred or occurs after the Petition Date and before the 1110(a) Deadline, such default shall be cured before the later of:

            (x)    the date that is 30 days after the date of the default; or

            (y)    the 1110(a) Deadline; and

        (3)    that occurs on or after the 1110(a) Deadline, such default shall be cured in compliance with section 1110(a)(2)(B)(iii) of the Bankruptcy Code and the terms of the Aircraft Agreements with respect to the Aircraft Equipment, if a cure is permitted under such Aircraft Agreements.

    C.    Schedule A attached hereto sets forth the amounts, if any (the "Cure

Amounts"), that the Debtors believe they must pay under the Aircraft Agreements in order

to cure all defaults, if any, required to be cured pursuant to section 1110(a)(2) of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Bankruptcy Code with respect to the Aircraft Equipment.  IF NO OBJECTION IS TIMELY FILED AND SERVED AS SET FORTH IN THE NEXT PARAGRAPH, THE 1110(a) NOTICE PARTIES SHALL BE FOREVER BARRED FROM OBJECTING TO THE CURE AMOUNTS TO THE EXTENT PROVIDED IN THE ORDER.

D.      In accordance with the terms of the Order, any party in interest may object to this 1110(a) Election or any Cure Amount (or, for non-monetary cures, other type of cure) stated herein by filing a written objection on or before April 1, 2016 (the "Objection Deadline").  An objection shall be considered timely only if, on or before the Objection Deadline, it is (i) filed with the Court and (ii) served upon each of the following parties: (a) the Debtor; (b) Debtor's counsel; (c) counsel for the Committee of Unsecured Creditors (the "Committee"), and (d) the Office of the United States Trustee.

E.      If no objection is timely filed, the Debtor's agreement to perform under section 1110(a)(2)(A) shall be deemed approved, the Debtor's compliance with section 1110(a)(2)(B) shall be deemed authorized, and the automatic stay of section 362 shall remain in place as long as the Debtor complies with their section 1110(a) obligations.

F.      If an objection has been timely filed with respect to a specific item of Aircraft Equipment listed on Schedule A hereto (an "1110(a) Objection") and any dispute relating to such 1110(a) Objection (each an "1110(a) Dispute") is not resolved consensually among the parties the Court may schedule a hearing to resolve the 1110(a) Dispute.  However, the Debtor's agreement as any item(s) of Aircraft Equipment that are not identified in a 1110(a) Dispute shall be approved and authorized as outlined in paragraph E, above.  To the extent that an 1110(a) Dispute is not resolved at such hearing, the applicable 1110(a) Notice Party may request that the Court order the Debtor to hold in escrow the amounts subject to the applicable 1110(a) Dispute, and the Debtor, the Committee and all other

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

parties reserve their rights to object to any such request. Within five days following entry of a final unstayed order resolving an 1110(a) Dispute with respect to particular Aircraft Equipment, the Debtor shall cure all defaults, if any, required to be cured pursuant to section 1110(a)(2) of the Bankruptcy Code in respect of such Aircraft Equipment (in which case the applicable 1110(a) Election shall be deemed effective as of April 5, 2016).

      G.     The Debtor reserves the right to withdraw and revoke this 1110(a) Election at any time in its sole discretion; provided, however, that any obligations arising prior to such revocation shall be entitled to administrative priority status to the full extent that the applicable agreement under Section 1110 (whether an agreement under Section 1110(a) of the Bankruptcy Code (i.e. obligations under the underlying transaction agreement) or an agreement under Section 1110(b) of the Bankruptcy Code (i.e. to the extent provided under such 1110(b) Agreement) required the Debtor to keep current on such obligations as a condition to the maintenance of the automatic stay of Section 362 of the Bankruptcy Code.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos_____
    Robert J Vanden Bos, OSB #78100
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #07350
    Of Attorneys for Debtor-in-Possession

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

SEAPORT AIRLINES, INC.

SCHEDULE A

| 1110(a) NOTICE PARTIES | AIRCRAFT TYPE | AIRCRAFT U.S. FEDERAL AVIATION ADMINISTRATION NUMBER | AIRCRAFT MANUFACTURER, MODEL AND SERIAL NUMBER | FINANCING TYPE | CURE AMOUNTS* |
|---|---|---|---|---|---|
| Aircraft Lease Finance III, Inc. c/o Michael J. Edelman VEDDER PRICE 1633 Broadway, 47th Floor New York, New York 10019 **(LEASE N932SP) (LEASE N957SP) and (LEASE N958SP)** | Single-engine turboprop, fixed wing airliner | N932SP | Cessna Model 208B; Serial No. 208B5177; together with parts and equipment as more specifically set forth in Lease N932SP. | Lease | $169,345.88 |
| Aircraft Lease Finance III, Inc. c/o Brandy A. Sargent STOEL RIVES LLP 900 SW Fifth Avenue, Ste 2600 Portland, OR 97204 **(LEASE N932SP) (LEASE N957SP) and (LEASE N958SP)** | Single-engine turboprop, fixed wing airliner | N957SP | Cessna Model 208B; Serial No. 208B5165; together with parts and equipment as more specifically set forth in Lease N957SP. | Lease | $169,767.48 |
| Aircraft Lease Finance III, Inc. Residual Based Finance Corp. aka RESIDCO Three First National Plaza 70 W Madison, Ste 2340 Chicaco, IL 60602 **(LEASE N932SP) (LEASE N957SP) and (LEASE N958SP)** | Single-engine turboprop, fixed wing airliner | N958SP | Cessna Model 208B; Serial No. 208B5132; together with parts and equipment as more specifically set forth in Lease N958SP. | Lease | $164,026.29 |
| **TOTAL:** | | | | | **$503,139.65** |

*Because the foregoing cure amounts include the postpetition rent payments that were due to be paid on or about March 15, 2016, and such March rental payments were paid on or about such dates, the total cure amount listed above should be reduced by the full postpetition amounts so paid by the Debtor to the Lessor.