Robert J Vanden Bos, OSB #78100
Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

     Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 16-30406-rld11 |
| | ) | |
| SeaPort Airlines, Inc., | ) | NOTICE OF AGREEMENT PURSUANT TO |
| | ) | SECTION 1110(b) OF THE BANKRUPTCY |
| | ) | CODE; AND STIPULATION THEREON |
| Debtor-in-Possession. | ) | (Aircraft Lease Finance III, Inc.) |

The Debtor-in-Possession, SeaPort Airlines, Inc. ("Debtor"), hereby gives Notice of Agreement Pursuant to Section 1110(b) of the Bankruptcy Code with Aircraft Lease Finance III, Inc. ("1110(b) Agreement"), in accordance with the attached stipulation of the parties, as follows:

    1. The Court has entered the Order Establishing Procedures Authorizing Debtors, Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults Pursuant to Section 1110(a) of the Bankruptcy Code and to Enter Into Agreements to Extend the 60-Day Period Specified in Section 1110(a) (Dkt. No 154) (the "Order"). All capitalized terms not defined herein have the meaning ascribed to them in the Order.

    2. On March 17, 2016, SeaPort filed with this Court a Notice of Election Pursuant to Section 1110(a) of the Bankruptcy Code ("1110(a) Election") indicating that

Page 1 of 2 - NOTICE OF AGREEMENT PURSUANT TO SECTION 1110(b) OF THE BANKRUPTCY CODE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 206    Filed 04/04/16

SeaPort agreed to perform all its obligations under the Aircraft Leases and to pay the cure amounts required under Section 1110(a)(2)(B) of the Bankruptcy Code totaling $381,895.67 on or before April 5, 2016.

    3.    Pursuant to Section 1110(b) of the Bankruptcy Code, SeaPort has requested that Aircraft Lease Finance III, Inc. replace the Section 1110(a) Election and to extend the Section 1110 Period with respect to each Aircraft and the Aircraft Leases as outlined in the 1110(b) Agreement. The Parties have agreed, among other things, to this extension of the 60-day Section 1110 Period, to replace the Section 1110(a) Election, and the continued effectiveness of this extension with respect to each Aircraft is subject to certain terms and conditions.

    4.    Attached hereto is the Parties' 1110(b) Agreement, which is being filed in its entirety, pursuant to the terms of the Order.

    Respectfully submitted;

    VANDEN BOS & CHAPMAN, LLP

    By:/s/Douglas R. Ricks
        Robert J Vanden Bos, OSB #78100
        Douglas R. Ricks, OSB #044026
        Of Attorneys for Debtor-in-Possession

Page 2 of 2 - NOTICE OF AGREEMENT PURSUANT TO SECTION 1110(b) OF THE BANKRUPTCY CODE

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 206    Filed 04/04/16

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                          :
                                                :
In re SeaPort Airlines, Inc.;                   :   Chapter 11 Case No.
                                                :
                                                :   16-30406-rld11
                    Debtor.                     :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**STIPULATION RE: SECTION 1110(b) AGREEMENT**
(Aircraft Lease Finance III, Inc.)

SeaPort Airlines, Inc. ("SeaPort"), as a debtor and debtor in possession in the above-captioned chapter 11 cases, and Aircraft Lease Finance III, Inc., as the beneficial owner of the owner trusts that own the Aircraft (as defined below) that are the subject of the three Aircraft Leases identified below ("ALFIII", and along with the SeaPort, the "Parties"), hereby stipulate and agree as follows (this agreement, the "Stipulation"):

**RECITALS**

A. SeaPort and ALFIII (through its owner trustee, as lessor) are parties to the following aircraft leases:

> 1      that certain Aircraft Lease (S/N 208B5165), dated as of November 19, 2014 (as amended, supplemented and in effect, along with all exhibits and addenda thereto, the "N957SP Lease"), between Wilmington Trust Company, not in its individual capacity, but solely as owner trustee, as lessor ("Lessor", and along with ALFIII, the "Owner Parties"), and Seaport, as lessee, pursuant to which Lessor agreed to lease to SeaPort one (1) Cessna Model 208B aircraft bearing manufacturer's serial number 208B5165 and FAA Registration No. N957SP, together with one (1) Pratt & Whitney of Canada model PT6A-140 aircraft engine bearing manufacturer's serial number PCE-VA0177 and one (1) Hartzell Propeller Inc. 3-bladed model HC-B3TN-3AF(Y) propeller bearing manufacturer's serial number BUA33083, and standard avionics and equipment, optional equipment, and such other items fitted or installed on such aircraft and as may be more particularly described in the Purchase Agreement (as defined in the N957SP) (collectively, the "N957SP Aircraft");

Page 1

(2) that certain Aircraft Lease (S/N 208B5132), dated as of November 19, 2014 (as amended, supplemented and in effect, along with all exhibits and addenda thereto, the "N958SP Lease"), between Lessor, as lessor, and Seaport, as lessee, pursuant to which Lessor agreed to lease to SeaPort one (1) Cessna Model 208B aircraft bearing manufacturer's serial number 208B5132 and FAA Registration No. N958SP, together with one (1) Pratt & Whitney of Canada model PT6A-140 aircraft engine bearing manufacturer's serial number PCE-VA0142 and one (1) Hartzell Propeller Inc. 3-bladed model HC-B3TN-3AF(Y) propeller bearing manufacturer's serial number BUA33159, and standard avionics and equipment, optional equipment, and such other items fitted or installed on such aircraft and as may be more particularly described in the Purchase Agreement (as defined in the N958SP Lease) (collectively, the "N958SP Aircraft"); and

(3) that certain Aircraft Lease (S/N 208B5177), dated as of December 29, 2014 (as amended, supplemented and in effect, along with all exhibits and addenda thereto, the "N932SP Lease", and, along with the N957SP Lease and the N958SP Lease, the "Aircraft Leases" (and each, an Aircraft Lease")), between Lessor, as lessor ("Lessor"), and Seaport, as lessee, pursuant to which Lessor agreed to lease to SeaPort one (1) Cessna Model 208B aircraft bearing manufacturer's serial number 208B5177 and FAA Registration No. N932SP, together with one (1) Pratt & Whitney of Canada model PT6A-140 aircraft engine bearing manufacturer's serial number PCE-VA0190 and one (1) Hartzell Propeller Inc. 3-bladed model HC-B3TN-3AF(Y) propeller bearing manufacturer's serial number BUA33240, and standard avionics and equipment, optional equipment, and such other items fitted or installed on such aircraft and as may be more particularly described in the Purchase Agreement (as defined in the Lease) (collectively, the "N932SP Aircraft", and, along with the N957SP Aircraft and the N958SP Aircraft, the "Aircraft");

B. SeaPort filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Oregon (the "Court") on February 5, 2016 (the "Petition Date"), thereby commencing this bankruptcy case (the "Case"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the Petition Date, the Aircraft Leases were in default.

C. The Aircraft constitutes "equipment" within the meaning of sections 1110(a)(3)(A)(i) and 1110(a)(3)(B) of the Bankruptcy Code. Accordingly, the Aircraft and the Aircraft Leases are entitled to the protections of section 1110 of the Bankruptcy Code.

D. On March 17, 2016, SeaPort filed with the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") a Notice of Election Pursuant to Section 1110(a) of the Bankruptcy Code ("1110(a) Election") indicating that SeaPort agreed to perform all its obligations under the Aircraft Leases and to pay the cure amounts required under Section 1110(a)(2)(B) of the Bankruptcy Code totaling $381,895.67 as outlined on the attached **Exhibit A** (the "1110(a) Cure") on or before April 5, 2016.

E. Pursuant to section 1110(b) of the Bankruptcy Code, SeaPort has requested that the Owner Parties replace the Section 1110(a) Election and to extend the Section 1110 Period (as defined herein) with respect to each Aircraft and the Aircraft Leases. The Aircraft Parties have agreed, among other things, to this extension of the Section 1110 Period (as defined below) to replace the Section 1110(a) Election, and the continued effectiveness of this extension with respect to each Aircraft is subject to the terms and conditions set forth herein. In effect, this Stipulation (a) constitutes a Section 1110(a) election, subject to a modification of the cure repayment terms to permit the payment of the cure amount of $381,895.67 due on or before April 4, 2015 over 9.5 months, with such deferred cure payment bearing interest at 7% *per annum*, as follows: (i) a payment of $45,448.24 will be due by the Debtor to ALFIII on or before April 5, 2015, and (ii) starting on April 15, 2016 through and including December 15, 2016, SeaPort will make 9 monthly payments of $39,196.86 (on the 15th calendar of each such month during April through and including December 2016) (any payment falling on a non-business day shall be paid on the first succeeding business day); and (b) this Section 1110(b) stipulation is

contingent upon the Aircraft Leases being assumed by an order of this Court on or before May 31, 2016.

E, On April 4, 2016, SeaPort filed with the Bankruptcy Court a conditional withdrawal and revocation of its 1110(a) Election (subject only to the terms of Paragraph 12 of this Stipulation) so that the Parties can enter into this Section 1110(b) Stipulation and filed this Stipulation with this Court.

## AGREEMENT

1. Pursuant to section 1110(b) of the Bankruptcy Code, the Debtors have requested that the Aircraft Parties extend the 60-day period set forth in section 1110(a)(2) of the Bankruptcy Code (the "**Section 1110 Period**"). The Owner Parties have agreed to, among other things, this extension of the Section 1110 Period, and the continued effectiveness of this Stipulation is subject to the following conditions:

(a) the Debtors' compliance with each and every term of this Stipulation during the Extension Period (as defined below);

(b) the Debtors' taking all actions reasonably necessary to ensure that there are no Events of Default (as defined in the Aircraft Leases) (other than (i) Events of Default based on the cure payment that would be due under Section 1110(a), which cure payments are being satisfied under Paragraphs 2 through 4 below), and (ii) Events of Default of a kind specified in section 365(b)(2) of the Bankruptcy Code;

(c) SeaPort filing a motion with the Court to assume each of the Aircraft Leases under section 365 of the Bankruptcy Code on or before April 15, 2016;

(d) the Court approving the assumption of each of the Aircraft Leases under Section 365 of the Bankruptcy Code on or before May 31, 2016 (with the cure payment

schedule provided herein for the currently owed cure amounts expressly incorporated into the assumptions for each of the Aircraft Leases).

2. On or before April 5, 2016, SeaPort shall make an initial payment to ALFIII in the amount of $45,448.24 of which $39,196.86 shall be credited to the 1110(a) Cure and $6,251.38 shall be credited to the airplane inspection fee incurred by ALFIII postpetition as outlined on the attached **Exhibit B.**

3. SeaPort shall pay timely to ALFIII any payments that come due under the Aircraft Leases after April 5, 2016 beginning with the April lease payment and March engine reserve payments, each of which shall be paid on April 15,2016.

4. The remainder of the 1110(a) Cure shall be paid with interest accruing thereon at the rate of seven percent (7%) per annum in nine monthly payments in the amount of $39,196.86 with the first payment due on April 15, 2016 and subsequent payments in the same amount on the 15th of each month through and including December 15, 2016.

5. Subject to compliance with the terms of this Stipulation, including Paragraph 1 above, the automatic stay of 11 U.S.C. § 362 shall be extended from and after April 5, 2016 through and including, the earliest of: (i) May 31, 2016 or such later date as mutually agreed in writing by SeaPort and ALFIII, or (ii) the date that the Aircraft Leases are assumed under Section 365 of the Bankruptcy Code by an order of this Court.

6. In the event of a default of any of the terms of this Agreement or under the Aircraft Leases, SeaPort shall have (a) five (5) days to cure any payment default (with no notice required to be given by ALFIII) and (b) for any other defaults, ALFIII shall provide written notice of such other default(s) to SeaPort and SeaPort shall have an opportunity to cure such default within ten (10) days. Failure to cure within such cure periods shall constitute an

Page 5

Case 16-30406-rld11    Doc 206    Filed 04/04/16

immediate termination of the automatic stay of 11 U.S.C. § 362 upon written notice (which written notice may from any of the Owner Parties (or their counsel) and may be by email (to either SeaPort or its undersigned counsel), which termination notice shall immediately entitle the Owner Parties (i) to proceed with their rights and remedies under the Aircraft Leases and applicable law, (ii) to the protections and rights granted under Section 1110(c) of the Bankruptcy Code, and (iii) to possess valid and allowable administrative claims for any post-petition arrearages arising before the date of such termination of this Stipulation.

7. Each of the Parties hereto represent and warrant that they have full authority to enter into and perform this Stipulation and otherwise authorize SeaPort's continued use of the Aircraft subject to the terms hereof.

8. The Parties also agree and acknowledge that this Stipulation does not constitute an assumption by SeaPort of the Lease Agreement under section 365 of the Bankruptcy Code and nothing contained herein shall be construed to constitute such an assumption; provided, however, that the Parties acknowledge and agree that this Stipulation contemplates that such an assumption is required on the terms hereof within 45 days of the date hereof (and SeaPort's continued use of the Aircraft is conditioned upon the assumptions of the Aircraft Leases occurring on or before May 31, 2016).

9. Except to the extent otherwise provided herein, this Stipulation does not limit or affect the rights, remedies or claims (including, without limitation, administrative claims) of the Owner Parties, if any, under any provisions of the Bankruptcy Code or other applicable law, subject to all rights, defenses and objections of SeaPort and any other party-in-interest.

Page 6

Case 16-30406-rld11    Doc 206    Filed 04/04/16

10. The Parties agree that this Stipulation does not otherwise affect any term or provision of the Aircraft Leases except as expressly set forth in this Stipulation, and that the Parties hereto reserve all of their respective rights and remedies with respect thereto.

11. This Stipulation shall be binding upon (a) SeaPort and any trustee or examiner that may be appointed in the pending chapter 11 Case, and their respective successors and assigns, (b) the Owner Parties and their respective successors and assigns and trust beneficiaries who so direct or authorize the trusts or the trustee of the trusts to enter into this Stipulation, (c) the trustee in the event that the above-captioned cases are converted to cases under chapter 7 of the Bankruptcy Code and (d) all creditors and other parties-in-interest in the above-captioned cases.

12. In accordance with the Section 1110 procedures order, this Stipulation is immediately effective upon its execution by the Parties hereto. Notwithstanding anything herein to the contrary, if any payments under this Stipulation are in any way challenged, then the 1110(a) Election for the Aircraft Leases and the Aircraft shall be deemed to not be withdrawn for the sole purpose of authorizing such payments (and in all other respects the Section 1110(b) Election shall be deemed withdrawn and revoked (which such revocation and withdrawal is expressly agreed to by the Owner Parties and SeaPort)). SeaPort shall promptly cause this Stipulation to be presented to the Court for approval in accordance with that certain Order Establishing Procedures Authorizing Debtors, Subject to Subsequent Court Approval, to Perform Obligations and Cure Defaults Pursuant to Section 1110(a) of the Bankruptcy Code and to Enter Into Agreements to Extend the 60-Day Period Specified in Section 1110(a).

13. By executing this Stipulation, ALFIII hereby instructs the Owner Trustee to execute this Stipulation and undertake the transactions contemplated herein and ALFIII hereby

agrees to indemnify, subject to the terms of and the limitations set forth in the Aircraft Leases, the related operative trust agreement and the other operative documents, for executing this Agreement and effecting the transactions contemplated herein.

14. It is expressly understood and agreed by the parties that (a) this document is executed and delivered by Wilmington Trust Company, not individually or personally, but solely in its respective owner trustee capacities, in the exercise of the powers and authorities conferred and vested in it, pursuant to the respective owner trust agreements, (b) each of the representations, undertakings and agreements herein made on the part of such owner trustees is made and intended not as personal representations, undertakings and agreements by Wilmington Trust Company, but is made and intended for the purpose for binding only the respective owner trust estates, (c) nothing herein contained shall be construed as creating any liability on Wilmington Trust Company, individually or personally, to perform any covenant either expressed or implied contained herein, all such liability, if any, being expressly waived by the parties hereto and by any person claiming by, through or under the parties hereto (except for liability resulting from the willful misconduct or gross negligence of the respective owner trustees), and (d) under no circumstances shall Wilmington Trust Company be personally liable for the payment of any indebtedness or expenses of the either owner trustee or be liable for the breach or failure of any obligation, representation, warranty or covenant made or undertaken by the owner trustees under this Stipulation or any other related documents (except for liability resulting from the willful misconduct or gross negligence of such owner trustees).

15. Nothing herein shall affect any Owner Party's rights (or any defenses thereto of SeaPort or any other party-in-interest) with respect to (a) as applicable, any payment of obligations relating to non-regularly scheduled payment obligations arising under any of the

Case 16-30406-rld11    Doc 206    Filed 04/04/16

Aircraft Leases or relating to any Aircraft (including, without limitation, indemnifications, expense reimbursements and non-regularly scheduled rent); (b) any obligations that arise, accrue or otherwise become due only after notice, demand, or information is provided to Republic or other person or entity; and (c) any non-monetary defaults or obligations arising under any of the Aircraft Leases.

16. This Stipulation may be executed in one or more counterparts, by facsimile, electronic transmission or otherwise, each of which shall be deemed an original, and all of which, when taken together, shall constitute one and the same document. This Stipulation may be filed by SeaPort with the Court prior to its execution by all Parties.

17. This Stipulation, together with section 1110 of the Bankruptcy Code and the Aircraft Leases, contain the entire agreement between the Owner Parties and SeaPort as to the subject matter hereof, and all understandings, agreements and communications prior to the date hereof, whether express or implied, oral or written, relating to the subject matter hereof are fully and completely extinguished and superseded by this Stipulation and the Aircraft Leases. This Stipulation shall not be altered, amended, modified or otherwise changed, and the rights hereunder may not be waived, except by a writing dated subsequent to the date hereof and duly signed by each of the Owner Parties and SeaPort.

18. Any disputes regarding the interpretation or enforcement of this Agreement or the Airplane Leases shall be brought before the United States Bankruptcy Court for the District of Oregon, unless the above-referenced Chapter 11 case has been closed or dismissed. To the extent non-bankruptcy law governs any provision of this Stipulation, this Stipulation shall be interpreted, and the rights and duties of the parties hereto shall be determined, in accordance with the laws of the State chosen by SeaPort and the Owner Parties in the Aircraft Leases.

AGREED:

Dated: April 4, 2016

| | |
|---|---|
| SEAPORT AIRLINES, INC. | AIRCRAFT LEASE FINANCE III, INC., as the owner participant |
| By: /s/Timothy Sieber <br> Its: Timothy Sieber, President | By: /s/Glenn Davis <br> Its: President |

SO STIPULATED:

| | |
|---|---|
| VANDEN BOS & CHAPMAN, LLP | WILMINGTON TRUST COMPANY, not in its individual capacity, but solely as owner trustee |
| By: /s/Douglas R. Ricks <br> Robert J Vanden Bos, OSB #78100 <br> Douglas R. Ricks, OSB #044026 Of <br> Attorneys for Debtor-in-Possession | By: <br> Its: |
| | STOEL RIVES, LLP |
| | By: /s/Brandy A. Sargent <br> Brandy A. Sargent, OSB #045713 <br> Of Attorneys for the Owner Parties |

# EXHIBIT A

## Pre-Petition Basic Rent & Additional Rent

| | | |
|---|---:|---:|
| **December 2015 - February 2016 Rent** | | $265,500.00 |
| (3 Caravans @ $29,500/Aircraft/Month x 3 Months) | | |
| | | |
| **October Additional Rent** | | $23,405.00 |
| N957SP Aircraft (124.30 Hobbs @ $62) | $7,706.60 | |
| N958SP Aircraft (127.30 Hobbs @ $62) | $7,892.60 | |
| N932SP Aircraft (125.90 Hobbs @ $62) | $7,805.80 | |
| | | |
| **November Additional Rent** | | $14,923.40 |
| N957SP Aircraft (105.30 Hobbs @ $62) | $6,528.60 | |
| N958SP Aircraft (18.90 Hobbs @ $62) | $1,171.80 | |
| N932SP Aircraft (116.50 Hobbs @ $62) | $7,223.00 | |
| | | |
| **December Additional Rent** | | $20,584.00 |
| N957SP Aircraft (115.10 Hobbs @ $62) | $7,136.20 | |
| N958SP Aircraft (76.90 Hobbs @ $62) | $4,767.80 | |
| N932SP Aircraft (140 Hobbs @ $62) | $8,680.00 | |
| | | |
| **January Additional Rent** | | $24,322.60 |
| N957SP Aircraft (128.70 Hobbs @ $62) | $7,979.40 | |
| N958SP Aircraft (161.10 Hobbs @ $62) | $9,988.20 | |
| N932SP Aircraft (102.5 Hobbs @ $62) | $6,355.00 | |
| | | |
| **February Additional Rent** | | $5,065.40 |
| N957SP Aircraft (27.20 Hobbs @ $62) | $1,686.40 | |
| N958SP Aircraft (37.20 Hobbs @ $62) | $2,306.40 | |
| N932SP Aircraft (17.30 Hobbs @ $62) | $1,072.60 | |
| | | |
| **Legal Bill Paid on Behalf of SeaPort** | | |
| Moore & Van Allen PLLC (First Amendment to Lease: Invoice # 715492) | | $6,045.89 |
| | | |
| **Late Charges on Pre-Petition Rents Due** | | $4,612.63 |
| | | |
| **Administrative Charges on Pre-Petition Rents Due** | | <u>$17,436.75</u> |
| | | |
| ***TOTAL CURE PAYMENTS*** | | ***<u>$381,895.67</u>*** |

| | |
|---|---:|
| *Total Cure Payment* | $381,895.67 |
| *No of Monthly Payments* | 10 |
| *Interest Rate* | *7.0%* |
| *Monthly Payment* | *<u>$39,196.86</u>* |

**Aircraft Lease Finance III, Inc.**
A subsidiary of
Residual Based Finance Corporation
70 West Madison, Suite 2340
Chicago, Illinois 60602
tel 312.726.0693 fax 312.726.3690
www.residco.com

Invoice Date:     April 1, 2016

Invoice Number:   OL1427-28-29- 0416-1

SeaPort Airlines
Portland International Airport
7505 NE Airport Way
Portland, OR 97218
Attention: Tim Sieber
Via e-mail:  tsieber@seaportair.com

# INVOICE

**Serial Numbers: 208B-5132, 208B-5165 & 208B-5177**

| | |
|---|---:|
| Lessee Responsible Inspection Invoices | |
|     Aviation Management Consulting, Inc. | $6,251.38 |
|       (Invoice 160209RF) | |
| | |
| Portion of Pre-Petition Basic Rent & Additional Rent * | $39,196.86 |
|     Payment #1 (of 10) | |
| ***Total Due*** | ***$45,448.24*** |

*\* See Page 2 for Details*

***Payment Due On  April 5, 2016***

*If you have any questions, please contact Plamena Genc at 312-726-0695 (Ext. 103) or email: genc@residco.com at your convenience.*

| **Via Check:** | **Via Wire Instructions:** | **ACH Instructions:** |
|:---:|:---:|:---:|
| Aircraft Lease Finance III, Inc. c/o RESIDCO 70 West Madison Suite 2340 Chicago, IL 60602 | **Acct: Name:** Aircraft Lease Finance III, Inc.<br>**Account No**.: 1530002704<br>**Bank Name:** MB Financial<br>**City/State:** Rosemont, IL<br>**ABA No.:** 071001737 | **Acct: Name:** Aircraft Lease Finance III, Inc.<br>**Account No**.: 1530002704<br>**Bank Name:** MB Financial<br>**City/State:** Rosemont, IL<br>**ACH No.:** 071001737 |

**EXHIBIT B - PAGE 1 OF 1**

<u>In re SeaPort Airlines, Inc.</u>;
Chapter 11 Bankruptcy Case No. 16-30406-rld11

CERTIFICATE - TRUE COPY

DATE: April 4, 2016

DOCUMENT: NOTICE OF AGREEMENT PURSUANT TO SECTION 1110(b) OF THE BANKRUPTCY CODE; AND STIPULATION THEREON (Aircraft Lease Finance III, Inc.)

    I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing on:

SeaPort Airlines, Inc.
Attn: Timothy Sieber
7505 NE Airport Way
Portland, OR 97218

JA Flight Services, LLC
c/o Bruce A. Jacobs, President
Creditors Committee Chairperson
43W700 US Route 30
Sugar Grove, IL 60554

Olson Brooksby PC
c/o Scott Brooksby, Esq.
200 Pacific Building
520 SW Yamhill Street
Portland, OR 97204

Memphis Propeller Service, Inc.
c/o Mark Matthews, President
11098 Willow Ridge Drive
Olive Branch, MS 38654

Michael J. Edelman
VEDDER PRICE
1633 Broadway
47th Floor
New York, New York 10019

Franklin C. Adams
POB 1028
Riverside, CA 92502-1028

Mark J. Wolfson
100 N Tampa St #2700
Tampa, FL 33602

Tulare County Tax Collector
Attn Jorge Garcia Depty Tax Collector
221 S Mooney Blvd Rm 104-E
Visalia, CA 93291-4593

PAGE 1 of 2 - CERTIFICATE OF SERVICE

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address. Said envelopes were deposited in the Post Office at Portland, Oregon, on the below date, postage prepaid.

    I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: April 4, 2016

    VANDEN BOS & CHAPMAN, LLP


By:/s/ Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtor