Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
Spencer C. Wilson, OSB #154498
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | ) | Case No. 16-30406-rld11 |
|---|---|---|
| SeaPort Airlines, Inc., | ) | |
| Debtor. | ) | |
| SeaPort Airlines, Inc., | ) | ADV. PRO. NO. _____ |
| Plaintiff, | ) | COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND |
| vs. | ) | RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR |
| Robert McKinney | ) | SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AND DECLARATORY |
| Defendant. | ) | AND INJUNCTIVE RELIEF |

**PARTIES**

1. SeaPort Airlines, Inc. ("Seaport") is the debtor-in-possession in the above-captioned bankruptcy case and is headquartered in the State of Oregon.

2. Robert McKinney ("McKinney") is an individual, a resident of the State of Washington, and was formerly president and CEO of SeaPort.

Page 1 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

## SUMMARY OF CLAIMS

3. Seaport's claims for relief against McKinney are summarized as follows:

   a. For avoidance and recovery of an improper post petition transfer to McKinney of property of the estate;

   b. To restrain McKinney from pursuing monetary relief against SeaPort sought in a "whistleblower" complaint McKinney filed with OSHA (the "Whistleblower Complaint"); and

   c. To the extent allowable, recovery of damages, including attorney fees and costs, from McKinney.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, or arises in, and relates to a case under Title 11, pursuant to 28 U.S.C. §§ 157 and 1334(b).

5. The statutory and legal predicates for the relief sought herein are Sections 105, 362, 549, and 550 of Title 11 of the United States Code, 11 U.S.C. §§101–1532 (the "Bankruptcy Code") and Rules 3007, 7001, and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. §157(b)(2) and the Court may enter final order for the matters contained herein.

7. Pursuant to Local Bankruptcy Rule 7008-1, SeaPort states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court,

Page 2 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. Venue is proper in the District of Oregon pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

9. On February 5, 2016 (the "Petition Date"), SeaPort commenced a case in this Court under Chapter 11 of the Bankruptcy Code.

10. On February 5, 2016, this Court entered an Order, upon motion from SeaPort, authorizing SeaPort to pay certain priority pre-petition payroll, payroll taxes, employee health insurance premiums, workers compensation premiums, and other employee expenses (the "Payroll Order") (Docket No. 22).

11. On March 4, 2016, McKinney filed the aforementioned Whistleblower Complaint with the Occupational Safety and Health Administration ("OSHA"). After SeaPort was notified of the Whistleblower Complaint, SeaPort gave OSHA and McKinney notice of its bankruptcy and requested that OSHA and McKinney refrain from taking any further action to move forward with its administrative proceeding. McKinney refused to refrain from proceeding with the Whistleblower Complaint claim.

## FACTUAL BACKGROUND

12. McKinney served as president and CEO of SeaPort, but gave notice of resignation on or about January 19, 2016.

13. Seaport paid to McKinney a final check for compensation due, which included amounts for vacation time.

14. Through apparent inadvertence, the final check to McKinney also included amounts for nonpriority vacation time, accrued more than 180 days prior to the Petition Date,

Page 3 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

in the amount of $5,855.55. Payment of this amount was not approved by the Payroll Order.

15. Upon discovery of the error, SeaPort informed McKinney of the error and requested return of the nonpriority vacation funds in a letter dated February 23, 2016. McKinney did not comply with Seaport's request. Seaport directed a second letter to McKinney reiterating its request for the return of the nonpriority vacation funds. McKinney continues to fail and refuse to return the over payment.

16. SeaPort received notice of McKinney's Whistleblower Complaint on March 31, 2016. The gravamen of McKinney's Whistleblower Complaint, and the remedy sought by McKinney, is a monetary award against SeaPort for damages allegedly suffered as a result of McKinney's termination of employment at SeaPort. The statutory basis for a Whistleblower complaint provides for monetary relief to the complainant and reinstatement to his or her former position. 49 U.S.C. 42121(b)(3)(B). McKinney voluntarily resigned his position. McKinney has taken a comparable position with another airline. Upon information and belief, SeaPort alleges that the recovery sought by McKinney in his Whistleblower Complaint is monetary damages and does not include reinstatement to his former position.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Postpetition Transfers to McKinney - 11 U.S.C. § 549)**

17. SeaPort incorporates all preceding paragraphs as if fully re-alleged herein.

18. The transfer of nonpriority vacation funds was made to McKinney by SeaPort.

19. The transfer constituted a transfer of an interest in property of the bankruptcy estate of Seaport. The transfer and continued retention of the transferred funds by McKinney deprives the bankruptcy estate of property.

Page 4 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

20. As a Debtor in Possession, Seaport is entitled to pursue this claim against McKinney on behalf of the bankruptcy estate.

21. In accordance with the foregoing, such transfer is avoidable pursuant to 11 U.S.C. § 549(a). SeaPort is entitled to recover from McKinney the sum of $5,885.55.

## SECOND CLAIM FOR RELIEF
### (Recovery of Avoided Transfers From McKinney - 11 U.S.C. § 550)

22. Seaport incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this claim.

23. SeaPort is entitled to avoid the transfer to McKinney pursuant to 11 U.S.C. § 549.

24. McKinney was the initial transferee of the transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the transfer was made.

25. Pursuant to 11 U.S.C. § 550(a), Seaport is entitled to recover from McKinney the transfer, in an amount not less than $5,885.55 together with any additional amounts as determined at trial, plus interest thereon to the date of payment and the cost of this action.

## THIRD CLAIM FOR RELIEF
### (Sanctions Against McKinney - 11 U.S.C. § 105(a))

26. SeaPort incorporates all preceding paragraphs as fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this claim for relief.

27. SeaPort commenced its Chapter 11 case on February 5, 2016. The automatic stay of 11 U.S.C. § 362 went into effect on the Petition Date.

28. While acting in his role as president, McKinney participated in the board meeting of SeaPort in which the board voted to file for bankruptcy.

Page 5 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

29. The gravamen of, and the remedy sought by McKinney in his Whistleblower Complaint is a monetary award against SeaPort, based on alleged actions with occurred prior to SeaPort's bankruptcy petition.

30. McKinney willfully violated 11 U.S.C. § 362(a)(1) when he filed a claim with OSHA seeking monetary relief against SeaPort, despite knowledge of SeaPort's bankruptcy filing. McKinney wilfully violated 11 U.S.C. § 362(a)(3) when he retained property of the estate despite requests for its return.

31. McKinney has not obtained relief from the automatic stay to pursue claims against SeaPort.

32. The Bankruptcy Court has the authority to ensure that its own orders and injunctions, including the automatic stay, are upheld and not violated. That authority includes the power to sanction those that violate the bankruptcy court's orders and injunctions.

33. McKinney's willful violation of the automatic stay has caused SeaPort damages, including but not limited to attorney fees and costs.

34. McKinney should be sanctioned. The Court should impose appropriate sanctions for McKinney's willful violations of the automatic stay as determined at trial, including reimbursement of SeaPort's actual damages including SeaPort's costs and reasonable attorney fees.

### FOURTH CLAIM FOR RELIEF
(Sanctions Against McKinney Pursuant to the Court's Inherent Authority)

35. SeaPort incorporates all preceding paragraphs as fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this claim for relief.

Page 6 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

36. The Bankruptcy Court has the inherent authority to sanction and deter and provide compensation for a broad range of improper actions.

37. As described above, by pursuing claims against SeaPort and retaining property of the bankruptcy estate, McKinney's actions are past and continuing willful violations of the automatic stay imposed by 11 U.S.C. § 362.

38. McKinney's action in violating the automatic stay were done in bad faith and constitute willful misconduct.

39. McKinney should be sanctioned. The Court should impose appropriate sanctions for McKinney's willful violations of the automatic stay as determined at trial, including reimbursement of SeaPort's actual damages including costs and attorney fees.

### FIFTH CLAIM FOR RELIEF
### (Declaratory and Injunctive Relief Against McKinney - 11 U.S.C. § 105)

40. SeaPort incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

41. McKinney has refused and continues to refuse to return property of the estate. Further, McKinnney filed a claim seeking monetary relief with full knowledge of SeaPort's bankruptcy filing. Both of these actions are continuing violations of the automatic stay provided under 11 U.S.C. § 362.

42. Under 11 U.S.C. § 105, the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11.

43. SeaPort requests that the court issue a declaratory judgment that McKinney's filing and continued pursuit of a claim against SeaPort, as well as his continued retention of property of SeaPort's bankruptcy estate, are violations of the automatic stay.

Page 7 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

Further, SeaPort requests that the Court issue appropriate orders enjoining McKinney from taking any further action against SeaPort.

**PRAYER FOR RELIEF**

WHEREFORE, Seaport prays that this Court grant it the following relief against McKinney:

1. On the First Claim for Relief, that the transfer to McKinney, avoidable under 11 U.S.C. § 549 in an amount of not less that $5,885.55, be avoided;

2. On the Second Claim for Relief, that the transfer to McKinney, to the extent avoided pursuant to 11 U.S.C. § 549, be recovered by SeaPort pursuant to 11 U.S.C. § 550; and that judgment be entered against McKinney in an amount not less than $5,885.55 (the "Judgment");

3. On the Third Claim for Relief, that judgment be entered against McKinney sanctioning him for violations of the automatic stay, and reimbursing SeaPort for damages including attorney fees and costs in an additional amount to be determined at trial.

4. On the Fourth Claim for Relief, that judgment be entered against McKinney sanctioning him for violations of the automatic stay, and reimbursing SeaPort for damages including attorney fees and costs in an additional amount to be determined at trial.

5. On the Fifth Claim for Relief, that judgment be entered against McKinney declaring his pursuit of claims against SeaPort a violation of the automatic stay, that judgment be entered against McKinney declaring his continued retention of property of SeaPort's bankruptcy estate a violation of the

Page 8 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16

automatic stay, and that judgment be entered against McKinney enjoining McKinney from pursuing any further actions or claims against SeaPort.

6.  As to all Claims for Relief, that the Court award the following:

    a.  Awarding pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of Judgment herein;

    b.  Awarding of post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the Judgment is paid in full, plus costs;

    c.  Requiring McKinney to pay forthwith the Judgment amounts awarded in favor of SeaPort; and

    d.  Granting SeaPort such other and further relief as the Court deems just and proper.

Dated this 11th day of May, 2016.

          Respectfully submitted;

          VANDEN BOS & CHAPMAN, LLP

          By:/s/Robert J Vanden Bos
             Robert J Vanden Bos OSB #78100
             Douglas R. Ricks, OSB #044026
             Christopher N. Coyle, OSB #07350
             Spencer C. Wilson, OSB #154498
             Of Attorneys for Plaintiff

Page 9 of 9 - COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 549 AND RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550, FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, AND DECLARATORY AND INJUNCTIVE RELIEF.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690--(503) 241-4869

Case 16-30406-rld11    Doc 288    Filed 05/12/16