James Sheehan, Alaska Bar No. 0506056
Simpson, Tillinghast, Sorensen & Sheehan, P.C.
One Sealaska Plaza, Ste. 300
Juneau, Alaska 99801
Phone: 907-586-1400
Fax 907-586-3065
jsheehan@stsl.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>SEAPORT AIRLINES, INC.,<br><br>Debtor. | Case No. 16-30406-rld11<br><br>**OBJECTION TO DEBTOR'S NOTICE OF INTENT TO SELL [DOC NO. 265]** |

Wings Airlines, Inc., ("Wings") through counsel, hereby objects to Debtor's Notice of Intent to Sell [Doc No. 265] (the "Notice") and respectfully represents as follows:

1. Wings is a secured creditor under a Deed of Trust against certain real property (the "Property"). That Property is listed in the Debtor's Notice.

2. On May 5, 2016, Debtor filed the Notice seeking authority to sell the Property owned by the Debtor to the current tenant of the Property. The undersigned's law firm was served with the Notice on May 11, 2016. The Property identified in the Notice includes real estate located at 39050 SE Gordon Creek Road, Corbett, Oregon 97019. The Property is secured by a Deed of Trust in favor of Wings, giving Wings a direct interest in any sale of the Property. The Deed of Trust is attached as Exhibit A.

3. Wings holds pre-petition claims for approximately $2,500,000 for outstanding amounts owed under five aircraft leases with the Debtor. These claims are

SIMPSON, TILLINGHAST, SORENSEN & SHEEHAN, P.C.
One Sealaska Plaza, Suite 300
Juneau, Alaska 99801
Phone: (907) 586-1400   Fax: (907) 586-3065

secured by a prior perfected, continuing and enforceable Deed of Trust, attached as Exhibit A.

4.  Wings opposes the Notice and asks this court for adequate protection, including the right to exercise rights and remedies, such as its right to foreclose, or, in the alternative an order reflecting that Wings' secured interest continues to attach to the Property in the same priority as provided under the Deed of Trust to secure the payment of said lien until paid. Wings asserts that any proceeds from the sale of the Property should be used to satisfy the Deed of Trust prior to any other junior secured lien-holders.

5.  Therefore, Wings requests that this Court deny the Notice, including the sale procedures, and protects the rights of Wings, a secured creditor under the Deed of Trust, by restricting the Debtor's authority to sell encumbered real estate.

DATED this 3rd day of June, 2016.

Respectfully Submitted,

/s/James Sheehan
James Sheehan, Alaska Bar No. 0506056
Simpson, Tillinghast, Sorensen & Sheehan, P.C.
One Sealaska Plaza, Ste. 300
Juneau, Alaska 99801
Phone: 907-586-1400
Fax 907-586-3065
jsheehan@stsl.com

Attorneys for Plaintiff Wings Airlines Services, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2016, a true and correct copy of this document was served on all interested parties by electronic means through the ECF system as indicated on the Notice of Electronic filing.

By: /s/ James Sheehan
James Sheehan

SIMPSON, TILLINGHAST, SORENSEN & SHEEHAN, P.C.
One Sealaska Plaza, Suite 300
Juneau, Alaska 99801
Phone: (907) 586-1400   Fax: (907) 586-3065

AFTER RECORDING, RETURN TO:

Bruce Berning
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099

UNTIL A CHANGE IS REQUESTED,
SEND ALL TAX STATEMENTS TO:

Alaska Juneau Aeronautics, Inc.
64 Nansen Summit
Lake Oswego, OR 97035

Multnomah County Official Records
C Swick, Deputy Clerk                     2011-007811

$46.00

0078211320110007811003 0031
01/14/2011 02:46:43 PM
1R-B&S DEED                Cnt=1  Stn=25 ATLJH
$15.00 $11.00 $15.00 $5.00

## BARGAIN & SALE DEED

Wings Airline Services, Inc., an Alaska corporation, Grantor, conveys to Alaska Juneau Aeronautics, Inc., an Alaska corporation, Grantee, that certain real property located in Multnomah County, Oregon, and more particularly described on Exhibit A attached hereto.

The true consideration for this conveyance consists of or includes other property or value given or promised which is the whole of the consideration.

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL, AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, AND SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009.

DATED this 24th day of November, 2010.

Exhibit A
Page 1

GRANTOR:   Wings Airline Services, Inc., an Alaska corporation

By _____Robert Jacobsen_____

Its _____PRESIDENT_____

STATE OF ~~OREGON~~ ALASKA   )
First Judicial District   ) ss
~~COUNTY OF MULTNOMAH~~   )

The foregoing instrument was acknowledged before me on _November 24_, 20_10_, by ~~Beverly K. Willson~~ Robert N. Jacobsen, as _President_ of Wings Airline Services, Inc.

STATE OF ALASKA
OFFICIAL SEAL
Beverly K. Willson
NOTARY PUBLIC
My Commission Expires 9-21-2013

_Beverly K. Willson_
Notary Public for State of Alaska
My commission expires _9-21-2013_

EXHIBIT A

Real Property Description

A tract of land situated in the West one-half of Section 24, Township 1 South, Range 4 East, Willamette Meridian, in the County of Multnomah and State of Oregon, being described as follows:

Commencing at a brass cap monument marking the center of said Section 24; thence South 00°14'40" West along the East line of the Southwest one-quarter of said Section 24, a distance of 12.91 feet to an iron rod in the Southerly right-of-way line of Gordon Creek Road, County Road No. 2075; thence tracing said Southerly right-of-way line a distance of 133.80 feet along the arc of a 848.57 foot radius curve to the right through a central angle of 09°02'04" (chord bears North 64°12'01" West, 133.66 feet) to an iron pipe marking a point of tangency; thence continuing along said Southerly right-of-way line, North 59°41'00" West a distance of 382.06 feet to an iron rod marking the true point of beginning of the tract herein to be described; thence leaving said Southerly right-of-way line and running South 12°53'00" West a distance of 78.51 feet to a point of curvature; thence 102.94 feet along the arc of a 100.0 foot radius curve to the right through a central angle of 53°37'00" (chord bears South 39°41'30" West, 99.22 feet) to a point of tangency; thence South 66°30'00" West a distance of 134.36 feet to a point of curvature; thence 46.65 feet along the arc of a 110.00 foot radius curve to the right through a central angle of 24°18'00" (chord bears South 78°39'00" West, 46.30 feet) to a point of tangency; thence North 89°12'00" West a distance of 100.00 feet; thence South 59°24'20" West a distance of 71.36 feet; thence North 80°20'00" West a distance of 170.00 feet; thence South 73°00'00" West a distance of 150.00 feet; thence South 22°45'00" East a distance of 150.00 feet; thence South 20°00'00" West a distance of 100.00 feet; thence North 61°15'00" West a distance of 175.00 feet; thence North 43°15'00" West a distance of 325.00 feet; thence North 63°41'13" East a distance of 50.00 feet; thence South 89°15'00" East a distance of 255.00 feet; thence North 67°20'00" East a distance of 150.00 feet; thence North 90°00'00" East a distance of 43.00 feet; thence South 69°00'00" East a distance of 261.18 feet; thence South 89°12'00" East a distance of 100.00 feet to a point of curvature; thence 38.17 feet along the arc of a 90.00 foot radius curve to the left through a central angle of 24°18'00" (chord bears North 78°39'00" East, 37.88 feet) to a point of tangency; thence North 66°30'00" East a distance of 134.36 feet to a point of curvature; thence 84.22 feet along the arc of a 90.00 foot radius curve to the left through a central angle of 53°37'00" (chord bears North 39°41'30" East, 81.18 feet); thence North 51°00'00" West a distance of 93.00 feet; thence North 56°14'20" East a distance of 74.33 feet to a point in the Southerly right-of-way line of said Gordon Creek Road; thence South 59°41'00" East along said Southerly right-of-way line a distance of 55.00 feet to the true point of beginning.

# TRUST DEED

**Grantor:**
SeaPort Airlines, Inc., formerly known as
Alaska Juneau Aeronautics, Inc., an Alaska
corporation
64 Nansen Summit
Lake Oswego, OR 97035

**Beneficiary:**
Wings Airline Services, Inc., an Alaska
corporation
845 Goldbelt Avenue
Juneau, AK 99801-9375

SPACE RESERVED
FOR
RECORDER'S USE

After recording, return to:

Fountain Village Development, an Oregon
partnership
115 SW Ash Street, #500, Portland, OR 97204

Multnomah County Official Records
C Swick, Deputy Clerk

**2011-007812**

**$66.00**

0078211420110007812007075   01/14/2011 02:46:43 PM

1R-TR DEED                  Cnt=1 Stn=25 ATLJH
$35.00 $11.00 $15.00 $5.00

THIS TRUST DEED, made on December 23, 2010, between SeaPort Airlines, Inc., an Alaska corporation, formerly known as Alaska Juneau Aeronautics, Inc., as Grantor, Chicago Title Insurance Company as Trustee, and Wings Airline Services, Inc., as Beneficiary,

WITNESSETH:

Grantor irrevocably grants, bargains, sells and conveys to Trustee, in trust, with power of sale, the property as described in Exhibit A, attached hereto, together with all and singular the tenements, hereditaments and appurtenances and all other rights thereunto belonging or in any way now or hereafter appertaining, and the rents, issues and profits thereof, and all fixtures now or hereafter attached to or used in connection with the property.

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of Grantor herein contained and for the purpose of securing all amounts under the Replacement Promissory Note (the "Note") dated June  , 2010 in the total initial principal sum of $1,953,806.20:

To protect the security of this Trust Deed, Grantor agrees:

1. To protect, preserve and maintain the property in good condition and repair; not to remove or demolish any building or improvement thereon; and not to commit or permit any waste of the property.

2. To complete or restore promptly and in good and habitable condition any building or improvement which may be constructed, damaged or destroyed thereon, and pay when due all costs incurred therefor.

3. To comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property.

Exhibit A
Page 4

4. To provide and continuously maintain insurance on the buildings now or hereafter erected on the property against loss or damage by fire and other hazards. Copies of all policies of insurance shall be delivered to the Beneficiary. If the Grantor shall fail for any reason to procure any such insurance and to deliver copies of binders to the Beneficiary prior to the expiration of any policy of insurance now or hereafter placed on the buildings, the Beneficiary may procure the same at Grantor's expense. The amount collected under any fire or other insurance policy will be made available to Grantor for restoration or repair, subject to such reasonable conditions as Beneficiary may require (or such conditions as required by the holder of any superior trust deed or mortgage.) Any remaining balance may be applied by Beneficiary upon any indebtedness secured hereby (subject to the rights of the holder of any superior trust deed or mortgage) and in such order as Beneficiary may determine, with any remaining balance to be released to Grantor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

5. Except for the permitted encumbrances set forth in Exhibit B, to keep the property free from construction liens and to pay all taxes, assessments and other charges that may be levied or assessed upon or against the property before any part of such taxes, assessments and other charges becomes past due or delinquent and promptly deliver receipts therefor to Beneficiary. Grantor shall not be required to pay any lien, tax or assessment so long as Grantor shall in good faith diligently contest said lien, tax or assessment or defend enforcement thereof in legal proceedings which operate to prevent enforcement against or forfeiture of the property or any part thereof. Should the Grantor fail to make payment of any taxes, assessments, insurance premiums, liens or other charges payable by Grantor, either by direct payment or by providing Beneficiary (or the superior trust deed or mortgage holder) with funds with which to make such payment, Beneficiary may, at its option, make payment thereof, and the amount so paid, with interest at the rate set forth in the note secured hereby, together with the obligations described in paragraphs 6 and 7 of this Trust Deed, shall be added to and become a part of the debt secured by this Trust Deed, without waiver of any rights arising from breach of any of the covenants hereof. For such payments, with interest as aforesaid, the property hereinbefore described, as well as the Grantor, shall be bound to the same extent that they are bound for the payment of the obligation herein described. All such payments shall be immediately due and payable and the nonpayment thereof shall, if continuing for more than 10 days after Grantor's receipt of written notice of non-payment, at the option of the Beneficiary, render all sums secured by this Trust Deed immediately due and payable and shall constitute a breach of this Trust Deed.

6. To pay all costs, fees and expenses of this trust, including the cost of title search, as well as the other costs and expenses of the Trustee incurred in connection with or in enforcing this obligation, and Trustee and attorney fees actually incurred in a reasonable amount.

7. To appear in and defend any action or proceeding purporting to affect the security rights or powers of Beneficiary or Trustee; and in any suit, action or proceeding in which the Beneficiary or Trustee may appear, including any suit for the foreclosure of this deed or any suit or action related to this instrument, including but not limited to its validity and/or enforceability, the prevailing party shall be entitled to recover reasonable costs and expenses, including evidence of title and reasonable attorney fees. The amount of attorney fees mentioned in this paragraph in all cases shall be fixed by the trial court, and in the event of an appeal from any judgment or decree of the trial court, by the appellate court.

It is mutually agreed that:

8. In the event that any portion or all of the property shall be taken under the right of eminent domain or condemnation, Beneficiary shall have the right, if it so elects, and subject in all respects to the rights of any superior trust deed or mortgage holder, to require that all or any portion of the

Exhibit A
Page 5

monies payable as compensation for such taking which are in excess of the amount required to pay all reasonable costs, expenses and attorney fees necessarily paid or incurred by Grantor in such proceedings, shall be paid to Beneficiary and applied by it first upon any reasonable costs and expenses and attorney fees, both in the trial and appellate courts, necessarily paid or incurred by Beneficiary in such proceedings, and the balance applied upon the indebtedness secured hereby. Grantor agrees, at its own expense, to take such actions and execute such instruments as shall be necessary in obtaining such compensation promptly upon Beneficiary's request.

9. At any time and from time to time upon written request of Beneficiary, payment of its fees and presentation of this deed and the note for endorsement (in case of full reconveyances, for cancellation), without affecting the liability of any person for the payment of the indebtedness, Trustee may (a) consent to the making of any map or plat of the property; (b) join in granting any easement or creating any restriction thereon; (c) join in any subordination or other agreement affecting this Trust Deed or the lien or charge thereof; or (d) reconvey, without warranty, all or any part of the property. The grantee in any reconveyance may be described as the "person or persons legally entitled thereto," and the recitals therein of any matters or facts shall be conclusive proof of the truthfulness thereof. Trustee fees for any of the services mentioned in this paragraph shall be not less than $5.

10. Upon any default by Grantor hereunder, Beneficiary may, at any time, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the property or any part thereof, in its own name sue or otherwise collect the rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The remedies in this and following paragraphs shall all be subject to the prior rights of any superior trust deed or mortgage holder.

11. The entering upon and taking possession of the property, the collection of such rents, issues and profits, or the proceeds of fire and other insurance policies or compensation or awards for any taking or damage of the property, and the application or release thereof as aforesaid, shall not cure or waive any default or notice of default hereunder, or invalidate any act done pursuant to such notice.

12. Upon default by Grantor in payment of any indebtedness secured hereby, if such default continues uncured for 10 days after written notice to Grantor, or in Grantor's performance of any other agreement hereunder, if such default continues uncured for 30 days after written notice to Grantor, time being of the essence with respect to such payment and/or performance, the Beneficiary may declare all sums secured hereby immediately due and payable. In such event, the Beneficiary may elect to proceed to foreclose this Trust Deed in equity as a mortgage or direct the Trustee to foreclose this Trust Deed by advertisement and sale, or may direct the Trustee to pursue any other right or remedy, either at law or in equity, which the Beneficiary may have. In the event the Beneficiary elects to foreclose by advertisement and sale, the Beneficiary or the Trustee shall execute and cause to be recorded a written notice of default and election to sell the property to satisfy the obligation secured hereby whereupon the Trustee shall fix the time and place of sale, give notice thereof as then required by law and proceed to foreclose this Trust Deed in the manner provided in ORS 86.735 to 86.795.

13. After the Trustee has commenced foreclosure by advertisement and sale, and at any time prior to 5 days before the date the Trustee conducts the sale, the Grantor or any other person so privileged by ORS 86.753, may cure the default or defaults. If the default consists of a failure to pay, when due, sums secured by this Trust Deed, the default may be cured by paying the entire amount due at the time of the cure other than such portion as would not then be due had no default occurred. Any other default that is capable of being cured may be cured by tendering the performance required under the obligation or this

Exhibit A
Page 6

Trust Deed. In any case, in addition to curing the default or defaults, the person effecting the cure shall pay to the Beneficiary all costs and expenses reasonably incurred in enforcing the obligation of this Trust Deed, together with Trustee and reasonable attorney fees not exceeding the amounts provided by law.

14. Otherwise, the sale shall be held on the date and at the time and place designated in the notice of sale or the time to which the sale may be postponed as provided by law. The Trustee may sell the property either in one parcel or in separate parcels and shall sell the parcel or parcels at auction to the highest bidder for cash, payable at the time of sale. Trustee shall deliver to the purchaser its deed in form as required by law conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, excluding the Trustee, but including the Grantor and Beneficiary, may purchase at the sale.

15. When Trustee sells pursuant to the powers provided herein, Trustee shall apply the proceeds of sale to payment of: (1) the expenses of sale, including the compensation of the Trustee and a reasonable charge by Trustee's attorney; (2) to all persons having recorded any trust deed, mortgage or lien superior to this Trust Deed, as their interests may appear in the order of their priority; (3) to the obligation secured by this Trust Deed; (4) to all persons having recorded liens subsequent to the interest of the Trustee in this Trust Deed as their interests may appear in the order of their priority; and (5) the surplus, if any, to the Grantor, or to any successor in interest entitled to such surplus.

16. Beneficiary may, from time to time, appoint a successor or successors to any trustee named herein or to any successor trustee appointed hereunder. Upon such appointment, and without conveyance to the successor trustee, the latter shall be vested with all title, powers and duties conferred upon any trustee herein named or appointed hereunder. Each such appointment and substitution shall be made by written instrument executed by Beneficiary, which, when recorded in the mortgage records of the county or counties in which the property is situated, shall be conclusive proof of proper appointment of the successor trustee.

17. Trustee accepts this trust when this deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Grantor, Beneficiary or Trustee shall be a party unless such action or proceeding is brought by Trustee.

18. Beneficiary agrees to release this Trust Deed and reconvey the property covered hereby, at Grantor's election, and sums secured hereby have been paid or otherwise fully discharged (including payments made heretofore or hereafter.)

WARNING: Unless Grantor provides Beneficiary with evidence of insurance coverage as required by the contract or loan agreement between them, Beneficiary may purchase insurance at Grantor's expense to protect Beneficiary's interest. This insurance may, but need not, also protect Grantor's interest. If the collateral becomes damaged, the coverage purchased by Beneficiary may not pay any claim made by or against Grantor. Grantor may later cancel the coverage by providing evidence that Grantor has obtained property coverage elsewhere. Grantor is responsible for the cost of any insurance coverage purchased by Beneficiary, which cost may be added to Grantor's contract or loan balance. If it is so added, the interest rate on the underlying contract or loan will apply to it. The effective date of coverage may be the date Grantor's prior coverage lapsed or the date Grantor failed to provide proof of coverage. The coverage Beneficiary purchases may be considerably more expensive than insurance Grantor might otherwise obtain alone and may not satisfy any need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

The Grantor warrants that the proceeds of the loan represented by the above described note and this Trust Deed are for an organization, or (even if Grantor is a natural person) are for business or commercial purposes.

This Trust Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, personal representatives, successors and assigns.

In construing this Trust Deed, it is understood that the Grantor, Trustee and/or Beneficiary may each be more than one person; that if the context so requires, the singular shall be taken to mean and include the plural, and that generally all grammatical changes shall be made, assumed and implied to make the provisions hereof apply equally to corporations and to individuals.

IN WITNESS WHEREOF, the Grantor has executed this instrument the date and year first written.

SeaPort Airlines, Inc., fka Alaska Juneau Aeronautics, Inc.

By: _（signature）_
Name: JOHN BEARDSLEY
Title: Chairman

STATE OF OREGON )
) ss.
COUNTY OF MULTNOMAH )

The foregoing instrument was acknowledged before me this 23 day of December, 2010 by John Beardsley, the Chairman of Seaport Airlines, Inc.

OFFICIAL SEAL
MARITA J JUAREZ
NOTARY PUBLIC - OREGON
COMMISSION NO. 446328
MY COMMISSION EXPIRES FEBRUARY 21, 2014

Notary Public for Oregon
My commission expires: 2/21/2014

---

**REQUEST FOR FULL RECONVEYANCE** (To be used only when obligations have been paid.)

TO: CHICAGO TITLE, Trustee

The undersigned is the legal owner and holder of all indebtedness secured by the foregoing Trust Deed. All sums secured by this Trust Deed have been fully paid and satisfied. You hereby are directed, on payment to you of any sums owing to you under the terms of the Trust Deed or pursuant to statute, to cancel all evidences of indebtedness secured by the Trust Deed (which are delivered to you herewith together with the Trust Deed) and to reconvey, without warranty, to the parties designated by the terms of the Trust Deed, the estate now held by you under the same. Mail the reconveyance and documents to Fountain Village Development, 115 SW Ash Street, #500, Portland, OR 97204.

DATED _____

Do not lose or destroy this Trust Deed OR THE NOTE which it secures. Both should be delivered to the Trustee for cancellation _____
Before reconveyance is made.                                         Beneficiary

Exhibit A
Page 8

EXHIBIT A

REAL PROPERTY DESCRIPTION

A tract of land situated in the West one-half of Section 24, Township 1 South, Range 4 East, Willamette Meridian, in the County of Multnomah and State of Oregon, being described as follows:

Commencing at a brass cap monument marking the center of said Section 24; thence South 00°14'40" West along the East line of the Southwest one-quarter of said Section 24, a distance of 12.91 feet to an iron rod in the Southerly right-of-way line of Gordon Creek Road, County Road No. 2075; thence tracing said Southerly right-of-way line a distance of 133.80 feet along the arc of a 848.57 foot radius curve to the right through a central angle of 09°02'04" (chord bears North 64°12'01" West, 133.66 feet) to an iron pipe marking a point of tangency; thence continuing along said Southerly right-of-way line, North 59°41'00" West a distance of 382.06 feet to an iron rod marking the true point of beginning of the tract herein to be described; thence leaving said Southerly right-of-way line and running South 12°53'00" West a distance of 78.51 feet to a point of curvature; thence 102.94 feet along the arc of a 100.0 foot radius curve to the right through a central angle of 53°37'00" (chord bears South 39°41'30" West, 99.22 feet) to a point of tangency; thence South 66°30'00" West a distance of 134.36 feet to a point of curvature; thence 46.65 feet along the arc of a 110.00 foot radius curve to the right through a central angle of 24°18'00" (chord bears South 78°39'00" West, 46.30 feet) to a point of tangency; thence North 89°12'00" West a distance of 100.00 feet; thence South 59°24'20" West a distance of 71.36 feet; thence North 80°20'00" West a distance of 170.00 feet; thence South 73°00'00" West a distance of 150.00 feet; thence South 22°45'00" East a distance of 150.00 feet; thence South 20°00'00" West a distance of 100.00 feet; thence North 61°15'00" West a distance of 175.00 feet; thence North 43°15'00" West a distance of 325.00 feet; thence North 63°41'13" East a distance of 50.00 feet; thence South 89°15'00" East a distance of 255.00 feet; thence North 67°20'00" East a distance of 150.00 feet; thence North 90°00'00" East a distance of 43.00 feet; thence South 69°00'00" East a distance of 261.18 feet; thence South 89°12'00" East a distance of 100.00 feet to a point of curvature; thence 38.17 feet along the arc of a 90.00 foot radius curve to the left through a central angle of 24°18'00" (chord bears North 78°39'00" East, 37.88 feet) to a point of tangency; thence North 66°30'00" East a distance of 134.36 feet to a point of curvature; thence 84.22 feet along the arc of a 90.00 foot radius curve to the left through a central angle of 53°37'00" (chord bears North 39°41'30" East, 81.18 feet); thence North 51°00'00" West a distance of 93.00 feet; thence North 56°14'20" East a distance of 74.33 feet to a point in the Southerly right-of-way line of said Gordon Creek Road; thence South 59°41'00" East along said Southerly right-of-way line a distance of 55.00 feet to the true point of beginning.

Exhibit A
Page 9

EXHIBIT B

PERMITTED ENCUMBRANCES

1. Property Taxes are as follows:
   - Fiscal Year: 2008-2009
   - Amount: $3,160.98, plus interest, if any
   - Levy Code: 203
   - Account No.: R342685 / R994240230
   - Map No.: 1S4E24B-00800

2. Property Taxes are as follows:
   - Fiscal Year: 2009-2010
   - Amount: $3,550.17, plus interest, if any
   - Levy Code: 203
   - Account No.: R342685 / R994240230
   - Map No.: 1S4E24B-00800

3. Property Taxes are as follows:
   - Fiscal Year: 2010-2011
   - Amount: $4,188.30, plus interest, if any
   - Levy Code: 203
   - Account No.: R342685 / R994240230
   - Map No.: 1S4E24B-00800

4. The rights of the public in and to that portion of the premises herein described lying within the limits of SE Gordon Creek Road.

5. Line of Credit Trust Deed, including the terms and provisions thereof, given to secure an indebtedness with interest thereon and such future advances as may be provided therein;
   - Dated: April 4, 2005
   - Recorded: April 4, 2005
   - Recorder's Fee No.: 2005-058493
   - Amount: $151,736.00
   - Grantor: John P. Beardsley and Janet N. Beardsley, as tenants by the entirety
   - Trustee: Chicago Title Insurance
   - Beneficiary: Washington Mutual Bank, FA, a federal association
   - Loan No.: 0652226028

The terms of said Trust Deed were modified by instrument,
   - Dated: September 25, 2006
   - Recorded: October 4, 2006
   - Recorder's Fee No.: 2006-184804

End.

030230/00055/2304639v4