Robert J Vanden Bos OSB #78100
Douglas R. Ricks, OSB #044026
Christopher N. Coyle, OSB #07350
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869


Of Attorneys for Debtor-in-Possession




IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 16-30406-rld11 |
| | ) |
| SeaPort Airlines, Inc., | ) DEBTOR'S PLAN |
| | ) OF REORGANIZATION |
| Debtor-in-Possession. | ) (Dated: 07/11/16) |

## TABLE OF CONTENTS

**ARTICLE 1. – DEFINITIONS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARTICLE 2. – DISCLOSURE STATEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARTICLE 3. – ASSETS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARTICLE 4. – CLASSIFICATION OF CLAIMS**. . . . . . . . . . . . . . . . . . . . . . . . . 1
    4.1    **Secured Creditors**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        4.1.1    **Class 1** - **Ally Financial**. . . . . . . . . . . . . . . . . . . . . . . . . . 1
        4.1.2    **Class 2 - Axis Capital, Inc.** . . . . . . . . . . . . . . . . . . . . . . 2
        4.1.3    **Class 3 - Chase**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        4.1.4    **Class 4 - Robert N. and Darlene F. Jacobsen and**
                **Wings Airline Services, Inc.**. . . . . . . . . . . . . . . . . . . . . . 2
        4.1.5    **Class 5 - City of Memphis**. . . . . . . . . . . . . . . . . . . . . . . 2
        4.1.6    **Classes 6A-6D - Multnomah County**. . . . . . . . . . . . . . . . 2
            (a)    **Class 6A - Multnomah County Tax Assessor**. . . . . . . . . . . 2
            (b)    **Class 6B - Multnomah County Tax Assessor**. . . . . . . . . . . 3
            (c)    **Class 6C - Multnomah County Tax Assessor**. . . . . . . . . . . 3
            (d)    **Class 6D - Multnomah County Tax Assessor**. . . . . . . . . . . 3

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

   4.1.7  **Class 7 - San Diego County Treasurer**........................ 3
   4.1.8  **Class 8 - San Diego Regional Airport Authority**.............. 3
   4.1.9  **Class 9 - First Republic Bank**............................ 3
   4.1.10 **Class 10 - Shelby County Trustee, Memphis, Tennessee**...... 4
   4.1.11 **Classes 11A-11I**........................................ 4
      (a)  **Class 11A - United States - Internal Revenue Service**...... 4
      (b)  **Class 11B - United States - Customs &**
        **Border Protection**.................................... 5
      (c)  **Class 11C - United States - Federal Aviation**
        **Administration**...................................... 5
      (d)  **Class 11D - United States - Federal Aviation**
        **Administration**...................................... 5
      (e)  **Class 11E - United States - Transportation Security**
        **Administration**...................................... 5
      (f)  **Class 11F - United States - Department of**
        **Transportation**...................................... 6
      (g)  **Class 11G - United States - Occupational Safety**
        **and Health Administration**............................ 6
      (h)  **Class 11H - United States - Equal Employment**
        **Opportunity Commission**............................ 6
      (i)  **Class 11I -  United States - Department of Agriculture**...... 6
   4.1.12 **Class 12 - Wells Fargo Bank, N.A.**....................... 7
  4.2  **Priority Creditors**............................................ 7
   4.2.1  **Class 13 - Administrative Convenience Priority Claims**........ 7
   4.2.2  **Class 14 - State of Arkansas**............................ 7
   4.2.3  **Class 15 - Oregon Department of Revenue**.................. 7
   4.2.4  **Class 16 - City of Visalia**............................... 7
   4.2.5  **Class 17 - Tennessee Department of Revenue**.............. 7
   4.2.6  **Class 18 - San Diego County Treasurer**................... 8
   4.2.7  **Class 19 - Sub Directo de Control de Ingresos por D**......... 8
   4.2.8  **Class 20 - Distressed Passenger Reimbursements Claims**...... 8
   4.2.9  **Class 21 - Employees**................................. 8
  4.3  **Unsecured Creditors**......................................... 8
   4.3.1  **Class 22 - Administrative Convenience Class**............... 8
   4.3.2  **Class 23 - General Unsecured Creditors**................... 9
   4.3.3  **Class 24 - Robert McKinney**............................ 9
   4.3.4  **Class 25 - Aircraft Crash Claims**......................... 9
   4.3.5  **Class 26 - Nancy Botts**................................ 9
   4.3.6  **Class 27 - Cathey Tutwiler**............................. 9
   4.3.7  **Class 28 - Fountain Village Development, LLC,**
      **John Beardsley and/or Janet Beardsley**.................. 9
  4.4  **Unclassified Creditors - Equity Holders**......................... 9
  4.5  **Administrative Claims**........................................ 10
   4.5.1  **Administrative Claims of Non-Professionals**............... 10

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11  Doc 360  Filed 07/11/16

   4.5.2  **Professional Administrative Claims**. . . . . . . . . . . . . . . . . . . . . . 10

**ARTICLE 5. – TREATMENT OF CLAIMS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 5.1  **Secured Creditors**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
   5.1.1  **Class 1 - Ally Financial**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
   5.1.2  **Class 2 - Axis Capital, Inc.**.. . . . . . . . . . . . . . . . . . . . . . . . . 12
   5.1.3  **Class 3 - Chase**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
   5.1.4  **Class 4 - Robert N. and Darlene F. Jacobsen**
       **and Wings Airline Services, Inc.**.. . . . . . . . . . . . . . . . . . . . 13
   5.1.5  **Class 5 - City of Memphis**. . . . . . . . . . . . . . . . . . . . . . . . . . 14
   5.1.6  **Classes 6A-6D - Multnomah County**. . . . . . . . . . . . . . . . . . 14
      (a)  **Class 6A - Multnomah County**. . . . . . . . . . . . . . . . . 14
      (b)  **Class 6B - Multnomah County**. . . . . . . . . . . . . . . . . 14
      (c)  **Class 6C - Multnomah County**. . . . . . . . . . . . . . . . . 15
      (d)  **Class 6D - Multnomah County**. . . . . . . . . . . . . . . . . 15
   5.1.7  **Class 7 - San Diego County Treasurer**. . . . . . . . . . . . . . . . . 15
   5.1.8  **Class 8 - San Diego Regional Airport Authority**. . . . . . . . . . 16
   5.1.9  **Class 9 - First Republic Bank**. . . . . . . . . . . . . . . . . . . . . . . . 16
   5.1.10 **Class 10 - Shelby County Trustee, Memphis, Tennessee** . . . . . . 16
   5.1.11 **Classes 11A-11I - Claims of the United States**. . . . . . . . . . . . . 17
      (a)  **Class 11A - United States - Internal Revenue Service**. . . . . 17
      (b)  **Class 11B - United States - Customs &**
         **Border Protection**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
      (c)  **Class 11C - United States - Federal Aviation**
         **Administration**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
      (d)  **Class 11D - United States -  Federal Aviation**
         **Administration**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
      (e)  **Class 11E - United States - Transportation Security**
         **Administration**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
      (g)  **Class 11G - United States -  Occupational Safety**
         **and Health Administration**. . . . . . . . . . . . . . . . . . . . . 17
      (h)  **Class 11H - United States - Equal Employment**
         **Opportunity Commission**. . . . . . . . . . . . . . . . . . . . . . 17
      (i)  **Class 11I - United States - Department of Agriculture**. . . . . 17
   5.1.12 **Class 11D - United States - Federal Aviation Administration**. . . . 18
   5.1.13 **Class 12 - Wells Fargo Bank, N.A.**.. . . . . . . . . . . . . . . . . . . . 18
 5.2  **Priority Creditors**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
   5.2.1  **Class 13 - Administrative Convenience Priority**. . . . . . . . . . . 19
   5.2.2  **Class 14 - State of Arkansas**. . . . . . . . . . . . . . . . . . . . . . . . . 19
   5.2.3  **Class 15 - Oregon Department of Revenue**. . . . . . . . . . . . . . 19
   5.2.4  **Class 16 - City of Visalia**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
   5.2.5  **Class 17 - Tennessee Department of Revenue**. . . . . . . . . . . . 20
   5.2.6  **Class 18 - San Diego County Treasurer**. . . . . . . . . . . . . . . . . 20
   5.2.7  **Class 19 - Sub Directo de Control de Ingresos por D**. . . . . . . . 21
   5.2.8  **Class 20 - Distressed Passenger Reimbursement**. . . . . . . . . . 21

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11  Doc 360  Filed 07/11/16

            5.2.9    **Class 21 - Employees**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    5.3    **Unsecured Creditors**.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

            5.3.1    **Class 22 - Administrative Convenience Class**. . . . . . . . . . . . . 22

            5.3.2    **Class 23 - General Unsecured Claims**. . . . . . . . . . . . . . . . . . . . 22

            5.3.3    **Class 24 - Robert McKinney**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

            5.3.4    **Class 25 - Aircraft Crash Claims**. . . . . . . . . . . . . . . . . . . . . . . . 24

            5.3.5    **Class 26 - Nancy Botts**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

            5.3.6    **Class 27 - Cathey Tutwiler**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

            5.3.7    **Class 28 - Fountain Village Development, LLC,
                          John Beardsley and/or Janet Beardsley**. . . . . . . . . . . . . . . . . . 25

    5.4    **Unclassified Creditors - Equity Holders**. . . . . . . . . . . . . . . . . . . . . . . 25

    5.5    **Administrative Claims**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

            5.5.1    **Administrative Claims of Non-Professionals**. . . . . . . . . . . . . . 25

            5.5.2    **Professional Administrative Claims**. . . . . . . . . . . . . . . . . . . . . . 26

**ARTICLE 6. – ADMINISTRATIVE EXPENSES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

**ARTICLE 7. – IMPLEMENTATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

    7.1    **Sale of Interests in the Reorganized Debtor**. . . . . . . . . . . . . . . . . . . 28

    7.2    **Termination of Debtor-in-Possession**. . . . . . . . . . . . . . . . . . . . . . . . 29

    7.3    **Effective Date**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

    7.4    **Revesting**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

    7.5    **Funding for Plan Payments**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

    7.6    **Compensation and Benefit Programs**. . . . . . . . . . . . . . . . . . . . . . . . 31

    7.7    **Collection and Disbursing Agent**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

    7.8    **Continuing Committee**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

    7.9    **Retention of Avoidance Claims**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

    7.10    **Retention of Third-Party Claims**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

    7.11    **Fees Payable Under 28 USC Section 1930**. . . . . . . . . . . . . . . . . . . 35

    7.12    **Prepayment**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    7.13    **Amended Charter**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    7.14    **No Attorney Fees**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    7.15    **No Interest**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

    7.16    **Payment of Professional Fees and Expenses
            After the Effective Date**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

**ARTICLE 8. – LEASES AND EXECUTORY CONTRACTS**. . . . . . . . . . . . . . . . . . . . 37

    8.1    **Leases and Executory Contracts Assumed**. . . . . . . . . . . . . . . . . . . 37

    8.2    **Leases and Executory Contracts Rejected**. . . . . . . . . . . . . . . . . . . 37

**ARTICLE 9. – MODIFICATION OF THE PLAN**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**ARTICLE 10. – EFFECT OF CONFIRMATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

**ARTICLE 11. – DISCHARGE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11   Doc 360   Filed 07/11/16

**ARTICLE 12. – DEFAULT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

**ARTICLE 13. – OBJECTIONS TO CLAIMS AND**
                   **DETERMINATION OF SECURED STATUS**. . . . . . . . . . . . . . . . . . . . . . . 40

**ARTICLE 14. – RESERVATION OF POWERS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

**ARTICLE 15. – WAIVER OF PROVISIONS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

**ARTICLE 16. – RETENTION OF JURISDICTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

**ARTICLE 17. – SECTION 1129(b) REQUEST**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

**ARTICLE 18. – MISCELLANEOUS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44
    18.1   **Headings**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44
    18.2   **Notices**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44
    18.3   **Reservation of Rights**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
    18.4   **Computation of Time Periods**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
    18.5   **Creditor's Change of Address**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45
    18.6   **Utility Deposits**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
    18.7   **Setoffs**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
    18.8   **Section 1146(c) Exemption**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
    18.9   **Recordable Order**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47
    18.10 **Reserve Fund**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47
    18.11 **Effectuating Documents and Further Transactions**. . . . . . . . . . . . . . . . . 47
    18.12 **Claims Objection Bar Date**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

## LIST OF EXHIBITS

**Exhibit A - Definitions**
**Exhibit B - Class 23 Promissory Note**
**Exhibit C - Subscription for Purchase of Shares of Reorganized Debtor**
**Exhibit D - Leases and Executory Contracts - Assumed**
**Exhibit E - Leases and Executory Contracts - Rejected**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 16-30406-rld11    Doc 360    Filed 07/11/16

# ARTICLE 1. – DEFINITIONS

Definitions of certain terms used in the Plan of Reorganization ("Plan") and Disclosure Statement are attached as **Exhibit A - Definitions**.  Other terms are defined in the text of the Plan.  In either case, when a defined term is used, the first letter of each word in the defined term is capitalized.  Terms used and not defined in the Plan and Disclosure Statement shall have the meanings given in the Bankruptcy Code or Bankruptcy Rules.

# ARTICLE 2. – DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of 11 USC Sections 1125 and 1126 and Bankruptcy Rule 3016(c).  Prior to mailing the Plan to Creditors for voting the Court will have considered and approved the Disclosure Statement.  The Disclosure Statement provides useful information to assist Creditors in voting on the Plan.  A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

# ARTICLE 3. – ASSETS

Debtor will retain possession of all of its Assets except as otherwise provided in the Plan.

# ARTICLE 4. – CLASSIFICATION OF CLAIMS

4.1    **Secured Creditors**.

4.1.1    **Class 1** - **Ally Financial**.  Class 1 consists of the Allowed Secured Claim of Ally Financial in the approximate amount of $18,837.15 for payment of amounts due under a certain automobile purchase contract dated December 17, 2014, secured by a lien on the title to a certain 2013 Ford E-350 Van.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.1.2 **Class 2 - Axis Capital, Inc.** Class 2 consists of the Allowed Secured Claim of Axis Capital, Inc. in the approximate amount of $191,800.35 secured by Debtor's Cessna Caravan flight simulator, duly perfected by the filing of the U.C.C. financing statement filed on December 22, 2014 with the Secretary of State for the State of Alaska (filing number 2014-796486-0).

4.1.3 **Class 3 - Chase**. Class 3 consists of the Allowed Secured Claim of Chase in the approximate amount of $268,603 secured by a trust deed duly recorded in the property records of Multnomah County against certain real estate owned by the Debtor located at 309050 SE. Gordon Creek Rd., Corbett, OR (the "Gordon Creek Property").

4.1.4 **Class 4 - Robert N. and Darlene F. Jacobsen and Wings Airline Services, Inc.** Class 4 consists of the Allowed Secured Claim of Robert N. and Darlene F. Jacobsen and Wings Airline Services, Inc. in the approximate amount of $1,393,194, secured by a second position trust deed against Debtor's airplane hangar located at 8421 Livingston Way, Juneau, AK (the "Juneau Hangar") and by a second position trust deed duly recorded in the property records of Multnomah County, Oregon, against the Gordon Creek Property.

4.1.5 **Class 5 - City of Memphis**. Class 5 consists of the Allowed Secured Claim of the City of Memphis in the approximate amount of $59,942 for 2013, 2014 and 2015 for unpaid personal property taxes.

4.1.6 **Classes 6A-6D - Multnomah County**.

(a) **Class 6A - Multnomah County Tax Assessor**. Class 6A consists of the Allowed Secured Claim of the Multnomah County Tax Assessor ("Multnomah

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

County") in the approximate amount of $9,398 for unpaid real property taxes levied against the Gordon Creek Property.

(b) **Class 6B - Multnomah County Tax Assessor**. Class 6B consists of the Allowed Secured Claim of Multnomah County for unpaid 2014 and 2015 personal property taxes in the approximate amount of $35,482 secured by tax warrant U631915.

(c) **Class 6C - Multnomah County Tax Assessor**. Class 6C consists of the Allowed Secured Claim of Multnomah County for estimated unpaid 2016 personal property taxes in the estimated amount of $36,251, secured by tax warrant U631915.

(d) **Class 6D - Multnomah County Tax Assessor**. Class 6D consists of the Allowed Secured Claim of Multnomah County in the approximate amount of $1,022 for Debtor's pro rata share of real property taxes associated with Debtor's airport ticket counter (tax warrant R672431).

4.1.7 **Class 7 - San Diego County Treasurer**. Class 7 consists of the Allowed Secured Claim of the San Diego County Treasurer for unpaid real property taxes for tax years 2015 and 2016 in the asserted amount of $3,613.08 (plus applicable statutory interest) levied based on SeaPort's use of an airport counter at the San Diego airport.

4.1.8 **Class 8 - San Diego Regional Airport Authority**. Class 8 consists of the Allowed Secured Claim of the San Diego Regional Airport Authority for unpaid rent and other obligations in the approximate amount of $35,431.00, secured by a letter of credit (No. 77-507445-5) issued by First Republic Bank.

4.1.9 **Class 9 - First Republic Bank**. Class 9 consists of the allowed secured claim of First Republic Bank in the approximate amount of $35,431.00 for reimbursement of all amounts paid by First Republic Bank to the San Diego County

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Regional Airport Authority pursuant to First Republic Bank's letter of credit (No. 77-507445-5), secured by a possessory lien on the funds previously on deposit in SeaPort's bank account with First Republic Bank.

4.1.10 **Class 10 - Shelby County Trustee, Memphis, Tennessee**. Class 10 consists of the Allowed Secured Claim of the Shelby County (Tennessee) Trustee for unpaid 2013, 2014 and 2015 ad valorem taxes in the approximate amount of $80,848.10, including penalty and interest, secured by unidentified real estate and all furnishings and equipment owned by the Debtor located within Shelby County, Tennessee.

4.1.11 **Classes 11A-11I** consist of the claims of the United States of America, acting by and through agencies of the United States government, with the claim administered by each agency to be a separate Class as set forth below, all collectively secured, pursuant to Orders of the Bankruptcy Court authorizing Debtor's use of the cash collateral of these Classes, by a lien upon all amounts presently and hereafter owed to Debtor by the United States under the Essential Air Service ("EAS") Program, with the total of the allowed secured claims held by Classes 11A-11I not to exceed the amount of $792,348, which was the amount due to the Debtor from the United States under the EAS Program on the Petition Date (as fixed in the Bankruptcy Court's Order -- Docket #210). Any claims not so secured will be treated as Priority Claims, with the exception of the claim within Class 11D-United States - Federal Aviation Administration, which is a claim based on a fine or penalty not entitled to priority under 11 USC Section 508. The unsecured portion, if any, of the Claim within Class 11D will be treated as a Class 23 Claim.

(a) **Class 11A - United States - Internal Revenue Service**. Class 11A consists of the Allowed Secured Claims of the United States - Internal Revenue

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Service for unpaid employee withholding taxes and associated payroll contributions  and for unpaid federal excise taxes in the approximate amount of $417,000.

(b)  **Class 11B - United States - Customs & Border Protection**.

Class 11B consists of the Allowed Secured Claim of United States - Customs & Border Protection in the approximate amount of $13,000.00 for customs fees and immigration air passenger fees owing because of air transportation Debtor provided to Debtor's passengers.

(c)  **Class 11C - United States - Federal Aviation Administration**.

Class 11C consists of the Allowed Secured Claim of the  United States - Federal Aviation Administration ("FAA") in the approximate amount of $29,750.00 owed under a civil penalty settlement reached in 2012 (FAA case 2012NM090010).

(d)  **Class 11D - United States - Federal Aviation Administration**.

Class 11D - United States - Federal Aviation Administration.  Class 11D consists of the contingent Secured Claim of the United States - FAA for possible payment of civil penalties for alleged regulatory violations (FAA case #2015NM090023).  Although the Debtor disputes the assessment of any penalty, for purposes of the Plan only, unless a different amount is fixed by the Court at or prior to the confirmation hearing, this Claim shall be estimated to be the amount of $100,000.00, subject to subsequent adjustment upon entry of a final, nonappealable order by the Bankruptcy Court or such other administrative agency with authority to determine the amount of the Claim within this Class.

(e)  **Class 11E - United States - Transportation Security Administration**.  Class 11E consists of the Allowed Secured Claim of the United States - Transportation Security Administration ("TSA") for 911 Security Fees.  Debtor contends its

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

operations are not subject to assessment for 911 security fees.  For purposes of the Plan, the amount of the claim within this Class shall be deemed to be zero, unless the Court allows a different amount.

(f)  **Class 11F - United States - Department of Transportation**. Class 11F consists of the Allowed Secured Claim of the United States - Department of Transportation for civil penalties in the approximate amount of $30,000 assessed for unauthorized route cancellations related to the EAS Program.

(g)  **Class 11G - United States - Occupational Safety and Health Administration**.  Class 11G consists of the contingent Secured Claim of the United States - Occupational Safety and Health Administration ("OSHA") against Debtor on account of a complaint filed by Robert McKinney against Debtor with OSHA (OSHA #0-1650-16-019) on or about March 4, 2016.  Debtor believes that OSHA has no statutory basis to assert a monetary claim against Debtor on account of such complaint filed by Mr. McKinney.

(h)  **Class 11H - United States - Equal Employment Opportunity Commission**.  Class 11H consists of the contingent Secured Claim of the United States - Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 490-1016-04182) against Debtor on account of the alleged claim against Debtor filed on or about April, 2016, by Cathey Tutwiler (one of Debtor's current employees).

(i)  **Class 11I -  United States - Department of Agriculture**.  Class 11I consists of the Allowed Secured Claim of the United States for agricultural inspection fees associated with Debtor's former flights to and from Mexico.  The estimated amount of the claim within this Class is $6,000.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.1.12 **Class 12 - Wells Fargo Bank, N.A.** Class 12 consists of the Allowed Secured Claim of Wells Fargo Bank, N.A. in the approximate amount of $2,066,690 secured by a first position deed of trust against the Juneau Hangar.

4.2 **Priority Creditors**.

4.2.1 **Class 13 - Administrative Convenience Priority Claims**. Class 13 consists of all Allowed Priority Claims of less than $4,000 entitled to priority under Section 507 of the Bankruptcy Code, excluding priority claims held by Debtor's employees.

4.2.2 **Class 14 - State of Arkansas**. Class 14 consists of the Allowed Priority Claim of the State of Arkansas, arising under 11 USC Section 507(a)(8) in the approximate amount of $105,990.88 for unpaid ad valorem taxes, including penalties and interest.

4.2.3 **Class 15 - Oregon Department of Revenue**. Class 15 consists of the Allowed Priority Claim of the Oregon Department of Revenue for unpaid employee withholding taxes and associated payroll taxes, including workers' compensation. The amount owed is believed to be zero because all such obligations were fully paid by Debtor in the ordinary course of business post-petition.

4.2.4 **Class 16 - City of Visalia**. Class 16 consists of the Allowed Priority Claim of the City of Visalia in the approximate amount of $6,816.40 arising under 11 USC Section 507(a)(2) for alleged post-petition use of premises located at the City of Visalia airport.

4.2.5 **Class 17 - Tennessee Department of Revenue**. Class 17 consists of the Allowed Priority Claim of the Tennessee Department of Revenue in the approximate

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

amount of $13,406.28 arising under 11 USC Section 507(a)(8) for unpaid ad valorem taxes, including interest and penalties.

      4.2.6   **Class 18 - San Diego County Treasurer**.  Class 18 consists of the Allowed Priority Claim of the San Diego County Treasurer in the approximate amount of $8,475.05 arising under 11 USC Section 507(a)(8) for unpaid taxes, including interest and penalties.

      4.2.7   **Class 19 - Sub Directo de Control de Ingresos por D**.  Class 19 consists of the Allowed Priority Claim of Sub Directo de Control de Ingresos por D in the approximate amount of $8,446 for unpaid Mexican tourism taxes.

      4.2.8   **Class 20 - Distressed Passenger Reimbursements Claims**.  Class 20 consists of Allowed Priority Claims actually asserted by airline passengers against Debtor pre-petition for compensation because of flight delays or cancellations ("Distressed Passenger Reimbursements Claims").  As of the Petition Date Debtor estimates the amount of claims within this Class totaled approximately $5,422.

      4.2.9   **Class 21 - Employees**.  Class 21 consists of Allowed Priority Claims held by Debtor's present and former employees for unpaid wages and associated employee benefits.

     4.3   **Unsecured Creditors**.

      4.3.1   **Class 22 - Administrative Convenience Class**.  Class 22 consists of those Creditors holding Unsecured Claims of $200.00 or less and those creditors who elect to reduce their claims to $200 and accept the treatment provided for in the Plan for the Class 22 Creditors.  Debtor estimates that the claims within this class total approximately $8,297.00.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.3.2  **Class 23 - General Unsecured Creditors**.  Class 23 consists of those Creditors holding Unsecured Claims against Debtor in excess of $200.

4.3.3  **Class 24 - Robert McKinney**.  Class 24 consists of the claims of Robert McKinney asserted in Mr. McKinney's complaint filed against Debtor with OSHA on or about March 4, 2016.

4.3.4  **Class 25 - Aircraft Crash Claims**.  Class 25 consists of all Claims arising against Debtor as a result of that certain crash of one of Debtor's aircraft which occurred on July 17, 2015 at or near Juneau, Alaska.

4.3.5  **Class 26 - Nancy Botts**.  Class 26 consists of the Claim of Nancy Botts against Debtor for alleged negligence respecting her transportation as a passenger which occurred in the Tennessee airport on or about March 18, 2015.

4.3.6  **Class 27 - Cathey Tutwiler**.  Class 27 consists of the alleged claim against Debtor filed on or about April, 2016, by Cathey Tutwiler (one of Debtor's current employees) with the EEOC (EEOC Charge No. 490-1016-04182).

4.3.7  **Class 28 - Fountain Village Development, LLC, John Beardsley and/or Janet Beardsley**.  Class 28 consists of the Allowed Unsecured Claim(s) held by Fountain Village Development, LLC, John Beardsley and/or Janet Beardsley in the approximate amount of $4,154,500.00 (excluding accrued interest) for repayment of loans made to the Debtor by Fountain Village Development, LLC, John Beardsley and/or Janet Beardsley.

4.4  **Unclassified Creditors - Equity Holders**.  Equity Holders consist of all holders of any issued, unissued, authorized or outstanding capital stock, membership interest and any other equity security, as defined in Section 101(16) of the Bankruptcy

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Code in any Debtor and any and all (i) shares, (ii) securities, options, warrants, rights, calls, subscriptions, agreements, commitments, conversion rights, or understandings of any nature whatsoever, fixed or contingent, that directly or indirectly (A) call for the issuance, redemption, sale, pledge or other disposition of any shares of capital stock of the Debtor or securities convertible into, or other rights to acquire capital stock of any Debtor, (B) obligate the Debtor to grant, offer or enter into any of the foregoing, (C) "phantom stock," stock appreciation rights or other similar rights the value of which is related to or based upon the price or value of any class or series of capital stock of a Debtor.

4.5 **Administrative Claims**.

4.5.1 **Administrative Claims of Non-Professionals**.

Administrative Claims of Non-Professionals include: (1) Ordinary Course Administrative Claims defined as any Unsecured Claim relating to the provision of goods or services to the Debtor arising with, or held by, person or entities with whom Debtor is conducting business on or after the Petition Date or entitled to administrative priority by order of the Bankruptcy Court; and (2) any claim by a governmental unit under Section 503(b)(1)(B) and (C) of the Bankruptcy Code, or a claim by the US Trustee for payment of US Trustee fees; and (3) Claims for re-payment of Court-approved post-petition loans to the Debtor.

4.5.2 **Professional Administrative Claims**.

A Professional Administrative Claim is any Administrative Claim of a professional (employed by the Debtor and/or representing the Debtor or the Creditors Committee) incurred before the Effective Date and approved by the Bankruptcy Court.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 5. – TREATMENT OF CLAIMS

Unless otherwise stated, all classes of Claims are impaired under the Plan and entitled to vote. Debtor reserves the right to object to any claim held by any Creditor, notwithstanding references in the Plan to claims as "Allowed Claims." Payments specified in the Plan are based on the amount of Allowed claims after final resolution of any timely filed claim objection.

Except as otherwise modified by the Plan, all agreements executed between the Debtor and its Creditors including, but not limited to, contracts, leases, security agreements, UCC financing statements, mortgages, trust deeds and all other documents, shall remain in full force and effect according to their terms.

5.1 **Secured Creditors**.

Secured Creditors will retain their liens until paid in full, unless specifically provided otherwise in the Plan. Secured Creditors shall have the option of submitting new security agreements to Debtor consistent with the provisions of the Plan for execution by Debtor. Debtor agrees to sign such documents upon presentation.

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim. Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived. A Claim for a deficiency shall be filed with the Court and served upon the Debtor and Debtor's counsel. Unless the Debtor objects to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

### 5.1.1 **Class 1 - Ally Financial**.

This Class will be paid the full amount owing on its claim, with interest that the non-default rates provided for in the pre-petition contract between the Creditor and the Debtor, on the same days of the month as provided for in the pre-petition contract. Any post-petition late payment penalties and post-petition default interest shall not apply. Arrears owing as of the Effective Date will be added to the principal balance and paid at the end of the contract by continuing the regular monthly payments until the entire balance has been paid in full. Debtor estimates the balance owing to this Creditor is approximately $18,837.15, less any amounts paid to this Creditor post-petition.

### 5.1.2 **Class 2 - Axis Capital, Inc.**

This Class will be paid the full amount owing on its Allowed Secured Claim, with interest at 5% per annum, on the same day of the month as provided for in the pre-petition contract. Any post-petition late payment penalties and post-petition default interest shall not apply. Unearned interest (calculated at the imputed contract rate of 14.95%) will be eliminated when determining the principal balance of the Creditors' Allowed Claim. Any arrears owing as of the Effective Date will be added to the principal balance, resulting in a new principal balance, and paid over three years in equal monthly payments commencing with the payment due in the month of December, 2016, to fully amortize the new principal balance over the three year repayment period. Debtor estimates the balance owing to this Creditor, including arrears, but excluding unearned imputed interest, as of the Petition date is approximately $156,807.00 which would result in monthly payments of approximately $4,699.00 over the three year repayment period. If the Debtor and the Creditor cannot reach an agreement as to the new principal amount owing as of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Petition Date, the Debtor will file a claim objection and the amount of the claim shall be determined by the Bankruptcy Court.

### 5.1.3 **Class 3 - Chase**.

This Class is unimpaired. This Creditor's collateral, the Gordon Creek Property, was sold on June 30, 2016, pursuant to order of the Bankruptcy Court authorizing the sale after appropriate notice to Creditors. The buyer purchased the property subject to the lien of this Creditor and assumed the responsibility for making payments to this Creditor. Accordingly, no payments will be made to this Creditor under the Plan. Upon the occurrence of the Effective Date, this Creditor is free to exercise any and all rights it has under applicable state law.

### 5.1.4 **Class 4** - **Robert N. and Darlene F. Jacobsen and Wings Airline Services, Inc.**

This Class is unimpaired. Prior to the confirmation hearing, Debtor sold a portion of this Creditor's collateral (the Gordon Creek Property) on June 30, 2016 with authorization of the Bankruptcy Court. This Creditor was paid the sum of $90,000 from the closing of the sale of the Gordon Creek Property. Pursuant to an order entered upon stipulation between this creditor and the Debtor, this creditor was granted relief from stay to proceed with its applicable remedies for foreclosure of its security interest against its remaining collateral, consisting of the Juneau Hangar. Any deficiency claim after foreclosure will be treated as an Unsecured Claim under Class 23. No further payment will be made to this Creditor pursuant to the Debtor's Plan, except for any distributions to which this Creditor might become entitled as a Class 23 Claim.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.5 **Class 5 - City of Memphis**.

The Allowed Secured Claim of the City of Memphis within this Class in the approximate amount of $59,942 for 2013, 2014 and 2015 for unpaid personal property taxes, including any amounts which would otherwise be priority claims under 11 USC Section 507(a)(8) but for their secured status, shall be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017. Any unsecured, non-priority portion of this Claim shall be treated as a general Unsecured Claim, to be paid as a Class 23 Claim.

5.1.6 **Classes 6A-6D - Multnomah County**.

(a) **Class 6A - Multnomah County**.

This Class is unimpaired. The Allowed Secured Claim of the Multnomah County Tax Assessor ("Multnomah County") in the approximate amount of $9,398 for unpaid real property taxes levied against the Gordon Creek Property was paid in full, with applicable interest at the statutory rate, from the proceeds of the sale of the Gordon Creek Property which closed on June 30, 2016. No further payment will be made to this Class by the Debtor under the Plan.

(b) **Class 6B - Multnomah County**.

This Class is unimpaired. The Allowed Secured Claim of Multnomah County within this Class for unpaid 2014 and 2015 personal property taxes in the approximate amount of $35,482 secured by tax warrant U631915 was paid in full prior to confirmation with Court approval by turn-over of proceeds from the sale of certain aircraft parts located within Multnomah County which were subject to the statutory lien of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Multnomah County for unpaid personal property taxes. No further payment will be made to this Class under the Plan.

(c) **Class 6C - Multnomah County**.

The Allowed Secured Claim of Multnomah County within this Class for unpaid 2016 personal property taxes in the estimated amount of $36,251.00, secured by tax warrant U631915 shall be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date. Debtor is currently contesting the assessed amount, but the claim will be treated as provided herein, regardless of whether characterized as a secured claim or a priority claim. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017.

(d) **Class 6D - Multnomah County**.

This Class is unimpaired. The Allowed Secured Claim of Multnomah County in the approximate amount of $1,022 for Debtor's pro rata share of real property taxes associated with Debtor's airport ticket counter (tax warrant R672431), regardless of whether classified as a secured claim or an unsecured priority claim, will be treated as a **Class 13** claim.

5.1.7 **Class 7 - San Diego County Treasurer**.

The Allowed Secured Claim of the San Diego County Treasurer for unpaid real property taxes for tax years 2015 and 2016 in the asserted amount of $3,613.08 (plus applicable statutory interest) will be paid as a Class 23 Claim. To the extent this Creditor has remedies against any collateral, this Creditor may proceed with all applicable remedies against the collateral under applicable law.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.8 **Class 8 - San Diego Regional Airport Authority**.

This Class is unimpaired. The claim of this Class for unpaid rent and other obligations in the approximate amount of $35,431.00, secured by a letter of credit (No. 77-507445-5) issued by First Republic Bank was paid in full prior to the confirmation date, with the approval of the Bankruptcy Court, by a draw down on the letter of credit. Nor further payments will be made to this Creditor under the Plan.

5.1.9 **Class 9 - First Republic Bank**.

This Class is unimpaired. The claim of this Class for reimbursement of all amounts paid by First Republic Bank to the San Diego County Regional Airport Authority pursuant to First Republic Bank's letter of credit (No 77-507445-5) was paid in full prior to the confirmation date, with the approval of the Bankruptcy Court, by exercise of an offset against SeaPort's funds on deposit at First Republic Bank. No further payments will be made to this Creditor under the Plan.

5.1.10 **Class 10 - Shelby County Trustee, Memphis, Tennessee**.

The Allowed Secured Claim of this Class for unpaid 2013, 2014 and 2015 ad valorem taxes in the approximate amount of $80,848.10, including penalty and interest, and including any amounts which would otherwise be priority claims under 11 USC Section 507(a)(8) but for their secured status, will be paid in equal monthly installments of principal plus interest at the rate provided for under applicable law, within five years of the Petition Date. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017. Any unsecured, non-priority portion of the Claims within this Class shall be treated as general Unsecured Claims, to be paid as Class 23 Claims.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.11 **Classes 11A-11I - Claims of the United States**.

    (a) **Class 11A - United States - Internal Revenue Service**.

    (b) **Class 11B - United States - Customs & Border Protection**.

    (c) **Class 11C - United States - Federal Aviation Administration**.

    (d) **Class 11D - United States - Federal Aviation Administration**.

    (e) **Class 11E - United States - Transportation Security Administration**.

    (f) **Class 11F - United States - Department of Transportation**.

    (g) **Class 11G - United States - Occupational Safety and Health Administration**.

    (h) **Class 11H - United States - Equal Employment Opportunity Commission**.

    (i) **Class 11I - United States - Department of Agriculture**.

Creditors holding claims within Classes 11A-11I (excluding Class 11D) are unimpaired and not entitled to vote. Any priority amounts owed under Class 11A for unpaid withholding taxes or employer contributions were paid post-petition by the Debtor in the ordinary course of its business. The Secured and/or Allowed Priority Claims within Classes 11A-11I (excluding Class 11D) shall be paid in full in equal monthly installments of principal plus interest at the rate calculated in accordance with 11 USC Section 511, within five years of the Petition Date. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017; provided however, that any Class holding an Allowed Priority Claim of $4,000 or less will be paid as a Class 13 Claim (Administrative Priority Convenience Class).

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.12 **Class 11D - United States - Federal Aviation Administration**.

The contingent Secured Claim of the United States - FAA for possible payment of civil penalties for alleged regulatory violations (FAA case #2015NM090023), which for purposes of the Plan only, is estimated to be the amount of $100,000, will be paid in equal monthly payments with interest at the applicable statutory rate over a 10 year period, with the first monthly payment due on February 15, 2017 and subsequent payments due on the same day of each calendar month thereafter, with the entire balance due and payable no later than February 15, 2027.  If the actual penalty assessed by the FAA is less than the foregoing estimated amount, the monthly payments will continue to be made in the same amount until the Allowed Claim is paid in full.  If the actual penalty assessed by the FAA is greater than the foregoing estimated amount, the monthly payments will be re-amortized starting with the second monthly payment due after entry of the final non-appealable assessment, such that the Allowed Secured Claim within this Class will be paid in full by the originally scheduled payoff date of February 15, 2027.  If the final non-appealable assessment exceeds the amount of $321,468.00, all amounts above $321,468 will be deemed unsecured to be paid as a Class 23 Claim.

5.1.13 **Class 12 - Wells Fargo Bank, N.A.**

This Class is unimpaired.  Prior to confirmation, pursuant to stipulation between the Debtor and this Creditor, the automatic stay was lifted so this Creditor could proceed to enforce its state law remedies with respect to its collateral.  Creditor is proceeding with foreclosure against the Juneau Hangar.  No payments will be made to this Class.  Any deficiency claim held by this Creditor after foreclosure will be treated as a general Unsecured Claim within Class 23.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.2     **Priority Creditors**.

5.2.1     **Class 13 - Administrative Convenience Priority**.

The Allowed Priority Claims within this Class, consisting of allowed priority claims which are equal to or less than $4,000.00, shall be paid in full, together with interest under applicable statutes, within 60 days of the Effective Date.

5.2.2     **Class 14 - State of Arkansas**.

The Allowed Priority Claim of the State of Arkansas, arising under 11 USC Section 507(a)(8) in the approximate amount of $105,990.88 for unpaid ad valorem taxes, including penalties and interest will be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017. Any unsecured, non-priority portion of the Claims within this Class shall be treated as general Unsecured Claims, to be paid as Class 23 Claims.

5.2.3     **Class 15 - Oregon Department of Revenue**.

The Creditor within Class 15 is unimpaired and not entitled to vote. The Class 15 Allowed Priority Claim of the Oregon Department of Revenue for unpaid employee withholding taxes and associated payroll taxes, including workers' compensation, was fully paid or will be fully paid in the ordinary course of business post-petition. If any amounts remain owing to this Creditor as of the Effective Date, such amounts will be paid either as a Class 13 claim if applicable, or if the amount owed does not qualify for treatment under Class 13, then such claim shall be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.2.4 **Class 16 - City of Visalia**.

The Allowed Priority Claim of the City of Visalia, in the approximate amount of $6,816.40 arising under 11 USC Section 507(a)(2) for alleged post-petition use of premises located at the City of Visalia airport. If allowed, Debtor will pay the Allowed Claim of this Class in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date.  Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017.  Any unsecured, non-priority portion of the Claims within this Class shall be treated as general Unsecured Claims, to be paid as Class 23 Claims.

5.2.5 **Class 17 - Tennessee Department of Revenue**.

The Allowed Priority Claim of the Tennessee Department of Revenue arising under 11 USC Section 507(a)(8) in the approximate amount of $13,837.53 for unpaid ad valorem taxes, including penalties and interest will be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date. Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017.  Any unsecured, non-priority portion of the Claims within this Class shall be treated as general Unsecured Claims, to be paid as Class 23 Claims.

5.2.6 **Class 18 - San Diego County Treasurer**.

The Allowed Priority Claim of San Diego County Treasurer arising under 11 USC Section 507(a)(8) in the approximate amount of $8,475.05 for unpaid taxes, including penalties and interest will be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date.  Payments shall be due on the 15th day of each calendar month, commencing with February 15, 2017.  Any

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

unsecured, non-priority portion of the Claims within this Class shall be treated as general Unsecured Claims, to be paid as Class 23 Claims.

### 5.2.7 **Class 19 - Sub Directo de Control de Ingresos por D**.

The Allowed Priority Claim of Sub Directo de Control de Ingresos por D in the approximate amount of $8,446 for unpaid Mexican tourism taxes will be paid in equal monthly installments of principal plus interest at the applicable statutory rate, within five years of the Petition Date. Payments shall be due on February 15, 2017 of each calendar month, commencing with February 15, 2017. Any unsecured, non-priority portion of the Claims within this Class shall be treated as general Unsecured Claims, to be paid as Class 23 Claims.

### 5.2.8 **Class 20 - Distressed Passenger Reimbursement**.

This Class is unimpaired. The total of the Allowed Priority Claims within this Class of approximately $5,422 have been paid in full in the ordinary course of Debtor's business subsequent to the petition date. To the extent any such claim has not previously been paid in full, Debtor will pay such claim in the ordinary course of its business.

### 5.2.9 **Class 21 - Employees**.

The Allowed Claims within Class 21 will be paid as follows:

(a) The Allowed Priority Claims of current employees were previously paid in the ordinary course of Debtor's business, or will be paid in the ordinary course of Debtor's business. To the extent that any employees hold nonpriority claims for vacation, such nonpriority claims will be paid, subsequent to the one year anniversary of the Effective Date, by allowing the employee to take paid vacation in the ordinary course of business.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(b)  The Allowed Priority Claims of any person who is not an employee of the Debtor as of the Effective Date shall be paid as a Class 13 claim if applicable.  The holder of such claim may elect to "opt in" to treatment as a Class 13 claim by reducing the holder's claim to a claim not to exceed $4,000.00.  If not treated as a Class 13 claim, then  such priority claims within this Class will be paid in two equal annual installments with the first installment due on the one year anniversary of the Effective Date.

5.3   **Unsecured Creditors**.

5.3.1   **Class 22 - Administrative Convenience Class**.

Class 22 consists of Allowed Unsecured Claims which are equal to or less than $200.00.  Each holder of a claim in this Class shall receive cash in an amount equal to 80 percent of such claim, without interest, within 30 days following the Effective Date. Any Creditor holding a claim in excess of $200 may "opt in" to Class 22 by marking a special "opt in" election on the ballot for voting for or against the Plan.  Creditors holding claims in excess of $200 who elect to "opt-in" to Class 22 shall agree to reduce their claims to $200 and to consent to the treatment of their reduced claim as called for within Class 22.

5.3.2   **Class 23 - General Unsecured Claims**.

Within 10 days of the Effective Date, the Debtor shall execute a promissory note payable to the "CD Agent" in the form attached to Debtor's Plan marked **Exhibit B - Class 23 Promissory Note** (the "Class 23 Promissory Note").  The principal amount of the Class 23 Promissory Note shall be the sum of $225,000.00.   The Class 23 Promissory Note will bear interest on the principal from the Petition Date at the Federal Rate in effect

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

on the Effective Date. The Class 23 Promissory Note shall be due and payable in full no later than five years following the Effective Date. The CD Agent shall be Kenneth S. Eiler (an Oregon Bankruptcy Trustee) unless the Unsecured Creditors Committee nominates a different CD Agent. The CD Agent shall make Pro Rata payments to the Class 23 Creditors, from the funds paid to the CD Agent by the Debtor.

The Debtor will pay the Class 23 Promissory Note in equal quarterly installments of principal and interest, commencing on the second anniversary of the Effective Date.

From the scheduled payments received by the CD Agent from the Debtor, commencing with the second calender quarter following the second anniversary of the Effective Date, the CD Agent will make quarterly payments on a Pro rata basis to the holders of Allowed Claims within Class 23, based on the balance owing on the Allowed Claim on the Effective Date, after reducing each Claim for any payments received post-petition on such Claim from the Debtor or any third party.

In addition to the forgoing scheduled payments, Debtor will pay to the CD Agent, for the benefit of Class 23, a royalty payment of 10% of the Debtor's Net Profit shown on its annual federal income tax return for three years starting with fiscal year 2018, which ends 3/31/2109. The three annual payments will be made by June 30 of the same calendar year as the applicable fiscal year, with the first annual royalty payment to be due June 30, 2019, followed by annual payments on June 30, 2020 and June 30, 2021. Based on the projections shown in Exhibit 10 to the Disclosure statement, Debtor projects that the royalty payments will add an additional estimated amount of $386,937 to the distribution to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Class 23 under the Plan, raising the total distribution to Class 23 to an estimated amount of $611,937.00.

### 5.3.3 **Class 24 - Robert McKinney**.

This Class is unimpaired. Under a settlement expected to be approved by the Court prior to the confirmation hearing, this Creditor has released any and all claims within this Class and accordingly will be paid nothing under the Plan, except this Creditor retains the right to file a Class 23 Claim in the amount of $5,885.55.

### 5.3.4 **Class 25 - Aircraft Crash Claims**.

Creditors within this Class shall be free to pursue any action necessary to reduce their claims to settlement and/or judgment for purposes of collecting the claim amount from Debtor's liability insurance carrier(s). Debtor reserves the right to fully defend such claims in the applicable forum. All claims within this Class shall be paid by Debtor's applicable liability insurance carrier(s). To the extent claims within this Class exceed policy limits, any excess claims would be treated as Class 23 Claims.

### 5.3.5 **Class 26 - Nancy Botts**.

The Creditor within this Class shall be free to pursue any action necessary to reduce the claims to settlement and/or judgment for purposes of collecting the claim amount from Debtor's liability insurance carrier(s). Debtor retains the right to fully defend the claim in the applicable forum. The claim within this Class shall be paid by Debtor's applicable liability insurance carrier(s). To the extent the claim within this Class exceeds policy limits, any excess claim would be treated as a Class 23 Claim.

### 5.3.6 **Class 27 - Cathey Tutwiler**.

The Creditor within this Class shall be free to pursue any action necessary to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

reduce the claims to settlement and/or judgment for purposes of collecting the claim amount from Debtor's liability insurance carrier(s). Debtor reserves the right to fully defend the claim in the applicable forum. The claim within this Class shall be paid by Debtor's applicable liability insurance carrier(s). To the extent the claim within this Class exceeds policy limits, any excess claim would be treated as a Class 23 Claim.

      5.3.7   **Class 28 - Fountain Village Development, LLC, John Beardsley and/or Janet Beardsley**.

Pursuant to the agreement of this Class, payment of the Claims within this Class shall be subordinated to the payment due to Class 23. No payment shall be made to this Class until the payments to Class 23 have been paid in full. This Class shall be paid the fixed amount of 10% of its allowed Unsecured Claim with interest at the Federal Rate in full and final satisfaction of the claim, payable in a lump sum on the date which is the six-year anniversary of the Effective Date of the Plan.

      5.4   **Unclassified Creditors - Equity Holders**.

The interests of all Equity Holders in the Debtor including, but not limited to, all holders of common and preferred stock of the Debtor as identified on **Exhibit 1** to the Disclosure Statement, shall be deemed extinguished without further action by the Debtor upon the Effective Date; provided, however, that Equity Holders will have the opportunity to purchase stock in the Reorganized Debtor as set forth in Section 7.1 of the Plan.

      5.5   **Administrative Claims.**

      5.5.1   **Administrative Claims of Non-Professionals**.

Each holder of an Allowed Administrative Claim that has not been previously paid will be paid on the Effective Date or as soon thereafter as is practicable after such

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Administrative Claim becomes an Allowed Administrative Claim the full amount of such Allowed Administrative Claim in cash or on such terms as agreed to by the holder of the Administrative Claim, provided, however, that any Administrative Claim that is an Ordinary Course Administrative Claim may be paid in accordance with the ordinary business terms, in accordance with the agreement giving rise to the Claim or, in the case of a Claim asserted by a governmental unit, in accordance with applicable law.

### 5.5.2  **Professional Administrative Claims**

Each provider of professional services to the Debtor or the Creditors Committee seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date pursuant to Sections 330, 331 and 503(b)(2) of the Bankruptcy Code shall (i) file their respective final applications for allowances of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by the date that is no later than thirty (45) days after the Effective Date or such other date fixed by the Bankruptcy Court and (ii) if granted a Professional Administrative Claim by the Bankruptcy Court, shall be paid in cash in such amounts as are allowed by the Bankruptcy Court within fourteen (14) days from the date of allowance, first from any retainer held by the Professional, and then by the Debtor, unless the respective Professional agrees to a different payment schedule.

Each holder of a Professional Administrative Claim which defers payment of its Professional Administrative Claim shall receive interest at the Prime Rate in effect on the Effective Date from the Effective Date on unpaid amounts.  Subject only to the occurrence of the Effective Date, Debtor hereby grants and conveys to each Holder of a

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Professional Administrative claim who defers payment of such claim beyond 14 days, a security interest, to secure payment of the allowed Professional Administrative Claim, in all of Debtor's of Debtor's Assets, including but not limited to the following: promissory notes, vehicles, accounts, deposits, cash, general intangibles, contract rights, equipment, goods, inventory, instruments, documents of title, policies and certificates of insurance, proceeds of insurance policies, commercial tort claims, payment intangibles, all amounts owed to Debtor under the EAS Program, securities, chattel paper, personal property, real property, rents, aircraft parts; supplies, intellectual property ("IP"), trademarks, trade names, websites, and all products and proceeds of the foregoing, now owned or hereafter acquired. A security interest granted to a Professional Administrative Claimant shall not improve the Professional Administrative Claimant's priority position as to existing liens or security interests. Rather, with respect to existing liens the Professional Administrative Claimant's lien shall have the same priority, if any, as to Debtor's Assets as the Professional Administrative Claimant currently has under 11 USC Section 507(a). The rights of all holders of liens against Debtor's Assets and the Professional Administrative Claimants shall be preserved and reserved with respect to any future dispute as to the priority of the lien granted to any Professional Administrative Claimant. Debtor shall execute any documents requested by the holder of the Professional Administrative Claim to perfect the security interest granted herein, against both personal property and real property. Debtor believes Debtor's general counsel (Vanden Bos & Chapman, LLP) will agree to be paid a portion of its fees on a schedule post-confirmation which should allow Debtor to make the scheduled payments called for in Debtor's Plan. Debtor expects to request installment payment arrangements from other Professional Administrative

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Claimants, as necessary to facilitate Debtor's ability to perform Debtor's Plan. Notice of the terms of any proposed installment payment schedule will be disclosed to the Court in the final fee application of any professional who will be paid on an installment basis, or disclosed at the time of hearing to consider approval of such fee applications.

## ARTICLE 6. – ADMINISTRATIVE EXPENSES

All allowed Administrative Claims which are entitled to priority pursuant to § 503 of the Code shall be paid in full, unless otherwise agreed in writing, by the holder of such Claim or ordered by the Court, on or before the Effective Date of the Plan, or within ten days of entry of a Court order approving an application for allowance of an Administrative Claim, whichever is the later. Any party who asserts an Administrative Claim against the Debtor shall file such Claim within sixty (60) days of the Effective Date or the right to such Claim shall be barred. Debtor believes its Debtor-in-Possession lender (Fountain Village Development, LLC) will agree to be paid in the fifth year of the Plan (February 2021) which should allow Debtor to make the scheduled payments called for in Debtor's Plan. If Fountain Village Development, LLC defers payment of its Administrative Claim, Debtor will grant Fountain Village Development, LLC a security interest in Debtor's assets on the same terms and conditions as granted to the holders of Professional Administrative Claims who defer payment of those claims.

## ARTICLE 7. – IMPLEMENTATION

7.1    **Sale of Interests in the Reorganized Debtor**.

All Creditors, Administrative Claimants and Equity Holders have the opportunity to purchase shares in Reorganized Debtor in $20,000 increments; provided that the offering will be limited to 150 such increments and will be available on a first come, first serve

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

basis. Administrative Claimants may "credit bid" for such shares by cancellation of an applicable amount of such Administrative Claimant's Allowed Claim in exchange for shares in the Reorganized Debtor. The Reorganized Debtor will issue up to 2,000,000 shares on account of such offering with a sale price of $2.00 per share (each increment equivalent to a 1/200th of an interest in the Reorganized Debtor). Debtor's offer to sell shares may be accepted by an eligible purchaser by executing and delivering to the Debtor, on or before the date of the Confirmation Hearing, a Subscription Agreement in a form substantially similar to the Subscription Agreement attached to the Plan as **Exhibit C - Subscription for Purchase of Shares of Reorganized Debtor**.

7.2 **Termination of Debtor-in-Possession**.

On the Confirmation Date, the Debtor's status as Debtor-in-Possession shall terminate, and the Debtor shall continue to operate its business in the ordinary course and is authorized to engage in any business activities and transactions as permitted by applicable law, unless specifically prohibited in the Plan.

7.3 **Effective Date**.

The Effective Date of the Plan means the fifteenth day after the date on which the order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided there is no stay of such order then in effect; or if a stay is then in effect, then the date on which the order confirming the Plan becomes a Final Order.

7.4 **Revesting**.

On the Effective Date the Debtor shall be vested with all of Debtor's property, and all property of the bankruptcy estate, free and clear of all claims, liens, charges or other interests of Creditors arising prior to the entry of the order confirming the Plan except for

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

liens upon property securing Claims provided for in the Plan.  Except as otherwise provided in the Plan, the Debtor may transact business and conduct Debtor's affairs free of any restriction of the Court following confirmation of the Plan.  The property of the Debtor and/or the property of the bankruptcy estate which will vest in the Debtor on the Effective Date includes but is not limited to their respective tax attributes, including but not limited to ordinary loss carry forwards and capital loss carry forwards as defined and allowed under the Internal Revenue Code and the laws of the State of Oregon that the Debtor or the bankruptcy estate were entitled to claim pre-petition, or that arose post-petition.

7.5     **Funding for Plan Payments**.

In brief, Debtor proposes to fund Debtor's future operations and the payments called for by the Plan from Debtor's post-petition operating revenues and from the sale of securities in the Reorganized Debtor as outlined in Section 7.1 of the Plan.

The Debtor currently operates a fleet of five aircraft to seven destinations from bases at Portland International Airport ("PDX") and Memphis International Airport. Over the life of the Plan, the Debtor plans to gradually expand from the Portland base and focus on connecting passengers to long-haul flights at the Portland International Airport and the Seattle-Tacoma International Airport.  By the conclusion of the Plan, the Debtor's operations are projected to include a fleet of 13 aircraft that serve 17 destinations.

The Debtor's operating cash flow projections for Debtor's intended future operations are shown on **Exhibit 10 - Debtor's Income and Expenses and Projected Plan Payments** to the Disclosure Statement, which shows that the Debtor should be able to make the payments projected in the Plan.  Included in **Exhibit 10 - Debtor's Income and Expenses and Projected Plan Payments** of the Disclosure Statement is the detailed list

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

of the assumptions underlying the projections.  The cash balance Debtor carries on a monthly basis in Debtor's budget projections is an amount Debtor believes is reasonably prudent to maintain as working capital and to meet payments as they become due under the Plan.

7.6    **Compensation and Benefit Programs**

All employment and severance practices and policies, employment agreements or understandings, all compensation and benefit plans, policies, and programs of any Debtor applicable to its directors, officers, managers and employees who served as directors, officers, managers and/or employees before or after the Petition Dates, if any, including, without limitation, all savings plans, retirement plans, health care plans, severance benefit plans, incentive plans, workers' compensation programs and life, disability and other insurance plans, are treated as executory contracts under the Plan and are hereby assumed in accordance with Article VIII of the Plan as of the Effective Date pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code.

7.7    **Collection and Disbursing Agent**.

The Collection and Disbursing Agent (the "CD Agent") shall serve until all payments pursuant to the Plan have been made in respect to Class 23 (general unsecured Class), at which time the CD Agent shall be discharged of all rights and duties.  If the Continuing Committee declines to appoint a CD Agent, or if a CD Agent once appointed resigns and is not replaced, the Debtor will appoint a disinterested CD Agent.  Any Panel Trustee shall be deemed reasonably acceptable so long as disinterested.  Unless the Creditors Committee nominates a different CD Agent prior to the Disclosure Statement Hearing, the initial CD Agent shall be **Kenneth S. Eiler**, who shall continue to serve as the CD Agent unless

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

replaced by the Continuing Committee.  If the Continuing Committee disbands or otherwise

ceases to function, the Debtor shall have and can exercise all of the powers delegated to

or held by the Continuing Committee under the Plan with respect to the CD Agent.

The CD Agent shall have the following rights:

(a)     To be paid on the following basis: (1) a setup fee of $1,000 and (2)

hourly for services provided at the CD Agent's standard hourly rate (currently $300

per hour, plus expenses) without further order or approval of the Bankruptcy Court.

Such payment shall be made at the same time that disbursements are made to

creditors.  In addition to the CD Agent's fee, the CD Agent shall be reimbursed any

attorneys' fees or other costs which CD Agent may incur for performance of its

duties.

(b)     To employ such attorneys, accountants or other professionals as

deemed appropriate and to pay such attorneys, accountants or other professionals

upon 10 days prior notice to Debtor and the Continuing Committee.

(c)     To rely upon any instruction made by the Continuing Committee.

(d)     To refer issues to the Court.  If a controversy arises between members

of the Continuing Committee or between or among Debtor, the Continuing

Committee and the CD Agent, the CD Agent may, in its sole discretion, withhold any

performance required of it and seek direction from the Court.

(e)     To object to Class 23 Claims and to settle or compromise Class 23

Claims after Prior notice to and consultation with the Continuing Committee.

(f)     If requested by the Continuing Committee, to file and prosecute any

Avoidance Claims assigned to the Continuing Committee.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(g)     To resign.

(h)     To collect the payments due from the Debtor on the Class 23 Promissory Note and to exercise all rights as the Holder of such Note in the event of default on the Class 23 Promissory Note.

(i)     To collect all amounts due from any Affiliate under the Plan.

The CD Agent shall have the following duties:

(a)     To collect all Proceeds and all net payments or proceeds from all assets (after payment of costs and fees incurred in collecting or disposing of such assets) which were transferred to or otherwise to be paid to Class 23 pursuant to the Plan and to hold all proceeds in trust for the benefit of the Class 23 Creditors. Deposit       accounts may be maintained only in institutions designated by the       Clerk of the Court as authorized depositories.

(b)     To make the periodic payments to the 23 Creditors at the times specified in the Plan from Available Cash.

(c)     To account to the Continuing Committee and Debtor for all sums received and disbursed.

(d)     To post a bond with a coverage amount of 125% of the funds which are to be held by the CD Agent at any one time.

(e)     To consult with the Continuing Committee and Debtor with respect to objections to the Class 23 Claims and pursuit of Avoidance Claims, if any.

7.8     **Continuing Committee**.

The Official Unsecured Creditors' Committee (the "Creditors' Committee") shall continue in existence following confirmation of the Plan to be known as the "Continuing

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Committee." The Continuing Committee shall retain only the following rights and powers after confirmation:

(a)     The Continuing Committee shall have the authority to appoint and remove the CD Agent and to negotiate and set the compensation of the CD Agent. The compensation terms shall be disclosed at or prior to the confirmation hearing and be subject to Bankruptcy Court approval in the Confirmation Order.

(b)     The Continuing Committee shall have authority to assign any and/or all of the Committee's powers and duties to the CD Agent as the Continuing Committee deems appropriate.

(c)     The Continuing Committee shall have the right to consult with the CD agent with respect to the pursuit and settlement of avoidance actions;

(d)     The Continuing Committee members shall have authority to appoint additional members.  If the Continuing Committee ceases to exist, the rights, powers and duties of the Continuing Committee shall vest in the CD Agent.

(e)     The right to review, file objections, and be heard with respect to the application of any Professional for payment of professional fees incurred in connection with the case.

7.9     **Retention of Avoidance Claims**.

Avoidance Claims, if any, are retained.  Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code Sections 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment. Recoveries on avoidance claims shall be retained by the Debtor to be utilized by the Debtor in the exercise of Debtor's business judgment, for payment of obligations due under the Plan or for payment of expenses incurred in the ordinary course of Debtor's business after the Effective Date.

7.10 **Retention of Third-Party Claims**.

Except as provided in, and unless expressly waived, relinquished, exculpated, released, compromised or settled in the Plan, the Confirmation Order or other Order of the Bankruptcy Court, the Debtor shall exclusively retain and may prosecute and enforce, and the Plan expressly reserves and preserves for these purposes, in accordance with Sections 1123(a)(5)(B) and 1123(b)(3) of the Bankruptcy Code, any claims, demands, rights and causes of action that any Debtor or its Estate may hold against any Person and (b) accordingly, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise), claim splitting or laches shall apply thereto by virtue of or in connection with the confirmation, consummation or effectiveness of the Plan. After the Effective Date, except as otherwise provided in the Plan, the Debtor may pursue, release, abandon, settle or otherwise resolve any and all claims, demands, rights and causes of action, other than those causes of action expressly assigned to the CD Agent.

7.11 **Fees Payable Under 28 USC Section 1930.**

All fees payable under 28 USC Section 1930, as determined by the Court, shall be paid on or before the Effective Date. All post-petition fees payable under 28 USC Section 1930 shall be paid when due. Debtor shall be responsible for timely payment of fees

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

incurred pursuant to 28 USC Section 1930(a)(6) until the case is closed, converted, or

dismissed. After confirmation, the Debtor shall file with the Court any monthly financial

report as may be required under applicable law or Court rules, for each month, or portion

thereof, that the case remains open. The monthly financial report shall include a statement

of all disbursements made during the course of the month, whether or not pursuant to the

Plan.     7.12  **Prepayment**.

Debtor may prepay any amounts due to any Creditor or Class of Creditors prior to

the due dates set in the Plan without penalty and without prior notice or Court approval, so

long as such prepayment does not jeopardize Debtor's obligation to make the other

payments when due under the Plan.

7.13  **Amended Charter**.

If applicable, the Debtor's articles of organization and operating agreement shall be

amended on the Effective Date of the Plan to prohibit the issuance of nonvoting equity

securities to the extent required by the provisions of 11 USC Section 1123(a)(6).

7.14  **No Attorney Fees**.

No attorneys fees shall be paid with respect to any Claim except as specified in the

Plan or allowed by a Final Order of Bankruptcy Court.

7.15  **No Interest**.

Except as expressly stated in the Plan or otherwise allowed by the Bankruptcy

Court, no interest, penalty or late charge arising after the Petition Date shall be allowed on

any Claim, and the Debtor shall be entitled to offset the distribution to any Creditor who has

received payment for postpetition, interest, penalties or late charges not approved by the

Court.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

7.16    **Payment of Professional Fees and Expenses After the Effective Date**.

Any professional person employed by the Debtor after the Effective Date can and shall be paid by the Debtor for services provided in the ordinary course of business without necessity of Court approval.

## ARTICLE 8. – LEASES AND EXECUTORY CONTRACTS

8.1    **Leases and Executory Contracts Assumed**.

Effective on and as of the Effective Date, each executory contract and unexpired lease that exists between Debtor and any other party, with respect to which the Debtor has filed a motion in this case for authority to assume and/or that is listed on **Exhibit D - Leases and Executory Contracts - Assumed** attached to the Plan, is hereby expressly assumed, except for any executory contracts and unexpired leases that have been rejected by the Debtor with the approval of the Court on or before the Effective Date or with respect to which a motion for rejection has been filed on or before the Confirmation Date.  Entry of the Confirmation Order shall constitute approval of the assumption and assignment of executory contracts and unexpired leases as provided in this Section.  The amount of arrears for each respective lease/executory contract assumed is shown on **Exhibit D** to the Plan.  The Debtor will cure the arrears for each Creditor in accordance with the Cure schedule applicable to each respective Creditor as shown in Part II of **Exhibit D** attached to the Plan.

8.2    **Leases and Executory Contracts Rejected**.

Without admitting the existence of, or validity of, any other executory contract or unexpired lease, all executory contracts or unexpired leases with respect to which Debtor has not filed a motion seeking authority to assume or which are not expressly assumed in

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the Plan shall be rejected on the Effective Date.  Without limitation, Debtor rejects the executory contracts and leases listed as rejected on Plan **Exhibit E - Leases and Executory Contracts - Rejected**.  On the Effective Date, Creditors/Lessors holding pre-petition deposits to secure payment of Debtor's obligations under the rejected contracts/leases are free to apply such deposits to the amounts owed.  Claims for damages arising by reason of the rejection of any executory contract or unexpired lease will be disallowed and the holder thereof barred from receiving distributions under the Plan unless a Proof of Claim for such damages on account of rejection is filed with the Court within thirty days after the Effective Date.  Any Claims based upon rejection of a lease for real property shall be limited to the amount set forth in 11 USC Section 502(b)(6).   All Lease Rejection Claims shall be general Unsecured Claims.

## ARTICLE 9. – MODIFICATION OF THE PLAN

The Debtor may, upon compliance with requirements of 11 USC Section 1127, propose amendments or modifications to the Plan at any time prior to confirmation with the permission of the Court and upon notice to affected Creditors.  If Debtor revokes or withdraws the Plan prior to the Effective Date, then the Plan shall be deemed null and void. In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any entity in any further proceeding involving the Debtor.

## ARTICLE 10. – EFFECT OF CONFIRMATION

The effect of confirmation shall be as provided for in 11 USC Section 1141, and as otherwise set forth in the Plan.  After confirmation, and provided that Debtor is not in default of the Plan as defined herein, Debtor shall have authority to operate Debtor's

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

business in any lawful manner not inconsistent with the provisions of the Plan.  Without

limiting the foregoing, the property of the Debtor and/or the property of the bankruptcy

estate which will vest in the Debtor on the Effective Date includes but is not limited to

Debtor's tax attributes including, but not limited to, ordinary loss carry forwards and capital

loss carry forwards as defined and allowed under the Internal Revenue Code and the laws

of the State of Oregon that the Debtor or the bankruptcy estate were entitled to claim

pre-petition, or that arose post-petition.

## ARTICLE 11. – DISCHARGE

Debtor will receive a discharge of its debts under 11 USC Section 1144 upon

completion of the payments due to the Class 23 Creditors, subject to any applicable

exceptions to discharge under 11 USC Section 1141(d)(6).

## ARTICLE 12. – DEFAULT

Except as otherwise specifically provided in the Plan, in the event Debtor shall

default in the performance of any of its obligations under the Plan, then a claimant may

pursue such remedies as are available at law or in equity.  An event of default occurring

with respect to one Claim shall not be an event of default with respect to any other Claim.

Nothing contained in the Plan shall limit the right of any party to reopen this case or to

convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for

such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and

shall have fifteen (15) days opportunity to cure.  If such claimed default is cured within the

fifteen (15) days cure period, then such Creditor shall not be entitled to enforce any

remedies which would otherwise be available on account of such default.  If Debtor fails to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

cure within the fifteen (15) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance.  The default and cure provisions contained in the Plan shall supercede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan.

Notice of default under the Plan shall be simultaneously mailed to both the Debtor and to the Debtor's attorney, if any, postage prepaid, at the following addresses:

| | |
|---|---|
| **Debtor**: | SeaPort Airlines, Inc.<br>Attn:  Timothy Sieber<br>816 SW First Avenue<br>Portland, Oregon 97204<br>Telephone:  971-340-1716 |
| **Debtor's Attorney**: | Robert J Vanden Bos<br>VANDEN BOS & CHAPMAN, LLP<br>319 SW Washington, Suite 520<br>Portland, OR 97204<br>Telephone: (503) 241-4869 |

## ARTICLE 13. – OBJECTIONS TO CLAIMS AND DETERMINATION OF SECURED STATUS

The Debtor retains the right to object to the Claim of any Creditor.  Objections to Claims shall be filed on or before the Claims Objection Bar Date by the Debtors, the Debtor or the Creditors Committee or other entity entitled to do so. All Claims shall be subject to Section 502(d) of the Bankruptcy Code notwithstanding the expiration of the Claims Objection Bar Date. The failure by any Debtor or the Creditors Committee to object to, or to examine for purposes of voting, any Claim as of the Confirmation Date shall not be deemed to be a waiver of their right or the right of the Debtor or the Creditors Committee to object to, or to re-examine, such Claim in whole or in part after the Confirmation Date.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Notwithstanding any other provision of the Plan specifying a date or time for payment or distribution of consideration hereunder, payments and distributions for any Claim that at such date or time is disputed, unliquidated, or contingent, or the nature, extent, or value of the Collateral securing such Claim is subject to a pending proceeding, shall not be made until an order with respect to such objection, estimation, or valuation becomes final, whereupon such payments and distribution shall be made promptly in accordance with such order and the Plan, provided however, that any undisputed amount owed on a Disputed Claim shall be paid as if the undisputed amount were an Allowed Claim.  Any timely filed Claim not objected to within 120 days of the Effective Date, unless such deadline is extended in writing by the consent of the affected Creditor, or by order of the Court for cause, shall be conclusively deemed allowed.

## ARTICLE 14. – RESERVATION OF POWERS

Nothing in the Plan shall be deemed to constitute a waiver of the powers of Debtor under Chapters 3 and 5 of Title 11 of the United States Code.  The Debtor shall retain after confirmation all powers granted by such Title to the Debtor with respect to avoidance of liens or transfers, recovery of property, and subordination of Claims.

## ARTICLE 15. – WAIVER OF PROVISIONS

After entry of the Confirmation Order and except as otherwise specifically set forth in the Plan, any term of the Plan may be waived by the party benefitted by the term, but only in a writing signed by the waiving party, which will be effective without notice or Court approval.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# ARTICLE 16. – RETENTION OF JURISDICTION

To the extent permitted by law, the Bankruptcy Court will retain and have exclusive jurisdiction over the Chapter 11 Cases for the following purposes:

(a)     to determine objections to the allowance of Claims;

(b)     to determine motions to estimate Claims at any time, regardless of whether the Claim to be estimated is the subject of a pending objection, a pending appeal, or otherwise;

(c)     to determine motions to subordinate Claims at any time and on any basis permitted by applicable law;

(d)     to determine motions for the rejection or assumption of executory contracts or unexpired leases to which any of the Debtors is a party or with respect to which any Debtor may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

(e)     to hear, determine and resolve all applications, motions, adversary proceedings and contested or litigated matters including, without limitation, those related to all Causes of Action preserved under Section 7.10 of the Plan, whether pending on the Effective Date or commenced thereafter by the Debtor or the CD Agent;

(f)     to determine or otherwise resolve any and all matters under Section 505 of the Bankruptcy Code with respect to any tax, fine, penalty or addition to tax asserted against a Debtor, or its Estate;

(g)     to consider any Plan modifications, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court;

(h)     to determine matters involving a Debtor in connection with actions

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

taken or not taken by such Debtor prior to confirmation of the Plan and matters involving

the Debtors or in connection with implementation and effectuation of the Plan, or the

Confirmation Order;

(i)     to determine all controversies, suits and disputes that may arise in

connection with the interpretation, implementation, effectuation or consummation of the

Plan or the obligations under the Plan;

(j)     to determine such other matters as may be set forth in the Confirmation

Order or as may arise in connection with the Plan, or the Confirmation Order;

(k)     to hear, determine and resolve any matters or issues arising with

respect to or relating to any Orders entered by the Bankruptcy Court in these Chapter 11

Cases;

(l)     to determine any and all applications for allowance of Professional

Fees and any other fees and expenses authorized to be paid or reimbursed under the

Bankruptcy Code or the Plan;

(m)    to enforce holders' rights to payments and to the delivery of money or

other Property to which holders of Allowed Claims may be entitled under the Plan;

(n)     to issue injunctions, enter and implement other orders or to take such

other actions as may be necessary or appropriate to restrain interference by any Person

with consummation, implementation or enforcement of the Plan, or the Confirmation Order;

(o)     to issue orders in aid of execution of the Plan to the extent authorized

by Bankruptcy Code Section 1142;

(p)     to hear and determine matters relating to the powers and duties of the

CD Agent;

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(q)     to classify the Claim of any Creditor, reexamine Claims which have

been allowed for voting purposes and determine any objection that may be filed to Claims;

(r)     to approve the assumption, assignment or rejection of executory

contracts and unexpired leases pursuant to 11 USC Sections 365 and 1123;

(s)     to determine the nature and extent of Debtor's ownership, or rights in

property held by the Debtor as of the Petition Date, including but not limited to actions to

quiet title; and

(t)     to enter a final decree closing the Chapter 11 Case.

## ARTICLE 17. – SECTION 1129(b) REQUEST

If the requirements of all provisions of 11 USC Section 1129(a), except Paragraph 8

thereof, are met with regard to the Plan, Debtor hereby requests confirmation of the Plan

pursuant to 11 USC Section 1129(b).

## ARTICLE 18. – MISCELLANEOUS

18.1   **Headings**.  The headings in the Plan are for convenience of reference only

and shall not limit or otherwise affect meanings of the Plan.

18.2   **Notices**.  Unless otherwise agreed to between a Creditor and the Debtor or

otherwise stated in the Plan, all notices required or permitted to be made in accordance

with the Plan shall be in writing and shall be delivered personally or by regular or certified

mail, return receipt requested.  Notice to a holder of an Allowed Claim shall be directed to

the address set forth within its Proof of Claim filed with the Court, or if none, to its address

set forth in the schedules prepared and filed with the Court, as amended.  Notices shall be

deemed given upon delivery, if personally delivered, and upon mailing, if mailed.  Any

person may change the address at which such person is to receive notices under the Plan

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

18.3 **Reservation of Rights**. Neither the filing of the Plan nor any statement nor provision contained herein, nor the taking by any Creditor of any action with respect to the Plan, shall, until the Effective Date, (a) be or be deemed to be an admission against interest and (b) be or be deemed to be a waiver of any rights any Creditors may have against Debtor or any of its Assets or any other Creditor, and, until the Effective Date, all such rights are specifically reserved. In the event that the Effective Date cannot be determined, neither the Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without this Chapter 11 case involving Debtor.

18.4 **Computation of Time Periods**. In computing any period of time prescribed or allowed by the Plan, the day or month of the act, event or default from which the designated period of time begins to run shall not be included. The last day or month of the period so computed shall be included. In the event that the last day is a Saturday, Sunday, or legal holiday, then the period shall run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

18.5 **Creditor's Change of Address**. Any Creditor who fails to notify the Debtor in writing of that Creditor's change of address, with the result that the Debtor's communications to the Creditor are returned by the United States Postal Service for insufficient or improper address, shall forfeit that Creditor's rights to distributions made during the time of such failure, but will be entitled to amounts to be distributed after notifying

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the Debtor of the new or corrected address.  The Debtor need not distribute property unclaimed within six (6) months of the final distribution.

18.6     **Utility Deposits**.  All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to the Debtor. At the sole option of the Debtor, any Utility Deposit that has not been refunded may be applied in satisfaction of payments due or to become due from the Debtor to a utility holding such Utility Deposit.

18.7     **Setoffs**.  Debtor may, but shall not be required to, set off against any Claim and the distributions to be made pursuant to the Plan in respect of such Claim, any Claims of any nature whatsoever which Debtor may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such Claim Debtor may have against such holder.

18.8     **Section 1146(c) Exemption**.  Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan, or the execution, delivery or recording of an instrument of transfer pursuant to, in implementation of or as contemplated by the Plan, or the revesting, transfer or sale of any real property of Debtor pursuant to, in implementation of or as contemplated by the Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee.  Consistent with the foregoing, each recorder of deeds or similar official for any city, county or government unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

18.9  **Recordable Order**.  The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

18.10  **Reserve Fund.** The Debtor and/or CD Agent shall deposit into a segregated account and hold in trust all cash distributions reserved for the holders of Allowed Claims who have failed to claim distributions made pursuant to the Plan and holders of Disputed Claims.  Cash reserved for Disputed Claims shall be distributed to the holders thereof as and to the extent such claims become Allowed Claims.  For a period of one year following a distribution pursuant to the Plan, cash or other property that is unclaimed following such distribution shall be distributed to the holders of Allowed Claims entitled thereto upon presentation to the Debtor of satisfactory proof of entitlement.  After expiration of the one year period (i) the holders of Allowed Claims entitled to unclaimed property will no longer be entitled thereto, (ii) the Allowed Claims of such holders shall be deemed disallowed and (iii) the then remaining amount of such unclaimed property with respect to such distribution shall become the property of the Debtor.

18.11  **Effectuating Documents and Further Transactions**.  Debtor shall execute, deliver, file or record such contracts, instruments, assignments and other agreements or documents, and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

18.12  **Claims Objection Bar Date**.  The date by which the Debtor or any interested party must file objections to Claims, shall be the first Business Day after 120 days after the

/ / /

/ / /

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Confirmation Date. Objections to claims not filed by the Claims Objection Bar Date shall be

deemed waived.

DATED this 11th day of July, 2016.

Respectfully submitted,

SEAPORT AIRLINES, INC.

By:/s/ Timothy Seiber
    Timothy Seiber

PRESENTED BY:

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Douglas R. Ricks, OSB #044026
    Christopher N. Coyle, OSB #07350
    VANDEN BOS & CHAPMAN, LLP
    319 S.W. Washington, Suite 520
    Portland, Oregon  97204
    Telephone:  (503) 241-4869
    Fax: (503) 241-3731

    Of Attorneys for Debtor-in-Possession

**Exhibit List:**

**Exhibit A - Definitions**
**Exhibit B - Class 23 Promissory Note**
**Exhibit C - Subscription for Purchase of Shares of Reorganized Debtor**
**Exhibit D - Leases and Executory Contracts - Assumed**
**Exhibit E - Leases and Executory Contracts - Rejected**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

# DEBTOR'S
# PLAN
# OF REORGANIZATION

# EXHIBIT A

# Definitions

# EXHIBIT A - DEFINITIONS

Definitions of certain terms used in the Plan are set forth below. Other terms are defined in the text of the Plan. In either case, when a defined term is used, the first letter of each word in the defined term is capitalized.

**Administrative Claim** means any Claim, including, but not limited to, Claims for compensation of professionals made pursuant to Section 330 of the Code, entitled to priority pursuant to Section 364 or Sections 503 and 507(a)(2) of the Code. Administrative Claim shall not include Claims for compensation of professionals for services rendered after the Effective Date.

**Administrative Convenience Claim** means those Unsecured Claims of $200.00 or less, and those Unsecured Claims which are voluntarily reduced to $200.00.

**Administrative Trade Claim** means those Claims for postpetition trade payables and other postpetition operating expenses such as wages and payroll taxes entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code.

**Allowed Claim** means a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the time set by the Court, or (b) which appears on the schedules and lists of Creditors prepared and filed with the Court, as amended, and is not listed as disputed, contingent, unliquidated or unknown as to amount. No Claim shall be considered an Allowed Claim if an objection to the allowance thereof is interposed at any time and such objection has not been denied by an order or judgment that is no longer subject to appeal and as to which no appeal is pending.

**Allowed Secured Claim** means an Allowed Claim secured by a lien, security interest, or other charge against or interest in property in which Debtor has an interest or that is subject to setoff under Section 553 of the Code, to the extent of the value (as set forth in the Plan, of if no value is specified, as determined in accordance with Section 506(a) of the Code) of the interest of a holder of such Allowed Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be or to the extent permitted by Section 1111(b) of the Code, if applicable.

**Allowed Unsecured Claim** means any Allowed Claim that is not an Allowed Secured Claim, including the Allowed Unsecured Claims of undersecured Creditors and Allowed Unsecured Claims arising upon rejection of an unexpired lease or executory contract.

**Assets** means real and personal property of Debtor, whether acquired pre-petition or post-petition, whether tangible or intangible including, but not limited to, all land, buildings, fixtures, trade fixtures, accounts, contract rights, general intangibles, payment intangibles, commercial tort claims, rights to payment of every kind, including rights to tax refunds, equipment, motor vehicles, goods, machinery, inventory, farm products, chattel paper, leases, conditional sales agreements, cash, deposit accounts, notes, documents, documents of title, instruments, securities, shares of capital stock, capital equities, and other securities of and Claims against any corporation, joint venture, partnership, or individual or individuals, pledges and agreements to pledge, rights in and Claims under insurance policies, letters of credit,

trademarks, trade names, trade styles, licenses, customer lists, good will, bills of lading, warehouse receipts and trust receipts, and all renewals, replacements, substitutions, additions, accessions, rents, issues, and products and proceeds (whether due to voluntary or involuntary disposition) of the foregoing. Assets also includes Avoidance Claims held by Debtor under the Bankruptcy Code.

**Avoidance Rights** means the Debtor's rights under Chapter 5 of the Bankruptcy Code to recover avoidable transfers including, but not limited to, preferential and fraudulent transfers.

**Claim** means any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against Debtor in existence on the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**Claims Objection Date** means the date by which the Debtor or any interested party must file objections to Claims, which shall be the first Business Day after 120 days after the Effective Date.

**Code** means the Bankruptcy Code, 11 USC Section 101 et seq., and any amendments thereto.

**Collateral** means, with respect to any Allowed Secured Claim, the property that secures such Claim.

**Collection and Disbursing Agent ("CD Agent")** shall mean Kenneth S. Eiler, or such other person or entity specified in the Confirmation Order that will perform the duties of the CD Agent for the Post-Confirmation Estate as set forth in this Plan.

**Confirmation Date** means the date of entry of the Confirmation Order.

**Confirmation Order** means the order confirming the Plan pursuant to Section 1129 of the Code.

**Contested Claim** means any Claim to which Debtor has objected and such objection has not been withdrawn or the allowed amount of the Claim determined by a Final Order of the Bankruptcy Court.

**Court** means the United States District Court for the District of Oregon having jurisdiction over this Chapter 11 case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of Oregon, and any court having competent jurisdiction to hear appeals therefrom, including the Bankruptcy Judge presiding over the case.

**Creditor** means any person holding a Claim against Debtor.

**Creditors** means all Creditors of the Debtor holding Claims for unsecured debts, secured debts, liabilities, demands or Claims of any character whatsoever.

**Debtor** means SeaPort Airlines, Inc.

**Debtor-in-Possession** means Debtor.

**Disputed Claim** means every Claim that is not an Allowed Claim.

**Effective Date** shall mean the fifteenth (15th) day after the date on which the order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided that there is no stay of such order then in effect; or if a stay is then in effect, then the date on which the order confirming the Plan become a Final Order.

**Equity Interest or Interest**. Any issued, unissued, authorized or outstanding capital stock, membership interest and any other equity security, as defined in Section 101 (16) of the Bankruptcy Code in any Debtor and any and all (i) shares, (ii) securities, options, warrants, rights, calls, subscriptions, agreements, commitments, conversion rights, or understandings of any nature whatsoever, fixed or contingent, that directly or indirectly (A) call for the issuance, redemption, sale, pledge or other disposition of any shares of capital stock of the Debtor or securities convertible into, or other rights to acquire capital stock of any Debtor, (B) obligate the Debtor to grant, offer or enter into any of the foregoing,(C) "phantom stock," stock appreciation rights or other similar rights the value of which is related to or based upon the price or value of any class or series of capital stock of a Debtor.

**Federal Rate** shall mean a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Effective Date of the Plan.

**Final Order** means an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek review has expired and as to which no appeal or petition for review is pending; or an order or judgment which has been reversed, modified or amended and as to which the time to appeal or seek further review has expired and no further appeal or petition for review is pending.

**Lessor Claims** means all Claims of lessors of real or personal property in which Debtor is a lessee and which lease Debtor has, prior to the Confirmation Date, rejected.

**Net Proceeds** means, with respect to any sale of real or personal property provided for in the Plan, the amount determined by subtracting from the gross price: (1) the Allowed Secured Claims due to Creditors holding perfected liens against the property: (2) the reasonable costs of sale, including customary and ordinary real estate commissions, closing costs and reasonable attorneys fees associated with accomplishing the sale; and (3) a reserve for income taxes arising as a consequence of the sale, including capital gains taxes and ordinary income tax due because of depreciation recapture.

**Non-Ordinary Course Administrative Claim**. Any Administrative Claim other than an Ordinary Course Administrative Claim, Professional Fee Claim or U.S. Trustee Fees.

**Ordinary Course Administrative Claims**. Any Unsecured Claim relating to the provision of goods or services to the Debtor arising with, or held by, person or entities with whom Debtor is conducting business on or after the Petition Date or entitled to administrative priority by order of the Bankruptcy Court or any claim by a governmental unit under Section 503(b)(1)(B) and (C) of the Bankruptcy Code, or a claim by the US Trustee for payment of US Trustee fees.

**Petition Date** means February 5, 2016.

**Plan** means the Plan of Reorganization and all exhibits thereto, which are incorporated by reference, together with any modifications which may be made from time to time in accordance with Section 1127 of the Code.

**Prime Rate** shall mean, on any day, the "Prime Rate" as published in The Wall Street Journal on that day under the section "Money Rates", and being defined therein as "[t]he base rate on corporate loans posted by at least 75% of the nation's 30 largest banks." In the event that The Wall Street Journal ceases to be published or ceases to publish the "Prime Rate" then the Prime Rate of Interest shall mean the prime interest rate of Wells Fargo Bank, N.A., its assigns or successors as announced or published from time to time as its prime interest rate.

**Priority Claim** means a Claim having priority as defined in 11 USC Section 507.

**Pro Rata** means, with respect to any distribution to be distributed to holders of any class of Allowed Claims, the same proportion that such Claim bears to the aggregate dollar amount of (i) all Allowed Claims in that class, and (ii) all Claims in that class which are subject to dispute on such date, but excluding any Claim as to which the holder has voluntarily subordinated the right to distribution.

**Professional Fee Claim**. Any Administrative Claim of a professional (representing the Debtor or the Creditors Committee) incurred before the Effective Date and approved by the Bankruptcy Court.

**Reorganization Case** shall mean this case commenced by the Debtor's filing of a voluntary petition on the Filing Date.

**SeaPort** means Debtor and/or SeaPort Airlines, Inc.

**Secured Claim** means that portion of a Claim secured by a lien, security interest, or other charge against, or interest in, property in which Debtor has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of such property as set forth in the Plan, or if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code, or to the extent permitted by Section 1111(b) of the Bankruptcy Code, if applicable.

**Secured Creditors** means all Creditors who hold a lien, security interest, or other incumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.

**Third-Party Claims** means all Claims, if any, Debtor may have against any person or entity arising at law or equity, including Claims against insiders, excluding Claims arising under the Bankruptcy Code.

**Unsecured Claim** means any Claim which is not a Priority Claim, Secured Claim, Warranty Claim, Administrative Claim or Administrative Trade Claim.

**Unsecured Creditor** means a creditor holding any Claim which is not a Priority Claim, Secured Claim, Warranty Claim, Administrative Claim or Administrative Trade Claim.

# DEBTOR'S
# PLAN
# OF REORGANIZATION

# EXHIBIT B

# Class 23
# Promissory Note

$200,000.00                                      _____, 2016
                                                 Portland, Oregon

## CLASS 23 PROMISSORY NOTE


**SeaPort Airlines, Inc..** ("Maker"), promises to pay to **Kenneth S. Eiler** (In his capacity as the Collection and Disbursing Agent under the Plan of Reorganization of SeaPort Airlines, Inc., Bankruptcy Case No. 16-30406-rld11) ("CD Agent") or registered assigns (the Holder") 515 NW Saltzman Road, PMB 810, Portland, OR 97229 as Holder may from time to time designate, the principal sum of $225,000.00, together with interest thereon at the rate of .005% (as of June 30, 2016) (**to be filled in with the Federal Rate in effect on the Effective Date**) per annum from the date hereof.

This Note is subject to and governed by the following terms:

1.      Payment of Principal and Interest.

        1.1  Installments. Maker shall make quarterly payments on this Note of principal and interest on the following schedule:

| Date | Amount* |
|------|---------|
| 03/31/18 | $0.00 |
| 06/30/18 | $0.00 |
| 09/30/18 | $0.00 |
| 12/31/18 | $0.00 |
| 03/31/19 | $20,908.50 |
| 06/30/19 | $20,908.50 |
| 09/30/19 | $20,908.50 |
| 12/31/19 | $20,908.50 |
| 03/31/20 | $20,908.50 |
| 06/30/20 | $20,908.50 |
| 09/30/20 | $20,908.50 |
| 12/31/20 | $20,908.50 |

**\*(Amounts to be adjusted to reflect applicable Federal Rate on Effective Date.)**

**EXHIBIT B - Page 1 of 3**

1.2 <u>Method and Manner of Payment</u>. Payment will be made in lawful money of the United States; however, Maker may make payment by its check payable in such money. All payments may be mailed to Holder's registered address specified in this Note. Interest will be computed on the basis of a 360-day year of twelve 30-day months.

2. <u>Prepayment</u>. Maker may, at any time and from time to time, prepay this note, in whole or in part, without premium or penalty. Prepayments may, at the Maker's option, be applied against the next maturing installments, if any.

3. <u>Default</u>. If Maker shall fail to make any payment of principal or interest, or both, when due under this note and shall not have cured such default within a period of days after receipt of written notice of such default by Holder, then Holder may declare the entire unpaid balance of principal and interest of this Note immediately due and payable and may pursue such remedies as are granted by law.

4. <u>No Oral Modification</u>. This note may not be changed, modified or terminated orally.

5. <u>Notice</u>. Any notices required or permitted to be given under this Note shall be in writing and be delivered personally or by telex or other telegraphic means or mailed by regular or certified mail, return receipt requested, as follows:

Maker:          SeaPort Airlines, Inc.
                Attn:  Timothy Sieber
                816 SW First Avenue
                Portland, Oregon 97204

With copy to:   Robert J Vanden Bos
                VANDEN BOS &, Esq. CHAPMAN, LLP
                319 SW Washington, Ste 520
                Portland, Oregon  97204

Holder:         Kenneth S. Eiler,
                Collection and Disbursing Agent
                515 NW Saltzman Road
                PMB 810
                Portland, OR 97229

Notices shall be deemed given when so delivered, transmitted or mailed. Either party may change the address for receiving notices under this Note by sending written notice, pursuant to the provisions of this Section, to the person to be charged with knowledge of such change.

6. <u>Choice of Law</u>. This Note shall be governed by and construed and enforced in accordance with, the laws of the state of Oregon without regard to choice of

**EXHIBIT B - Page 2 of 3**

law rules unless Holder is the Internal Revenue Service in which case federal law shall be applicable.

7.    Litigation Expenses.  If any legal action or other proceeding is brought to construe, interpret or enforce this Note, the prevailing party shall be entitled to recover from the losing party such party's litigation costs and expenses, including but not limited to reasonable attorneys fees, at trial, on all levels of appellate review and in any bankruptcy proceedings, in addition to any other relief to which such party may be entitled.

SEAPORT AIRLINES, INC.


By:_____
    Timothy Sieber

Title: President_____

# DEBTOR'S
# PLAN
# OF REORGANIZATION

# EXHIBIT C

# Subscription for
# Purchase of Shares
# Of Reorganized Debtor

# SEAPORT AIRLINES, INC.,
## an Alaska corporation

## SHARE SUBSCRIPTION AGREEMENT

This Subscription Agreement ("Agreement"), is effective on the Effective Date as defined in Section ___ of the Plan of Reorganization filed by SeaPort Airlines, Inc. or any modifications or amendments thereto (the "Plan") and is between SEAPORT AIRLINES, INC., an Alaska corporation ("Company"), and _____ ("New Shareholder").

This Agreement is expressly conditioned upon confirmation of the Plan and will have no legal effect if the Plan is not confirmed or if the Effective Date does not occur.

Company and New Shareholder agree as follows:

1.   Prior to the Effective Date, New Shareholder may assign this Agreement to an Affiliated Entity controlled by New Shareholder provided Affiliated Entity is an accredited investor as provided in rule 501 and Affiliated Entity executes this same form of Agreement. An Affiliated Entity is any entity in which the New Shareholder has an interest, if the relationship of the New Shareholder and the entity would be as described in Section 267(b) or 707(b) of the Internal Revenue Code of 1986 as amended, except that 90% shall be substituted for 50% wherever 50% is used in those sections.

2.   On the Effective Date, Company will issue and New Shareholder will purchase _____ of the Company's Shares (the "Shares").

3.   New Shareholder represents and warrants to Company that it:

(a)   has the authority required to execute, deliver and perform this Agreement and to acquire the Shares.

(b)   is acquiring the Shares based on its own investigation.

(c)   has received all information about Company that New Shareholder considers appropriate to decide whether to purchase the Shares. New Shareholder has had an opportunity to ask questions and receive satisfactory answers from Company regarding the terms and conditions of the offering of the Shares and Company's business, properties, prospects and financial condition. New Shareholder has also had access to all other materials, books, records, documents and information relating to Company that New Shareholder desires, and has been able to verify the accuracy of the information contained in those materials. New Shareholder understands that the Company has been the subject of a Plan of Reorganization filed by the Company. New Shareholder has had the opportunity to review the Plan and has been informed that New Shareholder should have the same reviewed by counsel for the New Shareholder.

(d)    is acquiring the Shares for its own account for investment, and not with a view to sell or otherwise distribute any Shares in violation of applicable securities laws.

(e)    is experienced in evaluating and investing in private placement transactions of securities of companies in an stage of development such as Company. New Shareholder is able to bear the economic risk of a complete loss of the its investment in Company.  New Shareholder has the knowledge and experience in financial and business matters such that it is capable of evaluating the merits and risks of purchasing the Shares.

(f)    understands that: (i) there is no public market for the Shares and none is expected to develop; (ii) it may sell or otherwise transfer the Shares only in compliance with the terms of the current bylaws of the Company; and (iii) it may not sell or otherwise transfer the Share without registration under the Securities Act of 1933, as amended (the "Securities Act"), and all applicable state securities laws, or an exemption therefrom; and (iv) in the absence of an effective registration statement covering the Shares or an available exemption from registration under the Securities Act and applicable state securities laws, the Shares must be held indefinitely.

(g)    New Shareholder **(Please initial all that apply)**:

_____  is an "accredited investor" as defined in Rule 501 promulgated under the Securities Act of 1933, as amended, as noted below;

_____  is not an "accredited investor" as defined in Rule 501 promulgated under the Securities Act of 1933, as amended, as noted below;

_____  is an individual whose individual net worth, or joint net worth with that person's spouse, at the time of the purchase exceeds $1,000,000;

_____  is an individual who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and who reasonably expects to reach the same income level in the current year;

_____  is a corporation or partnership, not formed for the specific purpose of acquiring the Securities, with total assets in excess of $5 million; or

_____  is an entity in which all of the equity owners are accredited investors as set forth above.

As used in this Section 3(g), the term:

(i)    "net worth" means the excess of total assets over total liabilities.  For the purpose of determining a person's net worth, the principal residence owned by an

individual should be valued at fair market value, including the cost of improvements, net of current encumbrances.

(ii) "income" means actual economic income, which may differ from adjusted gross income for income tax purposes. Accordingly, New Shareholder should consider whether New Shareholder should add any or all of the following items to New Shareholder's adjusted gross income for income tax purposes in order to reflect more accurately New Shareholder's actual economic income: any amounts attributable to tax-exempt income received, losses claimed as a limited partner in any limited partnership, deductions claimed for depletion, contributions to an IRA or Keogh retirement plan, and alimony payments.

4. The Shares will not be certificated.

IN WITNESS WHEREOF, Company and New Shareholder have executed this Agreement as of the Effective Date.

SEAPORT AIRLINES, INC.


By: _____
Its _____


NEW SHAREHOLDER


By: _____
_____, New Shareholder

Date: _____

Time: _____

# DEBTOR'S PLAN
# OF REORGANIZATION

# EXHIBIT D

# Leases and Executory
# Contracts - Assumed

## SEAPORT AIRLINES, INC.
### PART I

## LEASES AND EXECUTORY CONTRACTS TO BE ASSUMED

| # | DESCRIPTION OF LEASES/EXECUTORY CONTRACTS TO BE ASSUMED | APPROX. DATE OF CONTRACT | ESTIMATED ARREARS | CURE SCHEDULE FOR ARREARS |
|---|---|---|---|---|
| 1 | **ADP Payroll Processing** - Contract for processing employee payroll. | 2/20/2014 | $0.00 | N/A |
| 2 | **Aircraft Lease Finance III, Inc.** - Aircraft Lessor See Plane Lease Continuation Statement. | 12/29/2014 932SP Admended 9/15/15 to added 958 & 957SP | $229,137.39 as of 6/23 | Payment Arrangements - 10 payments of $39,196.86 (8 made Pre-Confirmation) - See Part II |
| 3 | **Airlines Reporting Corporation** - GDS | 2/18/2009 | $0.00 | N/A |
| 4 | **Alaska Airlines** - Interline agreement. | ACH Agreem 4/30/10 | $0.00 | N/A |
| 5 | **Amadeus** - Reservation System. | 1/25/2010 | $0.00 | N/A |
| 6 | **Amadeus Revenue Accounting** - Revenue Accounting. | 1/1/2015 | $0.00 | N/A |
| 7 | **Amadeus Travel Intelligence** - Travel Intelligence module of Amadeus. | 1/25/2010 | $0.00 | N/A |
| 8 | **American Express** - Credit Card Merchant Agreement. | 10/24/2008 | $0.00 | N/A |
| 9 | **Arinc(Rockwell Collins)** - Communication. | 2/25/2009 | $3,394.71 | $282.89 x 12 months - See Part II |
| 10 | **ATPco** - Fare Filing Distribution. | Approx 9/2005 | $1,224.80 | $102.07 x 12 months - See Part II |
| 11 | **AvBase Solutions** - Maintenance Software. | 1/24/2008 | $1,850.74 | $154.23 x 12 months - See Part II |
| 12 | **Boone County Airport** - Airport - Counter and office space | 10/1/2009 | $4,808.48 | $400.71 x 12 months - See Part II |

**EXHIBIT D**

SEAPORT AIRLINES, INC.
PART I

LEASES AND EXECUTORY CONTRACTS
TO BE ASSUMED

| | | Month to Month | | |
|---|---|---|---|---|
| 13 | **City of El Dorado - Airport -** Counter/office space | | $0.00 | N/A |
| 14 | **City of Hot Springs -** Airport - Hot Springs Terminal Building - Ticket counter, office, holdroom | 10/1/2009 | $4,105.41 | $342.12 x 12 months - See Part II |
| 15 | **City of Houston - Airport -** Office/gate/counter space. | 9/14/2015 | $7,709.30 | $7,709.30 x 12 months - See Part II |
| 16 | **City of Pendleton -** Airport - Airport - Eastern Oregon Regional Airport - Ticket counter, office, holdroom | 1/1/2013 | $12,830.00 | $1,069.17 x 12 months - See Part II |
| 17 | **Eastern Oregon Regional Airport (City of Pendleton) -** Crew Apartment at 2600 Airport Rd, Pendleton OR 97801. | 12/1/2008 | $0.00 | SEE PRIOR |
| 18 | **Egencia, LLC (part of Expedia) -** GDS | Aug-08 | $0.00 | N/A |
| 19 | **Expedia -** GDS. | 2/8/2010 | $0.00 | N/A |
| 20 | **Gravitate -** Website development, design and digital mareкting services. | 4/20/2015 | $22,500.00 | Payment Arrangements - Made payments of $7,500 (pays off Pre-Confirmation) |
| 21 | **Gravitate -** Website hosting. | 1/1/2016 | $675.00 | $112.50 x 6 months |
| 22 | **Gravity Payments -** Credit Card Merchant Agreement. | approx 9/2008 | $0.00 | N/A |
| 23 | **Hawaiian Airlines -** Interline agreement. | ACH Agreem 4/30/10 | $0.00 | N/A |
| 24 | **IATA - SIS Partiticipation -** Integrated billing and settlement solution. | 8/22/2012 | $0.00 | N/A |
| 25 | **Memphis International Airport -** See Signature Flight Support Corp. | 6/1/1998 | $2,900.08 | $483.35 x 6 months  - See Part II |

# SEAPORT AIRLINES, INC.
## PART I

### LEASES AND EXECUTORY CONTRACTS TO BE ASSUMED

7/1/2016
4:02 PM

| # | Description | Date | Amount | Notes |
|---|---|---|---|---|
| 26 | **MyIDtravel** - Travel software as employee benefit. | 9/1/2014 | $0.00 | N/A |
| 27 | **National Retirement Services, Inc. (First Mercantile Trust)** - 401K program. | Approx 10/2005 | $0.00 | N/A |
| 28 | **Orbitz (Part of Expedia)** - GDS. | 3/1/2011 | $0.00 | N/A |
| 29 | **Pitney Bowes** - postage machine lease. | 10/15/2015 | $378.80 | $63.13 x 6 months - See Part II |
| 30 | **Port of Portland** - Airport - Portland International Airport - Ticket counter, office, shared use holdroom. | 7/1/2015 | $6,504.29 | $2,762.02 x 12 months - See Part II |
| 31 | **R2Tech** - Credit Card Processing. | 4/1/2014 | $16,000.00 | $1,333.33 x 12 months - See Part II |
| 32 | **Regence** - employee health insurance. | 9/1/2014 | $0.00 | N/A |
| 33 | **Sabre Goup, Inc** - Travel Agent. | 7/23/2008 | $63,796.13 | $5,316.34 x 12 months - See Part II |
| 34 | **Signature Flight Support - Memphis International Airport** - Hangar 1A -includes lobby/counter, hangar/mx office space/office and training area upstairs. | 9/1/2009 | $1,157.72 | $192.95 x 6 months - See Part II |
| 35 | **Travelport** - GDS. | Approx 10/2005 | $35,055.66 | $2,921.31 x 12 months - See Part II |
| 36 | **VIWO** - Monthly company email and docs maintenance. | 12/4/2014 | $0.00 | N/A |
| 37 | **Willis** - Insurance Broker. | Approx 9/2013 | $0.00 | N/A |
| 38 | **WSI Fusion** - Weather Advisory. | 9/1/2012 | $1,057.20 | $176.20 x 6 months - See Part II |
| 39 | **X5 Solutions** - 800 number. | 2/17/2009 | $0.00 | N/A |
| | | | | |
| | | | | |

**EXHIBIT D**

Page 3 of 4

| Lease Creditor | Nov-16 | Dec-16 | Jan-17 | Feb-17 | Mar-17 | Apr-17 | May-17 | Jun-17 | Jul-17 | Aug-17 | Sep-17 | Oct-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Aircraft Lease Finance III, Inc. - Aircraft Lessor. See Plane Lease Continuation Statement. | $ 39,196.86 | $ 39,196.86 | | | | | | | | | | |
| Arinc(Rockwell Collins) - Communication. | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 | $ 282.89 |
| ATPco - Fare Filing Distribution. | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 | $ 102.07 |
| AvBase Solutions - Maintenance Software. | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 | $ 154.23 |
| Boone County Airport - Airport - Counter and office space. | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 | $ 400.71 |
| City of Hot Springs - Airport - Hot Springs Terminal Building - Ticket counter, office, holdroom | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 | $ 342.12 |
| City of Houston - Airport - Office/gate/counter space. | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 | $ 642.44 |
| City of Pendleton - Airport - Airport - Eastern Oregon Regional Airport - Ticket counter, office, holdroom | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 | $ 1,069.17 |
| Gravitate - Website hosting. | $ 112.50 | $ 112.50 | $ 112.50 | $ 112.50 | $ 112.50 | $ 112.50 | | | | | | |
| Memphis International Airport - See Signature Flight Support Corp. | $ 483.35 | $ 483.35 | $ 483.35 | $ 483.35 | $ 483.35 | $ 483.35 | | | | | | |
| Pitney Bowes - postage machine lease. | $ 63.13 | $ 63.13 | $ 63.13 | $ 63.13 | $ 63.13 | $ 63.13 | | | | | | |
| Port of Portland - Airport - Portland International Airport - Ticket counter, office, shared use holdroom. | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 | $ 2,762.02 |
| R2Tech - Credit Card Processing. | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 | $ 1,333.33 |
| Sabre Goup, Inc - Travel Agent. | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 | $ 5,316.34 |
| Signature Flight Support - Memphis International Airport - Hangar 1A - includes lobby/counter, hangar/mx office space/office and training area upstairs. | $ 192.95 | $ 192.95 | $ 192.95 | $ 192.95 | $ 192.95 | $ 192.95 | | | | | | |
| Travelport - GDS. | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 | $ 2,921.31 |
| WSI Fusion - Weather Advisory. | $ 176.20 | $ 176.20 | $ 176.20 | $ 176.20 | $ 176.20 | $ 176.20 | | | | | | |
| **Monthly Total:** | $ 55,551.62 | $ 55,551.62 | $ 16,354.76 | $ 16,354.76 | $ 16,354.76 | $ 16,354.76 | $ 15,326.63 | $ 15,326.63 | $ 15,326.63 | $ 15,326.63 | $ 15,326.63 | $ 15,326.63 |

EXHIBIT D

Page 4 of 4

# DEBTOR'S PLAN OF REORGANIZATION

# EXHIBIT E

# Leases and Executory Contracts - Rejected

**SEAPORT AIRLINES, INC.**

**LEASES AND EXECUTORY
CONTRACTS - REJECTED**

| No. | DESCRIPTION OF LEASES/EXECUTORY CONTRACTS TO BE REJECTED |
|---|---|
| 1 | **24x7** - IT Contract |
| 2 | **Aaron L. Joy - Tenant Lease** - Rental property on Gordon Creek Rd, Corbett, OR; Paments $1,150 per month; rent to increase annually beginning 8/1/16 at rate of inflation based on US Consumer Price Index; ongoing Option to Purchase. |
| 3 | **AMS** - Maintenance Audit contract. |
| 4 | **Atlantic Aviation -Portland** - HQ rent |
| 5 | **Avion Capital Corporation** - Aircraft Lessor  See Plane Lease Continuation Statement. |
| 6 | **Axis Capital** - Redbird simulator financing. |
| 7 | **Big River Broadcasting** - Advertising. |
| 8 | **Burbank Airport Authority** - Lease cancelled & abandoned prepetition; Hangar A - Bob Hope Airport - Non-exclusive right to parking |
| 9 | **Burbank Airport Authority** - Leased space at airport  Lease cancelled & abandoned prepetition; See Airport Lease Continuation Statement |
| 10 | **Caravan Air, LLC** - Aircraft Lessor  Aircraft surrendered prepetition; See Plane Lease Continuation Statement |
| 11 | **Cintas** - Shop delivery |
| 12 | **City & Borough of Juneau** - Ground lease re: Juneau Hangar; Assigned by Alaska Juneau Aeronautics, Inc dba Wings of Alaska on 3/15/03; annual rent of $22,800 plus sales tax |
| 13 | **City & Borough of Juneau -** Leased space at airport  - counter/office space |
| 14 | **City of Dallas** - Leased space at airport  - counter/office space |
| 15 | **City of Great Bend** - Leased space at airport  Lease cancelled & abandoned prepetition; Great Bend Municipal Airport - Ticket counter, office, holdroom |
| 16 | **City of Visalia** - Leased space at airport + fuel supplier counter/office space; Lease cancelled & abandoned prepetition |
| 17 | **Coco Palms Apartments** -  Crew Apartment |
| 18 | **Coos County Airport** - Leased space at airport -  counter/office space |
| 19 | **EAP / Magellan** - employee assistance program |
| 20 | **Executive Beechcraft** - MCI/Kansas City -  Leased space at airport  Lease cancelled & abandoned prepetition; Signature Flight Support Terminal - 1800 Mexico City Avenue - Ticket counter, office, lounge. |
| 21 | **Fluid Review / Survey Monkey** -  used for online application system. |
| 22 | **Gateway** - Credit Card Machine. |
| 23 | **Hill Fuel** - Fuel Vendor. |
| 24 | **Imperial County -** Airport Office - Leased space at airport  Lease cancelled & abandoned prepetition; Imperial airport counter and office space. Passenger check point and secured waiting area. |
| 25 | **J and V Janitorial Service** - HQ Cleaning service. |
| 26 | **J.A. Aero, Inc.** - Aircraft Lessor  Planes were returned 2/4/16 (prepetition); See Plane Lease Continuation Statement. |
| 27 | **J.A. Flight Services, Inc.** - Aircraft Lessor Planes were returned prepetition; See Plane Lease Continuation Statement. |
| 28 | **Merchant Hotel Accounting Office** -  Finance Office Rent. |
| 29 | **Metro Ford Automobile Sale** - Lease for Station Vehicle. |
| 30 | **Metro Nashville Airport Authority** -  Leased space at airport  Lease cancelled & abandoned prepetition;  - Ticket counter, office, holdroom. |
| 31 | **Mill Creek Management** -  Crew Apartment. |
| 32 | **Mutual of Omaha** - employee AD& D insurance. |

**SEAPORT AIRLINES, INC.**

**LEASES AND EXECUTORY
CONTRACTS - REJECTED**

| No. | DESCRIPTION OF LEASES/EXECUTORY CONTRACTS TO BE REJECTED |
|---|---|
| 33 | **Nashville International Airport** - Leased space at airport  Lease cancelled & abandoned prepetition; See Airport Lease Continuation Statement. |
| 34 | NRL = Non-Residential Lease |
| 35 | PL = Airplane Lease |
| 36 | RL = Residential Lease |
| 37 | **Sacramento County Airport System** - Leased space at airport  Lease cancelled & abandoned prepetition; SMF counter/CUSE Gate/baggage. |
| 38 | **Salina Airport Authority** - Leased space at airport  Lease cancelled & abandoned prepetition; Counter and office space. |
| 39 | **San Diego County Regional Airport Auth** - Leased space at airport  Lease cancelled & abandoned prepetition; office space/counter/gate boarding. |
| 40 | **Southern Airways Express** - outsourcing EAS flights. |
| 41 | **T & S Welding** - 8 cylinders lease. |
| 42 | **UTRS** -  safety data system from the FAA. |
| 43 | **Wings Airline Services, Inc.** - Assignor of Juneau Hangar Lease. |
| 44 | **Wings Airways, Inc.** - Juneau Hangar Tenant. |
| 45 | **Wings on the Ground, LLC** - Juneau Hangar Tenant. RICHARD COLE |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |