Below is an Order of the Court.

*Trish M. Brown*
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No._____ |
| | ) |
| | ) ORDER, DRAFTED ON:_____, |
| | ) RE: RELIEF FROM (Check ALL that apply): |
| | )    DEBTOR STAY    CODEBTOR STAY |
| | ) CREDITOR:_____ |
| Debtor(s) | ) CODEBTOR:_____ |

The undersigned, _____, whose address is _____
_____, Email address is _____,
Phone No. is _____, and any OSB # is _____, presents this Order based upon:

The completed Stipulation of the parties located at the end of this document.

The oral stipulation of the parties at the hearing held on _____.

The ruling of the court at the hearing held on _____.

Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

**IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

Personal property described as (e.g., 2001 Ford Taurus):




Real property located at (i.e., street address):



[Optional UNLESS In Rem Relief Granted]  Exhibit A attached hereto is the legal description of the property.

720.90 (12/1/10)    **Page 1 of 3**

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

1. **Regular Payment Requirements**.

   a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

   b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control. Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

   c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

2. **Cure Payment Requirements**. Debtor(s) shall cure the post-petition default of $_____ consisting of

   (e.g., $_____ in payments and $_____ in late charges for April - June, 2002), as follows:

   a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

   b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

   c. Other (describe):

3. **Insurance Requirement(s)**. Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

   On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

   a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

   b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

   c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

   d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

   e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   f. Creditor is granted relief from stay to _____
   _____.

   g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☐ Debtor(s) and ☐ Attorney for Debtor(s) that gives Debtor(s) ____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

   b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.

   c. Only ____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

7. **Miscellaneous Provisions**.

   a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

   b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

9. Other:

**PRESENTED, AND CERTIFIED, BY:**   ###

_____

IT IS SO STIPULATED:

Creditor's Attorney:                                              Debtor(s)'s Attorney:

_____     _____
Name: _____     Name: _____
OSB#: _____     OSB#: _____

NO OBJECTION TO ORDER BY CASE TRUSTEE:           Codebtor's Attorney:

By:_____     _____
                                              Name: _____
                                              OSB#: _____

720.90 (12/1/10)     **Page 3 of 3**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

In re: )
)
SEAPORT AIRLINES, INC. )
)
) Case No.: 16-30406-TMB7
Debtor. )
)

STIPULATION AND ORDER BETWEEN CHAPTER 7 TRUSTEE AND THE UNITED
STATES PROVIDING RELIEF FROM THE AUTOMATIC STAY

Stephen P. Arnot, the duly appointed chapter 7 trustee ("Trustee") for the estate of SeaPort Airlines, Inc. ("Debtor") and the United States of America ("United States" or "Government") hereby agree and stipulate ("Stipulation") that the automatic stay shall be lifted to permit the United States to offset pre-petition and post-petition amounts owed to the United States against post-petition amounts owed to the Debtor on the terms and conditions set forth below:

Recitals

A. On February 5, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Oregon (the "Bankruptcy Court"). At the time of the petition date, the Department of Transportation ("DOT") owed the Debtor approximately $792,348.00 under the Essential Air Service Program.

B. On April 6, 2016, the Court entered the Final Order Authorizing Use of Cash Collateral ("Final Cash Collateral Order") [Docket No. 210], which was made binding on any trustee in the chapter 11 case or in any case converted to chapter 7. Pursuant to the Final Cash

Collateral Order, the United States released $321,468.88 of the $792,348 owed to the Debtor and applied the balance, $470,879.12 to some of the pre-petition claims owed by the Debtor to various Government agencies.

C. Under the Final Cash Collateral Order, as adequate protection for releasing amounts to the Debtor that otherwise could have been applied against pre-petition amounts owed to the Government, the United States was granted replacement liens (in the nature of setoff rights) upon all post-petition assets of the Debtor which were of the identical description to its pre-petition collateral, including the right to offset post-petition amounts owed to the Debtor against pre-petition claims of the United States. As additional adequate protection under the Final Cash Collateral Order, the United States was provided an allowed administrative claim in the amount of $321,468.88.

D. The DOT filed claim numbers 89 and 133 for a civil penalty in the amount of $100,000 (the "DOT Claim").

E. The Federal Aviation Administration ("FAA") filed proof of claim number 88 for a civil penalty in the amount of $500,000 and administrative claim expense number 125 in the amount of $321,468.88 for the same civil penalty asserted in proof of claim number 88 (FAA proof of claim number 88 and administrative expense claim number 125 are hereinafter referenced as the "FAA Claim").

F. The Internal Revenue Service ("IRS") filed an amended administrative expense claim number 95 in the amount of $2,217.04 ("IRS Administrative Claim").

G. On September 20, 2016, the Court entered an order converting the chapter 11 case to a chapter 7 case. On September 21, 2016, the Trustee was appointed as the chapter 7 trustee.

H. DOT owes the Debtor approximately $403,894.00 for post-petition services provided under the Essential Air Service program ("EAS Payable").

I. On November 21, 2017, the Trustee filed a motion to settle and compromise the DOT Claim ("DOT Settlement Motion") [Docket No. 564]. As referenced in the DOT Settlement Motion, the DOT Claim shall be allowed in the amount of $40,000.

J. On November 21, 2017, the Trustee filed a motion to settle and compromise the FAA Claim ("FAA Settlement Motion") [Docket No. 565]. As referenced in the FAA Settlement Motion, the FAA Claim shall be allowed in the amount of $100,000.

NOW THEREFORE, the Trustee and the United States hereby stipulate and agree as follows:

1. Upon entry of final and non-appealable orders by the Bankruptcy Court approving this Stipulation and the DOT Settlement Motion, and the execution of the settlement documents by the Trustee and DOT referenced in the DOT Settlement Motion, the automatic stay shall automatically be lifted to allow the United States to offset the $40,000 DOT Claim against the EAS Payable.

2. Upon entry of final and non-appealable orders by the Bankruptcy Court approving this Stipulation and the FAA Settlement Motion, and the execution of the settlement documents by the Trustee and FAA referenced in the FAA Settlement Motion, the automatic stay shall automatically be lifted to allow the United States to offset the $100,000 FAA Claim against the EAS Payable.

3. Upon entry of a final and non-appealable order by the Bankruptcy Court approving this Stipulation, the IRS shall offset the $2,217.04 IRS administrative claim against the EAS Payable.

4. Upon entry of final and non-appealable orders by the Bankruptcy Court approving this Stipulation, the DOT Settlement Motion, and the FAA Settlement Motion, and the execution of the settlement documents by and between the Trustee and the FAA and the DOT, undersigned counsel for the United States shall promptly direct the DOT to release the balance of the EAS Payable to the Trustee in the amount of $261,676.96.

5. This Stipulation is a compromise of disputed claims and does not constitute, and shall not be construed as, an admission of liability by either party with respect to any of the issues resolved hereby.

6. This Stipulation does not release, relate to or concern income taxes for which the Debtor and the Trustee may be liable or for which they may in the future be liable as a result of the $261,676.96 payment to be made to the Trustee under this Stipulation.

7. Except for the United States' obligations under this Stipulation, the Trustee does hereby release the United States from any and all claims, demands, and causes of action arising out of or related to the EAS Payable, including without limitation, any and all claims for interest, costs, expenses, and attorneys' fees.

8. Except for the Trustee's obligations under this Stipulation, the United States does hereby release the Trustee from any and all claims, demands, and causes of action arising out of or related to the EAS Payable, including without limitation, any and all claims for interest, costs, expenses, and attorneys' fees.

9. The person who executes this Stipulation on behalf of each respective party represents and warrants that he or she is authorized to execute and deliver this Stipulation on behalf of such party.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and such counterparts shall together constitute a single Agreement. Any signature transmitted by facsimile and/or PDF shall be deemed an original signature to the Stipulation.

11. This Stipulation has been jointly drafted by the parties at arm's length and no provision or ambiguity in the Stipulation shall be resolved against any party solely by virtue of its participation in the drafting of this Stipulation.

12. This Stipulation shall be construed and enforced in accordance with the provisions of applicable federal law.

13. This Stipulation shall become effective upon execution hereof by all of the undersigned parties and upon entry of a final and non-appealable order by the Bankruptcy Court approving this Stipulation and shall be valid and binding on the parties and their respective successors and assigns.

STIPULATED AND AGREED this 7th day of December, 2017:

| | |
|---|---|
| CHAD A. READER<br>Principal Deputy Assistant Attorney General | WILLIAMS KASTNER, GREENE AND MARKLEY |
| */s/ Andrea Handel*<br>RUTH A. HARVEY<br>MARGARET M. NEWELL<br>ANDREA HOROWITZ HANDEL<br>Attorneys, Civil Division<br>P.O. Office Box 875 Ben Franklin Station<br>Washington, DC 20044<br>Tel: 202-307-0358<br>Fax: 202-514-9163<br>*andrea.handel@usdoj.gov*<br>*Attorneys for the United States* | */s/Stephen P. Arnot*<br>STEPHEN P. ARNOT<br>515 SW Fifth Avenue, Suite 600<br>Portland, Oregon 97201<br>Tel: 503-295-2668<br>Email: sarnot@williamskastner.com<br>*Counsel to the Chapter 7 Trustee* |